CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
TERI M. STEIN (CA SBN 234648)
TStein@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California  90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff
HERBALIFE INTERNATIONAL OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Herbalife International of America, Inc., a Nevada Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher,<br><br>　　　　　　Defendants. | Case No. CV 07 2529 GAF (FMOx)<br><br>**DECLARATION OF NANCY R. THOMAS IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFF HERBALIFE INTERNATIONAL OF AMERICA, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**<br><br>Date:  Mar. 11, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom F, 9th Floor - Spring Street<br><br>Complaint Filed: Apr. 16, 2007<br>Discovery Cut-Off:  Mar. 13, 2009<br>Pretrial Conf.:  Apr. 27, 2009<br>Trial Date:  May 26, 2009<br><br>Hon. Gary A. Feess<br>　[Referred to Magistrate Judge Fernando M. Olguin] |

la-1015582

I, Nancy R. Thomas, declare as follows:

1. I am an attorney licensed to practice in California and am a partner in the law firm of Morrison & Foerster LLP, counsel of record for Plaintiff Herbalife International of America, Inc. ("Herbalife") in this matter. I am familiar with the facts set forth herein, and if sworn as a witness, I could and would testify competently thereto.

2. On October 16, 2007, Herbalife served its First Set of Special Interrogatories to Defendants. Attached hereto as Exhibit A are true and correct copies of the Interrogatories.

3. On December 10, 2007, Defendants served their responses to Herbalife's First Set of Special Interrogatories. Attached hereto as Exhibit B are true and correct copies of Defendants' responses.

4. On December 14, 2007, Herbalife served subpoenas *duces tecum* on AT&T Midwest, AT&T Southeast, Sprint and Verizon, seeking documents identifying calls made to or from telephone numbers Herbalife distributors who complained about Defendants' activities reported to Herbalife as phone numbers used by Defendants. Attached hereto as Exhibit C are true and correct copies of the subpoenas.

5. On December 20, 2007, I sent an e-mail to Defendants' counsel offering to segregate documents Herbalife received in response to the subpoenas and agreeing not to review them pending resolution of any motion to quash filed by Defendants. Attached hereto as Exhibit D is a true and correct copy of that e-mail.

6. On December 26, 2007, I sent Defendants' counsel a letter offering a compromise to address Defendants' asserted privacy concerns. Attached hereto as Exhibit E is a true and correct copy of that letter.

7. On December 28, 2007, Defendants' counsel sent me a letter discussing Defendants' objections to Herbalife's requests for telephone records. Attached hereto as Exhibit F is a true and correct copy of that letter.

8. On January 28, 2008, I sent Defendants' counsel a letter agreeing to postpone any motion to compel a response to the interrogatories seeking the phone numbers Defendants used in their Melaleuca businesses until the parties determined whether they could reach agreement on use of the information received in response to the phone company subpoenas. Attached hereto as Exhibit G is a true and correct copy of that letter.

9. In January and February 2008, I met and conferred telephonically with counsel for Defendants to try to work out an arrangement by which Defendants' phone records and either Herbalife's distributor information or information about Defendant's Melaleuca organizations subpoena'd from Melaleuca would be compared by a third-party vendor, who would report back to Herbalife only the matching phone numbers, meaning the phone numbers of the Herbalife distributors whom Defendants had contacted. Our negotiations are reflected in a February 1, 2008 email exchange between me and Todd Friedland, a true and correct copy of which is attached hereto as Exhibit H.

10. In late February, Defendants filed a motion to stay this action pending resolution of their appeal of the preliminary injunction entered by the Court. The Court granted their motion, and the case was stayed from mid-March 2008 until mid-October 2008. Copies of the initial and current Scheduling Orders filed January 7, 2008 and October 20, 2008 are attached hereto as Exhibit I.

11. On December 10, 2008, my colleague Teri Stein sent letters to counsel for Defendants seeking to pick up our meet and confer efforts concerning the phone subpoenas. A true and correct copy of these letters is attached hereto as Exhibit J.

12. On December 17, 2008, Mr. Stephens sent me an email seeking additional details concerning these matters, which I provided in my January 26, 2009 letter to Defendants' counsel. Attached hereto as Exhibits K and L are a true and correct copy of the e-mail (without attachments) and my letter, respectively.

1  13. On January 29, 2009, I met and conferred telephonically with counsel for Defendants concerning Herbalife's request that Defendants respond to the interrogatories seeking identification of all phone numbers they used for their Melaleuca businesses and that Defendants provide written consent to their phone providers to release their phone records to Herbalife's counsel. We were unable to reach agreement on any issues, requiring the filing of this Motion to Compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 11, 2009, at Los Angeles, California.

      /s/ Nancy R. Thomas

3

la-1015582