STEPHENS FRIEDLAND LLP
John B. Stephens, Bar No. 142718
4695 MacArthur Court, Suite 310
Newport Beach, CA 92660
Telephone: (949) 468-3200 / Facsimile (949) 468-3201
Email: john@sf-lawyers.com

Attorney for Defendants and Counterclaimants
ROBERT E. FORD, JULIA A. FORD,
BRUCE H. ROTH, NANCY A. ROTH,
DIANNA N. THOMPSON and JASON FISHER

MIXON JOLLY LLP
Cameron M. Jolly, Bar No. 132541
575 Anton Boulevard, Suite 670
Costa Mesa, CA 92626
Telephone: (714) 885-7000 / Facsimile (714) 885-7001
Email: CJolly@mixonjollylaw.com

Attorney for Defendants and Counterclaimants
JEFF ORR and KATHY ORR

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT E. FORD and JULIA A. FORD, husband and wife; BRUCE H. ROTH and NANCY A. ROTH, husband and wife; JEFF ORR and KATHY ORR, husband and wife; DIANNA N. THOMPSON; and JASON FISHER,<br><br>Defendants. | Case No.: CV 07 2529 GAF (FMOx)<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' NOTICE OF MOTION AND MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON HERBALIFE'S COMPLAINT AND FOR PARTIAL SUMMARY JUDGMENT ON THE DEFENDANTS' COUNTERCLAIMS**<br><br>[Fed. R. Civ. Proc. 56]<br><br>[Memorandum of Points and Authorities; Statement of Uncontroverted Facts and Conclusions of Law; and Declarations in Support Thereof filed herewith]<br><br>Hearing Date:  March 23, 2009<br>Time:           9:30 a.m.<br>Courtroom:     740 – Roybal Crthse |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 23, 2009, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom F, 9th Fl. – Spring St., Defendants and Counterclaimants, Robert and Julia Ford, Bruce and Nancy Roth, Jeff and Kathy Orr, Dianna Thompson, and Jason Fisher ("Defendants" or "Counterclaimants") will and hereby do move the Court for partial summary judgment on the Verified Complaint ("Complaint") of HERBALIFE INTERNATIONAL OF AMERICA, INC. ("Herbalife") and for partial summary judgment on the Defendants' Counterclaims.

These motions are made pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law on each of the following motions:

## MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON HERBALIFE'S COMPLAINT

### Motion for Partial Summary Judgment on Count 1 of the Complaint for Breach of Contract

In Count 1 of the Complaint, Herbalife alleges a claim for breach of contract against all Defendants. (Complaint at ¶¶ 75-81.) Defendants and Counterclaimants move for summary judgment on the ground that there is no genuine issue of material fact as to Herbalife's breach of contract claim for the following reasons:

1. Herbalife contends that Defendants and Counterclaimants violated a provision in their distributorship agreements prohibiting the use of certain trade secret information (Complaint at ¶ 77), but Herbalife has not produced the documents it contends are trade secrets in the course of discovery. Partial summary judgment on this portion of Herbalife's first count is therefore proper.

2.      Herbalife contends that Defendants and Counterclaimants violated a rule known as Rule 8-A (Complaint at ¶¶ 19(a), 78.), but Rule 8-A is an unlawful restraint of trade under Cal. Bus. & Prof. Code section 16600 and therefore is unenforceable. Partial summary judgment on this portion of Herbalife's first count is therefore proper.

3.      Herbalife contends that Defendants and Counterclaimants violated a rule known as Rule 8-A (Complaint at ¶¶ 19(a), 78), but Rule 8-A was not in effect until September 1, 2006, by which time three of the Defendants and Counterclaimants—Jason Fisher, Robert Ford and Julia Ford—had already resigned from Herbalife.

4.      Herbalife contends that Defendants and Counterclaimants violated other rules known as Rules 8-B, 8-D, 8-G, and 8-H (Complaint at ¶¶ 19, 78), but Herbalife has produced no evidence to support any violation of these rules.

5.      Herbalife contends that Defendants and Counterclaimants breached Herbalife's Confidentiality and Non-Disclosure Agreement (Complaint at ¶ 22), but Herbalife has produced no admissible evidence that any of the Defendants and Counterclaimants assented to its terms. There is no record of Counterclaimant executing or "clicking through" such an agreement.

**Motion for Partial Summary Judgment on Count 2 of the Complaint for Misappropriation of Trade Secrets**

In Count 2 of the Complaint, Herbalife alleges that all the Defendants misappropriated Herbalife's trade secrets. (Complaint at ¶¶ 82-90.) Defendants and Counterclaimants move for partial summary judgment on Herbalife's Count 2 for Misappropriation of Trade Secrets on the grounds that Herbalife has failed and refused to produce its trade secrets during discovery.

**Motion for Partial Summary Judgment on Count 3 of the Complaint for Intentional Interference with Prospective Economic Advantage**

In Count 3 of the Complaint, Herbalife alleges a claim for intentional interference with prospective economic advantage ("IIPEA") against all Defendants. (Complaint at ¶¶ 91-107.) Defendants and Counterclaimants move for partial summary judgment on Herbalife's Count 3 for IIPEA on the following grounds:

1. Herbalife's contention that a violation of Rule 8-A constitutes IIPEA lacks merit as a matter of law because Rule 8-A violates Cal. Bus & Prof. Code section 16600.

2. Herbalife's contention that Defendants and Counterclaimants are liable for IIPEA based upon the alleged misappropriation of trade secrets lacks merit because Herbalife has not produced any trade secrets in the course of discovery.

3. Herbalife's contention that Melaleuca's products are unsafe or toxic (Complaint at ¶¶ 100-01) lacks merit because Herbalife has produced no evidence in support of such claims.

**Motion for Partial Summary Judgment on Count 4 of the Complaint for Intentional Interference With Contract**

In Count 4 of the Complaint, Herbalife alleges a claim for intentional interference with contract against all Defendants. (Complaint at ¶¶ 108-15.) Defendants and Counterclaimants move for partial summary judgment on Herbalife's Count 4 for Intentional Interference with Contract because it is based upon Rule 8-A (Complaint at ¶¶ 111-12), which violates Cal. Bus. & Prof. Code section 16600 and is therefore unenforceable.

**Motion for Partial Summary Judgment on Count 5 of the Complaint for Unfair Competition, Cal. Bus. & Prof Code § 17200**

In Count 5 of the Complaint, Herbalife alleges unfair competition under Cal. Bus. & Prof. Code section 17200 against all Defendants. (Complaint at ¶¶ 116-19.) Defendants and Counterclaimants move for partial summary judgment on Herbalife's Count 5 for Unfair Competition on the following grounds:

1. To the extent Herbalife's unfair competition claim is based upon Defendant and Counterclaimants' misappropriation of trade secrets, partial summary judgment is proper because Herbalife has failed to produce its trade secrets in the course of discovery.

2. To the extent that Herbalife's unfair competition claim is based upon Defendant and Counterclaimants' solicitations in violation of its Rule 8-A, partial summary judgment is proper because Rule 8-A violates Cal. Bus. & Prof. Code section 16600 and therefore is unenforceable.

**Motion for Partial Summary Judgment on Count 7 of the Complaint for Fraud**

In Count 7 of the Complaint, Herbalife alleges claim for fraud. (Complaint at ¶¶ 124-30.) Nancy Roth (the only Defendant/Counterclaimant against which Herbalife has a fraud claim) moves for partial summary judgment of the fraud claim against her on the ground that Herbalife cannot establish the essential element of "reliance."

///
///
///
///
///

# MOTIONS FOR PARTIAL SUMMARY JUDGMENT
# ON THE AMENDED COUNTERCLAIM

## Motion for Partial Summary Judgment on Counterclaimants' Third Claim for Relief for Unlawful, Unfair and Deceptive Business Practices in Violation of Cal. Bus. & Prof. Code Section 17200

In their third claim for relief in the Amended Counterclaim ("Counterclaim"), Counterclaimants allege that Herbalife has engaged in unfair competition in violation of Cal. Bus. & Prof. Code section 17200. (Counterclaim at ¶¶ 46-50.) Counterclaimants move for partial summary judgment on their counterclaim for unfair competition on the following grounds:

1. Herbalife's Rule 8-A violates Cal. Bus. & Prof. Code section 16600;

2. Herbalife's three-year covenant not to compete in its distributorship agreement violates Cal. Bus. & Prof. Code section 16600;

3. Herbalife's restraint in its distributorship agreement that prohibits a distributor's use of its own business information violates Cal. Bus. & Prof. Code Section 16600; and

4. Herbalife is an illegal Endless Chain (Pyramid) Scheme in violation of Cal. Penal Code section 327 and *Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776 (9th Cir. 1996).

## Motion for Partial Summary Judgment on Counterclaimants' Fourth Claim for Relief for Endless Chain Scheme in Violation of Cal. Penal Code Section 327

In their fourth claim for relief in the Counterclaim, Counterclaimants allege that Herbalife is operating an endless chain (pyramid) scheme in violation of Cal. Penal Code section 327. (Counterclaim at ¶¶ 51-54.) Counterclaimants move for partial summary judgment on their fourth claim for

- 5 -

relief on the ground that Herbalife is an illegal, endless chain (pyramid) scheme under Cal. Penal Code section 327 and *Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776 (9th Cir. 1996) because Herbalife focuses primarily on promoting its program (the "business opportunity") as opposed to selling products to retail customers who are not Herbalife distributors.

**Motion for Partial Summary Judgment on Counterclaimants' Fifth Claim for Relief for False Advertising in Violation of Cal. Bus. & Prof. Code section 17500**

In their fifth claim for relief in the Counterclaim, Counterclaimants allege that Herbalife has committed false advertising in violation of Cal. Bus. & Prof. Code section 17500. (Counterclaim at ¶¶ 55-58.) Counterclaimants move for partial summary judgment on their fifth claim for relief on the grounds that Herbalife has issued the following false advertisements:

1. Herbalife falsely advertised that in 2006 it had over $3 billion in retail sales;

2. Herbalife falsely advertised that in 2006 Herbalife Supervisors were paid $2.2 billion in commissions, royalties and bonuses;

3. Herbalife falsely advertises that its business opportunity is recession proof; and

4. Herbalife is operating an endless chain (pyramid) scheme in violation of *Omnitrition* and Cal. Penal Code section 327. An endless chain scheme is inherently false and misleading.

These motions are based upon this Notice, the accompanying Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law; the declarations of Nancy A. Roth and J. Gregory Dyer and the Exhibits attached thereto, all of which are filed herewith, the pleadings and records on file in this action, any matters of which this Court may

take judicial notice, and upon such additional evidence and argument as may be presented at or before the time of the hearing on the Motion.

Dated: March 2, 2009

| STEPHENS FRIEDLAND LLP | MIXON JOLLY LLP |
|---|---|
| By: /s/John B. Stephens<br>　　Todd G. Friedland<br>　　J. Gregory Dyer<br>　　Attorney for Defendants and<br>　　Counterclaimants Robert E. Ford,<br>　　Julia A. Ford, Bruce H. Roth,<br>　　Nancy A. Roth, Dianna N.<br>　　Thompson and Jason Fisher | By: /s/Cameron M. Jolly<br>　　Cameron M. Jolly<br>　　Attorney for Defendants and<br>　　Counterclaimants Jeff Orr and<br>　　Nancy Orr |