1  CHARLES E. PATTERSON (CA SBN 120081)
   CPatterson@mofo.com
2  NANCY R. THOMAS (CA SBN 236185)
   NThomas@mofo.com
3  SEAN P. GATES (CA SBN 186247)
   SGates@mofo.com
4  MORRISON & FOERSTER LLP
   555 West Fifth Street
5  Los Angeles, California  90013-1024
   Telephone:  213.892.5200
6  Facsimile:   213.892.5454

7  Attorneys for Plaintiff and Counterclaim Defendant
   Herbalife International of America, Inc.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12

| | |
|---|---|
| Herbalife International of America, Inc., a Nevada Corporation, | Case No. CV 07 2529 GAF (FMOx) |
| Plaintiff, | Hon. Gary A. Feess |
| v. | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION BY HERBALIFE INTER-NATIONAL OF AMERICA, INC. FOR PARTIAL SUMMARY JUDGMENT** |
| Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher, | |
| Defendants. | Date:        March 23, 2009 Time:        9:30 a.m. Courtroom: 740-Roybal |

la-1018232

Counterdefendant and moving party Herbalife International of America, Inc. ("Herbalife") submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of Herbalife's Motion for Partial Summary Judgment.  This statement sets forth each of the material facts as to which Herbalife contends there is no genuine issue and which entitle Herbalife to partial summary judgment as a matter of law.

## UNCONTROVERTED MATERIAL FACTS

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 1.  Herbalife relies on its network of independent distributors to sell and promote its products.  These independent distributors are independent contractors. | Declaration of Sean P. Gates in Support of Motion By Herbalife Inter-National of America, Inc. For Partial Summary Judgment (Gates Decl.) Ex. A ¶ 5, 12 (Miller Declaration).<br><br>Gates Decl. Ex. K at D00005 (Rule 8-F). ¶ |
| 2.  Herbalife distributors may also recruit and train other Herbalife distributors, who in turn may recruit and train additional Herbalife distributors to purchase and sell Herbalife products. | Gates Decl. Ex. A ¶ 7 (Miller Declaration).<br><br>Gates Decl. Ex. B ¶ 30 (Further Miller Declaration). |

1

la-1018232

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 3.  Herbalife distributors are motivated to recruit and train additional Herbalife distributors by the possibility of earning royalty overrides and bonuses based on the sales made by everyone the distributor directly or indirectly recruits into Herbalife. | Gates Decl. Ex. A ¶¶ 9-11 (Miller Declaration). |
| 4.  Herbalife distributors may not only earn money based on their own sales, they can earn money bases on the volume of sales of their "downline" – those persons recruited directly or indirectly into the organization by the distributor.  As the volume of sales by a distributor's downline increases, the distributor may qualify for additional or higher royalties or bonuses based on those sales. | Gates Decl. Ex. A ¶¶ 9-11 (Miller Declaration). |
| 5.  The most successful distributors are those who are able to recruit and train a sales organization that is able to sell a large volume of Herbalife products. | Gates Decl. Ex. A ¶¶ 9-11 (Miller Declaration). |

2

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 6. Because Herbalife's business depends on its network of distributors to sell its product, the raiding of distributors by former Herbalife distributors impacts Herbalife's distribution, training, and sales. | Gates Decl. Ex. A ¶ 38 (Miller Declaration).<br><br>Gates Decl. Ex. B ¶¶ 30-31 (Further Miller Declaration). |
| 7. Herbalife's distributors train distributors many levels down from them and learn from those many levels above them.  When an Herbalife distributor, especially one in a leadership position, is raided by a former distributor and leaves, it is difficult to recreate the relationships necessary for an effective distribution chain. | Gates Decl. Ex. B ¶ 30 (Further Miller Declaration). |

3

la-1018232

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 8.  Because Herbalife distributor income depends in part on the sales volume of the distributor's downline, raiding by former distributors especially impairs the effectiveness of the distributors above the one being solicited.  Instead of focusing on selling product, recruiting, and training, Herbalife distributors whose downlines are raided are forced to focus their time and energy on countering the raid. | Gates Decl. Ex. A ¶ 38 (Miller Declaration.). Gates Decl. Ex. B ¶¶ 30-31 (Further Miller Declaration). Gates Decl. Ex. F ¶¶ 2-4 (McClain Declaration). Gates Decl. Ex. L at pp. 94:2-96:1 (Greenberg Depo.). |
| 9.  When soliciting Herbalife distributors, Defendants have gained an entrée by falsely represented they are still with Herbalife. | Gates Decl. Ex. E ¶¶ 1-4 (Justesen Declaration). Gates Decl. Ex. G ¶¶ 10. |
| 10. Defendants have also repeatedly sought to recruit Herbalife distributors to Melaleuca by threatening to "take [the distributor's] entire downline to Melaleuca." | Gates Decl. Ex. D ¶ 5 (Schmaman Declaration). Gates Decl. G ¶ 11 (Nix Declaration). Gates Decl. Ex. H ¶ 12 (Klucken Declaration). Gates Decl. Ex. M at pp. 83:2-90:1 (Schmaman Depo.). |

4

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 11. Defendants have claimed that distributors in a person's downline have already agreed to join Melaleuca. | Gates Decl. Ex. D ¶¶ 5-9 (Schmaman Declaration).<br><br>Gates Decl. Ex. M at pp. 83:2-90:1 (Schmaman Depo.). |
| 12. Defendants have solicited current Herbalife distributors to not only leave Herbalife for Melaleuca, but to bring their downlines to Melaleuca as well, which increases the impact on Herbalife distributors above those recruited. | Gates Decl. Ex. C ¶ 3 (Mandryk Declaration).<br><br>Gates Decl. Ex. D ¶¶ 5-9 (Schmaman Declaration).<br><br>Gates Decl. Ex. I at pp. 216:25-220:18 (Orr Depo.). |
| 13. Each Herbalife distributor is bound by Herbalife's Rules of Conduct and Distributor Policies, which Herbalife promulgated and enforces. | Gates Decl. Ex. B ¶¶ 3, 14 (Further Miller Declaration).<br><br>Gates Decl. Ex. K at D00001. |

5

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 14. Herbalife's Rules of Conduct and Distributor Policies Rule 8-A provides: "During the course of a Distributorship and for one year thereafter, neither the Distributor nor their spouse, nor any other person assisting the Distributorship will, directly or indirectly … solicit, promote, sponsor or recruit any Herbalife Distributor … they became aware of in the course of their Herbalife Distributorship, to join, promote, sell or purchase products of, or participate in as a salesperson or otherwise, any multi-level marketing or direct-sales company …" | Gates Decl. Ex. B ¶¶ 15-17 (Further Miller Declaration). |
| 15. As Herbalife's Vice President in charge of ensuring distributor compliance with Herbalife's rules explained, the purpose of Rule 8-A is "[t]o protect the company and its distributors from distributors taking the down line organizations of other distributors into another company, so that they lose income and lose their organization." | Gates Decl. Ex. J at p. 58:16-20 (Miller Depo.) |

6

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 16. Defendants challenge Rule 8-A's "1-year non-solicitation provision." Defendants allege that "Rule 8-A's ban on direct or indirect solicitation, promotion, sponsorship, or recruiting of any Herbalife independent distributor violates [California Business & Profession Code] Section 16600." Defendants also allege that Rule 8-A is unenforceable because it allegedly is not "necessary to protect Herbalife's trade secrets." | Gates Decl. Ex. N at ¶¶ 26, 27 (Amended Counterclaim). |

7

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 17. In their opposition to Herbalife's motion for preliminary injunction, Defendants argued that Rule 8-A violates Section 16600 because it imposes a "blanket 1-year bar from solicitation even if [former distributors] have never seen Herbalife's purported trade secrets." Defendants repeatedly asserted that Rule 8-A's ban on former distributors raiding Herbalife's distribution chain is unlawful because it supposedly "has nothing whatsoever to do with Herbalife's purported trade secrets." Defendant's argued that Rule 8-A violated Section 16600 because it was not necessary to protect trade secrets. Defendant's argued that "Rule 8-A is so overbroad that it is not limited to the protection of trade secrets" and that "nowhere does Rule 8-A mention trade secrets." | Gates Decl. Ex. O at pp. 3-6 (Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction). |

8

| UNCONTROVERTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 18. Defendant's allegation that Rule 8-A violates California Business and Professions Code § 16600 is a basis for Defendants' counterclaims for intentional interference, violation of California Business & Professions Code § 17200, and violation of California Business & Professions Code § 16600. | Gates Decl. Ex. N at ¶¶ 43, 47 (Amended Counterclaim). |
| 19. Defendants repeatedly relied a line of cases involving post-termination customer nonsolicitation provisions to argue that Rule 8-A violates Section 16600. | Gates Decl. Ex. O at pp. 3-6 (Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction). |
| 20. Defendants' based their counterclaim under Business & Professions Code § 17200, in part, on the allegation that Herbalife includes "illegal restraints of trade in its … 'rules' in violation of California Business and Professions Code Section 16600." | Gates Decl. Ex. N at ¶ 47 (Amended Counterclaim). |

la-1018232

**CONLUSIONS OF LAW**

1.     Herbalife's promulgation and enforcement of Herbalife's Rules of Conduct and Distributor Policies Rule 8-A to prohibit former Herbalife distributors, for the period of one year after they leave Herbalife, from soliciting or recruiting current Herbalife distributors they became aware of during the course of their Herbalife distributorship to join another direct sales or multi-level marketing company does not violate California Business & Professions Code § 16600.  See *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985); *Buskuhl v. Family Life Insurance Co.*, 271 Cal. App. 2d 514 (1969).

2.     There being no genuine issue of material fact, Herbalife is entitled to partial summary judgment regarding Defendants' counterclaim alleging a violation of California Business & Profession Code § 16600 to the extent that counterclaim is premised on Herbalife's promulgation and enforcement of Rule 8-A to prohibit former Herbalife distributors, for the period of one year after they leave Herbalife, from soliciting or recruiting current Herbalife distributors they became aware of during the course of their Herbalife distributorship to join another direct sales or multi-level marketing company.

3.     There being no genuine issue of material fact, Herbalife is entitled to partial summary judgment regarding Defendants' counterclaim alleging a violation of California Business & Profession Code § 17200 to the extent that counterclaim is premised on Herbalife's promulgation and enforcement of Rule 8-A to prohibit former Herbalife distributors, for the period of one year after they leave Herbalife, from soliciting or recruiting current Herbalife distributors they became aware of during the course of their Herbalife distributorship to join another direct sales or multi-level marketing company.

4.     There being no genuine issue of material fact, Herbalife is entitled to partial summary judgment regarding Defendants' counterclaim alleging intentional

10

la-1018232

interference with prospective economic advantage to the extent that counterclaim is premised on Herbalife's promulgation and enforcement of Rule 8-A to prohibit former Herbalife distributors, for the period of one year after they leave Herbalife, from soliciting or recruiting current Herbalife distributors they became aware of during the course of their Herbalife distributorship to join another direct sales or multi-level marketing company.

Dated:    March 2, 2009              MORRISON & FOERSTER LLP

                                     By: /s/ Nancy R. Thomas
                                         Charles E. Patterson
                                         Nancy R. Thomas
                                         Sean P. Gates

                                         Attorneys for Plaintiff and
                                         Counterclaim Defendant
                                         HERBALIFE INTERNATIONAL
                                         OF AMERICA, INC.

11

la-1018232