1  STEPHENS FRIEDLAND LLP
   John B. Stephens, Bar No. 142718
2  4695 MacArthur Court, Suite 310
   Newport Beach, CA  92660
3  Telephone: (949) 468-3200 / Facsimile (949) 468-3201
   Email:  john@sf-lawyers.com
4
   Attorney for Defendants and Counterclaimants
5  ROBERT E. FORD, JULIA A. FORD,
   BRUCE H. ROTH, NANCY A. ROTH,
6  DIANNA N. THOMPSON and JASON FISHER
7  MIXON JOLLY LLP
   Cameron M. Jolly, Bar No. 132541
8  575 Anton Boulevard, Suite 670
   Costa Mesa, CA  92626
9  Telephone: (714) 885-7000 / Facsimile (714) 885-7001
   Email:  CJolly@mixonjollylaw.com
10
   Attorney for Defendants and Counterclaimants
11 JEFF ORR and KATHY ORR
12
13              IN THE UNITED STATES DISTRICT COURT
14     FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
15

| | |
|---|---|
| 16  HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada corporation, | Case No.:  CV 07 2529 GAF (FMOx) |
| 17              Plaintiff, | **DEFENDANTS AND COUNTERCLAIMANTS' NOTICE OF MOTION AND MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON HERBALIFE'S COMPLAINT AND FOR PARTIAL SUMMARY JUDGMENT ON THE DEFENDANTS' COUNTERCLAIMS** |
| 18        v. | |
| 19 | |
| 20  ROBERT E. FORD and JULIA A. FORD, husband and wife; BRUCE H. ROTH and NANCY A. ROTH, husband and wife; JEFF ORR and KATHY ORR, husband and wife; DIANNA N. THOMPSON; and JASON FISHER, | |
| 21 | |
| 22 | **[Fed. R. Civ. Proc. 56]** |
| 23 | **[Memorandum of Points and Authorities; Statement of Uncontroverted Facts and Conclusions of Law; and Declarations in Support Thereof filed herewith]** |
| 24              Defendants. | |
| 25 | |
| 26  AND RELATED CROSSCLAIMS. | Hearing Date:     June 1, 2009<br>Time:              9:30 a.m.<br>Courtroom:         740 – Roybal Crthse |
| 27 | |

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2009, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 740, located at 255 East Temple Street, Los Angeles, California, Defendants and Counterclaimants, Robert and Julia Ford, Bruce and Nancy Roth, Jeff and Kathy Orr, Dianna Thompson, and Jason Fisher ("Defendants" or "Counterclaimants") will and hereby do move the Court for partial summary judgment on the Verified Complaint ("Complaint") of HERBALIFE INTERNATIONAL OF AMERICA, INC. ("Herbalife") and for partial summary judgment on the Defendants' Counterclaims.

These motions are made pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law on each of the following motions:

## MOTIONS FOR PARTIAL SUMMARY JUDGMENT
## ON HERBALIFE'S COMPLAINT

### Motion for Partial Summary Judgment on Count 1 of the Complaint for Breach of Contract

In Count 1 of the Complaint, Herbalife alleges a claim for breach of contract against all Defendants.  (Complaint at ¶¶ 75-81.)  Defendants and Counterclaimants move for summary judgment on the ground that there is no genuine issue of material fact as to Herbalife's breach of contract claim for the following reasons:

1.      Herbalife contends that Defendants and Counterclaimants violated a provision in their distributorship agreements prohibiting the use of certain trade secret information (Complaint at ¶ 77), but Herbalife has not produced the

1    documents it contends are trade secrets in the course of discovery.  Partial

2    summary judgment on this portion of Herbalife's first count is therefore proper.

3           2.     Herbalife contends that Defendants and Counterclaimants violated

4    a rule known as Rule 8-A (Complaint at ¶¶ 19(a), 78.), but Rule 8-A is an

5    unlawful restraint of trade under Cal. Bus. & Prof. Code section 16600 and

6    therefore is unenforceable.  Partial summary judgment on this portion of

7    Herbalife's first count is therefore proper.

8           3.     Herbalife contends that Defendants and Counterclaimants violated

9    a rule known as Rule 8-A (Complaint at ¶¶ 19(a), 78), but Rule 8-A was not in

10   effect until September 1, 2006, by which time three of the Defendants and

11   Counterclaimants – Jason Fisher, Robert Ford and Julia Ford—had already

12   resigned from Herbalife.

13          4.     Herbalife contends that Defendants and Counterclaimants violated

14   other rules known as Rules 8-B, 8-D, 8-G, and 8-H (Complaint at ¶¶ 19, 78), but

15   Herbalife has produced no evidence to support any violation of these rules.

16          5.     Herbalife contends that Defendants and Counterclaimants breached

17   Herbalife's Confidentiality and Non-Disclosure Agreement (Complaint at ¶ 22),

18   but Herbalife has produced no admissible evidence that any of the Defendants

19   and Counterclaimants assented to its terms.  There is no record of

20   Counterclaimants executing or "clicking through" such an agreement.

21

22   **Motion for Partial Summary Judgment on Count 2 of the Complaint for**

23   **Misappropriation of Trade Secrets**

24          In Count 2 of the Complaint, Herbalife alleges that all the Defendants

25   misappropriated Herbalife's trade secrets.  (Complaint at ¶¶ 82-90.)  Defendants

26   and Counterclaimants move for partial summary judgment on Herbalife's Count

27   2 for Misappropriation of Trade Secrets on the grounds that Herbalife has failed

28   and refused to produce its trade secrets during discovery.

1  **Motion for Partial Summary Judgment on Count 3 of the Complaint for**

2  **Intentional Interference with Prospective Economic Advantage**

3         In Count 3 of the Complaint, Herbalife alleges a claim for intentional

4  interference with prospective economic advantage ("IIPEA") against all

5  Defendants.  (Complaint at ¶¶ 91-107.)  Defendants and Counterclaimants move

6  for partial summary judgment on Herbalife's Count 3 for IIPEA on the

7  following grounds:

8         1.     Herbalife's contention that a violation of Rule 8-A constitutes

9  IIPEA lacks merit as a matter of law because Rule 8-A violates Cal. Bus & Prof.

10  Code section 16600.

11         2.     Herbalife's contention that Defendants and Counterclaimants are

12  liable for IIPEA based upon the alleged misappropriation of trade secrets lacks

13  merit because Herbalife has not produced any trade secrets in the course of

14  discovery.

15         3.     Herbalife's contention that Melaleuca's products are unsafe or

16  toxic (Complaint at ¶¶ 100-01) lacks merit because Herbalife has produced no

17  evidence in support of such claims.

18         4.     To the extent that the IIPEA claim is based on misappropriation of trade

19  secrets, it is preempted by the California Uniform Trade Secret Act ("CUTSA"), Cal.

20  Civ. Code § 3426 *et seq.*

21

22  **Motion for Partial Summary Judgment on Count 4 of the Complaint for**

23  **Intentional Interference With Contract**

24         In Count 4 of the Complaint, Herbalife alleges a claim for intentional

25  interference with contract against all Defendants.  (Complaint at ¶¶ 108-15.)

26  Defendants and Counterclaimants move for partial summary judgment on

27  Herbalife's Count 4 for Intentional Interference with Contract because it is

28  based upon Rule 8-A (Complaint at ¶¶ 111-12), which violates Cal. Bus. &

1   Prof. Code section 16600 and is therefore unenforceable.  In addition, to the

2   extent that this claim is based on misappropriation of trade secrets, it is

3   preempted by CUTSA, Cal. Civ. Code § 3426 *et seq.*

4

5   **Motion for Partial Summary Judgment on Count 5 of the Complaint for**

6   **Unfair Competition, Cal. Bus. & Prof Code § 17200**

7           In Count 5 of the Complaint, Herbalife alleges unfair competition under

8   Cal. Bus. & Prof. Code section 17200 against all Defendants.  (Complaint at ¶¶

9   116-19.)  Defendants and Counterclaimants move for partial summary judgment

10  on Herbalife's Count 5 for Unfair Competition on the following grounds:

11          1.      To the extent that Herbalife's unfair competition claim is based

12  upon Defendants and Counterclaimants' misappropriation of trade secrets,

13  partial summary judgment is proper because Herbalife has failed to produce its

14  trade secrets in the course of discovery.

15          2.      To the extent that Herbalife's unfair competition claim is based

16  upon Defendants and Counterclaimants' solicitations in violation of its Rule 8-

17  A, partial summary judgment is proper because Rule 8-A violates Cal. Bus. &

18  Prof. Code section 16600 and therefore is unenforceable.

19          3.      To the extent that Herbalife's unfair competition claim is based on

20  Defendants and Counterclaimants' misappropriation of trade secrets, it is preempted by

21  CUTSA, Cal. Civ. Code § 3426 *et seq.*

22

23  **Motion for Partial Summary Judgment on Count 7 of the Complaint for**

24  **Fraud**

25          In Count 7 of the Complaint, Herbalife alleges a claim for fraud.

26  (Complaint at ¶¶ 124-30.)  Nancy Roth (the only Defendant/Counterclaimant

27  against which Herbalife has a fraud claim) moves for partial summary judgment

28

1  of the fraud claim against her on the ground that Herbalife cannot establish the

2  essential element of "reliance."

3

4  ## MOTIONS FOR PARTIAL SUMMARY JUDGMENT

5  ## ON THE AMENDED COUNTERCLAIM

6  **Motion for Partial Summary Judgment on Counterclaimants' Third Claim**

7  **for Relief for Unlawful, Unfair and Deceptive Business Practices in**

8  **Violation of Cal. Bus. & Prof. Code Section 17200**

9         In their third claim for relief in the Amended Counterclaim

10  ("Counterclaim"), Counterclaimants allege that Herbalife has engaged in unfair

11  competition in violation of Cal. Bus. & Prof. Code section 17200.

12  (Counterclaim at ¶¶ 46-50.)  Counterclaimants move for partial summary

13  judgment on their counterclaim for unfair competition on the following

14  grounds:

15         1.     Herbalife's Rule 8-A violates Cal. Bus. & Prof. Code section

16  16600;

17         2.     Herbalife's three-year covenant not to compete in its

18  distributorship agreement violates Cal. Bus. & Prof. Code section 16600;

19         3.     Herbalife's restraint in its distributorship agreement that prohibits a

20  distributor's use of its own business information violates Cal. Bus. & Prof.

21  Code Section 16600; and

22         4.     Herbalife is an illegal Endless Chain (Pyramid) Scheme in

23  violation of Cal. Penal Code section 327 and *Webster v. Omnitrition Int'l, Inc.*,

24  79 F.3d 776 (9th Cir. 1996).

25

26

27

28

1  **Motion for Partial Summary Judgment on Counterclaimants' Fourth**
2  **Claim for Relief for Endless Chain Scheme in Violation of Cal. Penal Code**
3  **Section 327**

4        In their fourth claim for relief in the Counterclaim, Counterclaimants
5  allege that Herbalife is operating an endless chain (pyramid) scheme in
6  violation of Cal. Penal Code section 327.  (Counterclaim at ¶¶ 51-54.)
7  Counterclaimants move for partial summary judgment on their fourth claim for
8  relief on the ground that Herbalife is an illegal, endless chain (pyramid) scheme
9  under Cal. Penal Code section 327 and *Webster v. Omnitrition Int'l, Inc.*, 79
10 F.3d 776 (9th Cir. 1996) because Herbalife focuses primarily on promoting its
11 program (the "business opportunity") as opposed to selling products to retail
12 customers who are not Herbalife distributors.

13

14 **Motion for Partial Summary Judgment on Counterclaimants' Fifth Claim**
15 **for Relief for False Advertising in Violation of Cal. Bus. & Prof. Code**
16 **section 17500**

17       In their fifth claim for relief in the Counterclaim, Counterclaimants allege
18 that Herbalife has committed false advertising in violation of Cal. Bus. & Prof.
19 Code section 17500.  (Counterclaim at ¶¶ 55-58.)  Counterclaimants move for
20 partial summary judgment on their fifth claim for relief on the grounds that
21 Herbalife has issued the following false advertisements:

22       1.    Herbalife falsely advertised that in 2006 it had over $3 billion in
23 retail sales;

24       2.    Herbalife falsely advertised that in 2006 Herbalife Supervisors
25 were paid $2.2 billion in commissions, royalties and bonuses;

26       3.    Herbalife falsely advertises that its business opportunity is
27 recession proof; and

28

1       4.     Herbalife is operating an endless chain (pyramid) scheme in

2  violation of *Omnitrition* and Cal. Penal Code section 327.  An endless chain

3  scheme is inherently false and misleading.

4       These motions are based upon this Notice, the accompanying

5  Memorandum of Points and Authorities, the Statement of Uncontroverted Facts

6  and Conclusions of Law; the declarations of Nancy A. Roth and J. Gregory

7  Dyer and the Exhibits attached thereto, all of which are filed herewith, the

8  pleadings and records on file in this action, any matters of which this Court may

9  take judicial notice, and upon such additional evidence and argument as may be

10  presented at or before the time of the hearing on the Motion.

11       This motion is made following the conference of counsel pursuant to

12  L.R. 7-3, which took place on January 29, 2009 and on April 8, 2009.

13

14  Dated:  May 4, 2009

15

16

17  STEPHENS FRIEDLAND LLP        MIXON JOLLY LLP

18

19  By: /s/John B. Stephens         By: /s/Cameron M. Jolly

20     Todd G. Friedland               Cameron M. Jolly
       J. Gregory Dyer                Attorney for Defendants and

21     Attorney for Defendants and       Counterclaimants Jeff Orr and
       Counterclaimants Robert E. Ford,   Nancy Orr

22     Julia A. Ford,Bruce H. Roth,
       Nancy A. Roth, Dianna N.

23     Thompson and Jason Fisher

24

25

26

27

28