CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
SEAN P. GATES (CA SBN 186247)
SGates@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff and Counterclaim Defendant
Herbalife International of America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Herbalife International of America, Inc., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher,<br><br>Defendants. | Case No. CV 07 2529 GAF (FMOx)<br><br>Hon. Gary A. Feess<br><br>**RESPONSES TO EVIDENTIARY OBJECTIONS OF DEFENDANTS AND COUNTERCLAIMANTS TO HERBALIFE'S STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date: June 1, 2009<br>Time: 9:30 a.m.<br>Courtroom: 740-Roybal |

la-1029928

Plaintiff Herbalife International of America, Inc. ("Herbalife") hereby responds to the evidentiary objections made by Defendants to Herbalife's Statement of Undisputed Facts and Conclusions of Law:

**Defendants' Objection to Separatement Statement Paragraph 7:**

Objection to the Declaration of Paul Greenberg ¶¶ 2-8 and Exhibits A-F on the grounds that the statements and exhibits constitute inadmissible hearsay because they are statements of witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of the matter stated therein, and no exception is applicable. Fed. R. Evid. 801, 802. In addition, there is no foundation for the statements or exhibits, and the exhibits are not properly authenticated. Fed. R. Evid. 602, 901, 1002. Mr. Greenberg cannot testify about statements purportedly made by Counterclaimants to other distributors, or by one distributor to another, because he lacks personal knowledge regarding them.

**Herbalife's Response:**

Mr. Greenberg's declaration testimony at ¶¶ 2-8 and the accompanying exhibits A-F are admissible under Rule 803(3), the "state of mind" exception to the hearsay rule. Mr. Greenberg's testimony is not being offered to prove the truth of the matter asserted, but rather to explain Herbalife's response to receiving numerous complaints from its distributors about Defendants' efforts to solicit Herbalife distributors and customers to join Melaleuca. After receiving repeated complaints about Defendants' conduct, Herbalife sent Defendants' a "cease and desist" letter and eventually brought this lawsuit. Herbalife's state of mind goes to the bases and reasons for the filing of the lawsuit and communications with its distributors.

As Senior Vice President and Counsel for Herbalife, Mr. Greenberg is in a position to testify about complaints received by Herbalife management and the company's state of mind in responding to such complaints. Accordingly, he has adequate foundation to establish that Herbalife did indeed receive numerous

complaints about Defendants, both orally and in writing, and that Herbalife relied on those statements in formulating a response. Likewise, Mr. Greenberg's testimony adequately authenticates that the exhibits are true and correct copies of some of those complaints. Because the contents of the exhibits are not in issue, Rule 1002 does not apply. The fact that Mr. Greenberg did not receive every complaint directly does not preclude him from testifying to the company's state of mind on this issue.

**Defendants' Objection to Separatement Statement Paragraph 8:**

Objection to the Declaration of Paul Greenberg ¶ 3 and Exhibits A and B on the grounds that the statements and exhibits constitute inadmissible hearsay because they are statements of witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of the matter stated therein, and no exception is applicable. Fed. R. Evid. 801, 802. In addition, there is no foundation for the statements or exhibits, and the exhibits are not properly authenticated. Fed. R. Evid. 602, 901, 1002. Mr. Greenberg cannot testify about statements purportedly made by Counterclaimants to other distributors, or by one distributor to another, because he lacks personal knowledge regarding them. Counterclaimants also object to the term "raiding" as it is vague, argumentative, conclusory, and constitutes an inadmissible lay opinion. Fed. R. Evid. 701.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 7 above, Mr. Greenberg's declaration testimony at ¶ 3 and the accompanying exhibits A and B are admissible under the "state of mind" exception to the hearsay rule. Mr. Greenberg has laid adequate foundation for his statements and has properly authenticated the exhibits.

"Raid" is not vague, argumentative or conclusory; it is a term that is defined in Black's Law Dictionary as "[a]n attempt by a business or union to lure employees or members from a competitor." (Black's Law Dictionary (2004),

1  "Raid," entry 2.)  Based on Defendants' own admissions, their actions fit this
2  definition.  Mr. Greenberg's testimony concerning Defendants' raiding attempts is
3  an admissible lay opinion because it is "(a) rationally based on the perception of the
4  witness, and (b) helpful to a clear understanding of the witness' testimony or the
5  determination of a fact in issue, and (c) not based on scientific, technical, or other
6  specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701; *see*
7  *Fireman's Fund. Ins. Companies v. Alaskan Pride Partnership*, 106 F.3d 1465,
8  1468 (9th Cir. 1997) (lay opinion admissible where based on witness's own
9  perception and helpful in explaining fact in issue).

**Defendants' Objection to Separatement Statement Paragraph 9:**

Objection to the Declaration of Paul Greenberg ¶ 4 and Exhibit F on the grounds that the statements and exhibits constitute inadmissible hearsay because they are statements of witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of the matter stated therein, and no exception is applicable.  Fed. R. Evid. 801, 802.  In addition, there is no foundation for the statements or exhibits and the exhibits are not properly authenticated.  Fed. R. Evid. 602, 901, 1002.  Mr. Greenberg cannot testify about statements purportedly made by Counterclaimants to other distributors, or by one distributor to another, because he lacks personal knowledge regarding them.  Also, Exhibit F is merely a purported transcription of a conversation between someone at Herbalife, other than Mr. Greenberg, and a distributor named David Schmaman, with no direct testimony or authentication by Mr. Schmaman.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 7 above, Mr. Greenberg's declaration testimony at ¶ 4 and the accompanying exhibit F are admissible under the "state of mind" exception to the hearsay rule.  Mr. Greenberg has laid adequate foundation for his statements and has properly authenticated the exhibits.

1 **Defendants' Objection to Separatement Statement Paragraph 10:**

2    Objection to the Declaration of Paul Greenberg ¶¶ 5, 6, and 7 on the grounds
3 that the statements constitute inadmissible hearsay because they are statements of
4 witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of
5 the matter stated therein, and no exception is applicable. Fed. R. Evid. 801, 802. In
6 addition, there is no foundation for the statements. Fed. R. Evid. 602, 901. Mr.
7 Greenberg cannot testify about statements purportedly made by Counterclaimants
8 to other distributors, or by one distributor to another, because he lacks personal
9 knowledge regarding them. Furthermore, the statements are vague. Fed. R. Evid.
10 403.

11    Objection to the Declaration of Paul Greenberg and Exhibits B and C on the
12 grounds that the exhibits constitute inadmissible hearsay because they are
13 statements of witnesses other than Mr. Greenberg, made out of court, offered to
14 prove the truth of the matter stated therein, and no exception is applicable. Fed. R.
15 Evid. 801, 802. In addition, there is no foundation for the exhibits and the exhibits
16 are not properly authenticated. Fed. R. Evid. 602, 901, 1002. In addition, the
17 statements in Exhibits B and C are based on a legal conclusion that
18 Counterclaimants used "Herbalife records" and are mere speculation that
19 Counterclaimants used "Herbalife records" and, therefore, are also irrelevant. Fed.
20 R. Evid. 402.

21    Objection to the Declaration of Paul Greenberg and Exhibit N (Lilith Nix
22 Declaration, ¶ 10) on the grounds that the statements constitute inadmissible
23 hearsay because they are statements of witnesses other than Ms. Nix made out of
24 court, offered to prove the truth of the matter stated therein, and no exception is
25 applicable. Fed. R. Evid. 801, 802. In addition, there is no foundation for the
26 statements. Fed. R. Evid. 602. Ms. Nix lacks personal knowledge regarding the
27 purported facts she is testifying to because she is merely relating her understanding
28 of conversations that occurred among others.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 7 above, Mr. Greenberg's declaration testimony at ¶¶ 5, 6, 7 and the accompanying exhibits are admissible under the "state of mind" exception to the hearsay rule. Mr. Greenberg has laid adequate foundation for his statements and has properly authenticated the exhibits.

Moreover, Defendants' additional objections to the statements in Exhibits B and C on the grounds of legal conclusion, speculation, and relevance are similarly meritless. As explained above, the contents of the documents are not in issue; Herbalife has introduced this evidence for purposes of its state of mind.

In addition, Defendants' objections to the Declaration of Lilith Nix (Exhibit N to the Gates Declaration) should be overruled. Statements of Defendants recounted in the declaration are not hearsay and are admissible as party admisstions. Fed. R. Evid. 801(d)(2). In addition, the statements are admissible for their effect on the hearer. The testimony of Ms. Nix (an Herbalife distributor who complained to Herbalife about Defendants' attempts to contact her downline and others in her downline) testimony is also admissible to establish her and Herbalife's state of mind, and not for the truth of the matter asserted. Ms. Nix's state of mind is relevant to the effect of raiding on Herbalife distributors. Herbalife's state of mind goes to the bases and reasons for the filing of the lawsuit and communications with its distributors. Because the content of her testimony is not in issue, her personal knowledge is irrelevant.

**Defendants' Objection to Separatement Statement Paragraph 11:**

Objection to the Declaration of Paul Greenberg ¶ 9 and Exhibits D and E on the grounds that the statements and exhibits constitute inadmissible hearsay because they are statements of witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of the matter stated therein, and no exception is applicable. Fed. R. Evid. 801, 802. In addition, there is no foundation for the

statements or exhibits and the exhibits are not properly authenticated. Fed. R. Evid. 602, 901, 1002. Mr. Greenberg cannot testify about statements purportedly made by Counterclaimants to other distributors, or by one distributor to another, because he lacks personal knowledge regarding them.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 7 above, Mr. Greenberg's declaration testimony at ¶ 9 and the accompanying exhibits D and E are admissible under the "state of mind" exception to the hearsay rule. Mr. Greenberg has laid adequate foundation for his statements and has properly authenticated the exhibits.

**Defendants' Objection to Separatement Statement Paragraph 12:**

Counterclaimants object to the term "raiding" on grounds that the term is irrelevant and prejudicial, vague, argumentative, conclusory and constitutes an impermissible lay opinion. Fed. R. Evid. 402, 403, 701.

**Herbalife's Response:**

"Raid" is not vague, argumentative, conclusory, or irrelevant; it is a term that is defined in Black's Law Dictionary as "[a]n attempt by a business or union to lure employees or members from a competitor." (Black's Law Dictionary (2004), "Raid," entry 2.) Based on Defendants' own admissions, their actions fit this definition. Mr. Greenberg's testimony concerning Defendants' raiding attempts is an admissible lay opinion because it is "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *see Fireman's Fund. Ins. Companies v. Alaskan Pride Partnership*, 106 F.3d 1465, 1468 (9th Cir. 1997) (lay opinion admissible where based on witness's own perception and helpful in explaining fact in issue).

1  **Defendants' Objection to Separatement Statement Paragraph 13:**

2  Counterclaimants object to the term "raiding" on grounds that the term is
3  irrelevant and prejudicial, vague, argumentative, conclusory and constitutes an
4  impermissible lay opinion.  Fed. R. Evid. 402, 403, 701.

5  **Herbalife's Response:**

6  As set forth in Herbalife's response to Defendants' Objection to Separate
7  Statement Paragraph 12 above, Defendants' objections to the term "raiding" are
8  without merit.

9  **Defendants' Objection to Separatement Statement Paragraph 14:**

10  Counterclaimants object to the term "raiding" on grounds that the term is
11  irrelevant and prejudicial, vague, argumentative, conclusory and constitutes an
12  impermissible lay opinion.  Fed. R. Evid. 402, 403, 701.

13  **Herbalife's Response:**

14  As set forth in Herbalife's response to Defendants' Objection to Separate
15  Statement Paragraph 12 above, Defendants' objections to the term "raiding" are
16  without merit.

17  **Defendants' Objection to Separatement Statement Paragraph 16:**

18  Counterclaimants object to the term "raiding" on grounds that the term is
19  irrelevant and prejudicial, vague, argumentative, conclusory and constitutes an
20  impermissible lay opinion.  Fed. R. Evid. 402, 403, 701.

21  **Herbalife's Response:**

22  As set forth in Herbalife's response to Defendants' Objection to Separate
23  Statement Paragraph 12 above, Defendants' objections to the term "raiding" are
24  without merit.

25  **Defendants' Objection to Separatement Statement Paragraph 17:**

26  Counterclaimants object to the term "raiding" on grounds that the term is
27  irrelevant and prejudicial, vague, argumentative, conclusory and constitutes an
28  impermissible lay opinion.  Fed. R. Evid. 402, 403, 701.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 12 above, Defendants' objections to the term "raiding" are without merit.

**Defendants' Objection to Separatement Statement Paragraph 23:**

Objection to the Declaration of Paul Greenberg ¶ 14 on the grounds that the statements and exhibits constitute inadmissible hearsay because they are statements of witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of the matter stated therein, and no exception is applicable.  Fed. R. Evid. 801, 802. In addition, there is no foundation for the declaratory statements or the documents contained in Exhibit Q, and the exhibits are not properly authenticated.  Fed. R. Evid. 602, 901, 1002.  Mr. Greenberg cannot testify about statements purportedly made by Counterclaimants to other distributors, or by one distributor to another, because he lacks personal knowledge regarding them.  Furthermore, the statements are irrelevant.  Fed. R. Evid. 401, 402.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 7 above, Mr. Greenberg's declaration testimony at ¶ 14 and the documents submitted as exhibit Q are admissible under the "state of mind" exception to the hearsay rule.  Mr. Greenberg has laid adequate foundation for his statements and has properly authenticated the exhibits.  Because the contents of the exhibits are not in issue, Rule 1002 does not apply.  The fact that Mr. Greenberg did not receive every complaint directly does not preclude him from testifying to the company's state of mind on this issue.  This testimony is relevant to show the actions Herbalife took in response to distributor complaints – conduct for which conduct Defendants seek to hold Herbalife liable.

**Defendants' Objection to Separatement Statement Paragraph 25:**

Objection to the Declaration of Paul Greenberg ¶ 14 (sic ¶ 16) and Ex. R on the grounds that the statements and exhibits constitute inadmissible hearsay because they are statements of witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of the matter stated therein, and no exception is applicable. Fed. R. Evid. 801, 802. In addition, there is no foundation for the statements or exhibit and the exhibit is not properly authenticated by the author (Herbalife has been unable to identify the author (See CCF 25)). Fed. R. Evid. 602, 901, 1002. Mr. Greenberg cannot testify about statements purportedly made by Counterclaimants to other distributors, or by one distributor to another, because he lacks personal knowledge regarding them.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 7 above, Mr. Greenberg's declaration testimony at ¶ 14 and the documents submitted as exhibit R are admissible under the "state of mind" exception to the hearsay rule. Mr. Greenberg has laid adequate foundation for his statements and has properly authenticated the exhibits. Because the contents of the exhibits are not in issue, Rule 1002 does not apply. The fact that Mr. Greenberg did not receive every complaint directly does not preclude him from testifying to the company's state of mind on this issue.

**Defendants' Objection to Separatement Statement Paragraph 26:**

Objection to the Declaration of Paul Greenberg ¶¶ 10, 14, 16 on the grounds that the statements (and exhibits referred to therein) constitute inadmissible hearsay because they are statements of witnesses other than Mr. Greenberg, made out of court, offered to prove the truth of the matter stated therein, and no exception is applicable. Fed. R. Evid. 801, 802. In addition, there is no foundation for the statements or exhibits and the exhibits are not properly authenticated. Fed. R. Evid. 602, 901, 1002. Mr. Greenberg cannot testify about statements purportedly made

by Counterclaimants to other distributors, or by one distributor to another, because he lacks personal knowledge regarding them. Furthermore, the statements and exhibits are irrelevant. Fed. R. Evid. 401, 402.

**Herbalife's Response:**

As set forth in Herbalife's response to Defendants' Objection to Separate Statement Paragraph 7 above, Mr. Greenberg's declaration testimony at ¶¶ 10, 14, 16 and the accompanying exhibits are admissible under the "state of mind" exception to the hearsay rule. Mr. Greenberg has laid adequate foundation for his statements and has properly authenticated the exhibits. Because the contents of the exhibits are not in issue, Rule 1002 does not apply. The fact that Mr. Greenberg did not receive every complaint directly does not preclude him from testifying to the company's state of mind on this issue. This testimony is relevant to show the actions Herbalife took in response to distributor complaints – conduct for which conduct Defendants seek to hold Herbalife liable.

**Defendants' Objection to Separatement Statement Paragraph 46:**

Objection to the Declaration of Sean Gates, Exhibits E, F, and K on the grounds that the referenced testimony is irrelevant. Fed. R. Evid. 401, 402.

In addition, the Fords, Roths and Fisher also expressly object on the grounds that Exhibits E, F and K contain no statements or evidence pertaining directly to them and, therefore, are irrelevant as to them. Fed. R. Evid. 401, 402. Furthermore, while the purported fact references and relies upon "interrogatory responses," none are attached to Mr. Gates' declaration and, therefore, the statements are unsupported by the record.

**Herbalife's Response:**

The portions of the deposition testimony of the Orrs and Ms. Thompson that Herbalife has submitted as exhibits E, F, and K are relevant to the statute of limitations. This issue is whether Defendants were aware of facts putting them on notice of their endless chain scheme claim. In addition, the rest of the testimony

addresses Defendants' experience as Herbalife distributors, their admissions that the Herbalife business opportunity emphasizes retail, and their discussion of their efforts to recruit Herbalife distributors to Melaleuca. It also covers Defendants' allegations that Herbalife is an endless chain scheme and Defendants' alleged damages. As such, all of these topics are relevant and Defendants' objection should be overruled.

Dated: May 22, 2009

MORRISON & FOERSTER LLP

/s/ Sean P. Gates
Charles E. Patterson
Nancy R. Thomas
Sean P. Gates

Attorneys for Plaintiff and Counterclaim Defendant
HERBALIFE INTERNATIONAL OF AMERICA, INC.