STEPHENS FRIEDLAND LLP
John B. Stephens, Bar No. 142718
4695 MacArthur Court, Suite 310
Newport Beach, CA 92660
Telephone: (949) 468-3200 / Facsimile (949) 468-3201
Email: john@sf-lawyers.com

Attorney for Defendants and Counterclaimants
ROBERT E. FORD, JULIA A. FORD,
BRUCE H. ROTH, NANCY A. ROTH,
DIANNA N. THOMPSON and JASON FISHER

MIXON JOLLY LLP
Cameron M. Jolly, Bar No. 132541
575 Anton Boulevard, Suite 670
Costa Mesa, CA 92626
Telephone: (714) 885-7000 / Facsimile (714) 885-7001
Email: CJolly@mixonjollylaw.com

Attorney for Defendants and Counterclaimants
JEFF ORR and KATHY ORR

IN THE UNITED STATE DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation,

Plaintiff,

vs.

ROBERT E. FORD and JULIA A. FORD, ET. AL.,

Defendants.

AND RELATED CROSS-CLAIM.

CASE NO.: CV 072529 GF (FMOx)

**DEFENDANTS' AND COUNTERCLAIMANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

Defendants and Counterclaimants object to the Plaintiff's Proposed Special Verdict form as Follows:

1. **Objection to Entire Verdict Form.** Defendants and Counterclaimants object to the entire verdict form as confusing and likely to lead to an improper verdict. Herbalife claims that it has been damaged in this case as a result of the defendants' alleged solicitation, sponsoring, recruiting or promoting of its distributors to do business with competitor Melaleuca. The verdict form, as written, requests the jury award the same damages for distributors leaving Herbalife multiple times (Questions 3, 7, 10, 13 & 16). This is improper and will result in a confusing verdict. Herbalife's omnibus clean up language (question 23) does not save the form as it is confusing and likely to result in the jury awarding inconsistent damages or adding all of the damages together and awarding same. This form will result in a miscarriage of justice. Moreover, Herbalife's form does not clearly demarcate where Herbalife's claims end and Counterclaimants' claims begin.

2. **Objection to Entire Verdict Form.** Defendants and Counterclaimants also object to the entire verdict form as it does not include all of their affirmative defenses and claims in this action. For instance, the verdict form does not have the endless chain scheme or false advertising under the Lanham Act (43(a) claim, punitive damage remedy, or the fraud affirmative defense.

3. **Trade Secret Verdict (Questions 1-4).** Herbalife's verdict form fails to require the jury to decide fundamental questions relating to its trade secret claim. First, the jury should decide whether Herbalife has proved that it owns trade secrets. Second, the jury should decide whether defendants acquired such trade secrets by improper means. Third, the jury should decide whether defendants improperly used the purported trade secrets. Then, Herbalife's question "2" and "3" could be provided to the jury.

4. **Breach of Contract Verdict (Questions 5-7).** The breach of contract form does not require the jury to find on all of the elements of the breach of contract claim as required in CACI VF300. Specifically, Herbalife fails to provide the jury with the following important questions: 1. Did Herbalife and each defendant enter into a contract? 2. Did Herbalife do all, or substantially all, of the significant things that the contract required it to do? 3. Was Herbalife excused from having to do all, or substantially all, of the significant things that the contract required it to do? 4. Did all the conditions occur that were required for each defendant's performance? 5. Did each defendant fail to do something that the contract required him or her to do? Herbalife's verdict also omits all of the affirmative defenses to breach of contract such as fraud. Herbalife's verdict form is misleading and denies defendants and counterclaimants their fundamental Constitutional right to a jury trial on the factual issues to be decided in the case. Moreover, as written, the form gives the impression that the jury is being instructed to find in favor of Herbalife.

5. **Interference With Economic Advantage Verdict (Questions 8-10).** This form fails to require the jury to answer the questions set forth in CACI VF 2202. Herbalife's verdict form will result in a miscarriage of justice because it fails to require the jury to decide the factual issues of whether: (1) Herbalife had an economic relationship (2) Whether defendants knew of that relationship (3) whether defendants intended to disrupt that relationship (4) whether defendants engaged in wrongful conduct intending to disrupt the relationship (5) whether Herbalife's relationship was actually disrupted by the wrongful conduct (6) whether the conduct was a substantial factor in causing harm to Herbalife. Herbalife's form deals with this count in conclusory fashion and reads as if it suggests the result in favor of Herbalife.

6. **Interference With Contract Verdict (Questions 11-13).** This form fails to require the jury to answer the questions set forth in CACI VF 2201 1. Was

there a contract between [name of plaintiff] and [name of third party]? 2. Did [name of defendant] know of the contract? 3. Did [name of defendant] intend to disrupt the performance of this contract? 4. Did [name of defendant]'s conduct prevent performance or make performance more expensive or difficult? 5. Was [name of defendant]'s conduct a substantial factor in causing harm to [name of plaintiff]? These questions are important to answer and prevent a miscarriage of justice and inconsistent verdict. Moreover, Herbalife seeks to recover the identical damages in this claim as in its breach of contract and interference with economic advantage count. Thus, the verdict as written could result in multiple damages claims for the same alleged wrong.

7. **Interference With Counterclaimant's Economic Advantage Verdict (Questions 14-16).** This form fails to allow the jury to award punitive damages against Herbalife. The form requires the jury to answer the questions set forth in CACI VF 2202. Herbalife's form prejudicially fails to require the jury to decide the factual issues on this claim (see above argument).

8. **Affirmative Defenses Verdict (Questions 17 – 22).** Herbalife's form requires the jury to decide Counterclaimant's claim twice (Questions 14-16 and Question 17). In addition, question 18 is misleading ("a basis for your finding") because it does not take into account that there may be more than one basis for the finding that Herbalife caused Counterclaimants to suffer injury. If the jury decides that the lawsuit and the fact that Herbalife is an illegal pyramid has caused Counterclaimants harm, the verdict form as written, will inappropriately require analysis of the Noerr Pennington, common interest and litigation

////

////

////

////

////

privileges. Moreover, the standards set forth in the instructions misapply these privileges and doctrines.

Dated: June 18, 2009

STEPHENS FRIEDLAND LLP

By: /s/John B. Stephens
John B. Stephens
Attorney for Defendants and Counterclaimants Robert E. Ford, Julia A. Ford, Bruce H. Roth, Nancy A. Roth, Dianna N. Thompson and Jason Fisher

MIXON JOLLY LLP

By: /s/Cameron M. Jolly
Cameron M. Jolly
Attorney for Defendants and Counterclaimants Jeff Orr and Kathy Orr