CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
GREGORY B. KOLTUN (CA SBN 130454)
NThomas@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California  90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff
HERBALIFE INTERNATIONAL OF AMERICA,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Herbalife International of America, Inc., a Nevada Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher,<br><br>                    Defendants. | Case No. CV 07 2529 GAF (FMOx)<br><br>**JOINT DOCUMENT RE AGREED-UPON JURY INSTRUCTIONS**<br><br>Complaint Filed: Apr. 16, 2007<br>Discovery Cut-Off:  Mar. 13, 2009<br>Pretrial Conf.:  June 29, 2009<br>Trial Date:  July 28, 2009<br><br> Hon. Gary A. Feess |

1

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Table of Instructions**

| Plaintiff's No. | Title | Source | Page No. |
|---|---|---|---|
| 1. | Overview Of Trial | CACI 101 | 1 |
| 2. | Duty Of Jury | Ninth Circuit Model Jury Instruction 1.1C | 4 |
| 3. | Burden Of Proof—Preponderance Of The Evidence | Ninth Circuit Model Jury Instruction 1.3 | 6 |
| 4. | Burden Of Proof—Clear And Convincing Evidence | Ninth Circuit Model Jury Instruction 1.4 | 8 |
| 5. | Two Or More Parties—Different Legal Rights | Ninth Circuit Model Jury Instruction 1.5; CACI 103 | 10 |
| 6. | Non-Person Party | CACI 104 | 12 |
| 7. | What Is Evidence | Ninth Circuit Model Jury Instruction 1.6 | 14 |
| 8. | What Is Not Evidence | Ninth Circuit Model Jury Instruction 1.7 | 16 |
| 9. | Direct And Circumstantial Evidence | Ninth Circuit Model Jury Instruction 1.9 | 18 |

1

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

| Plaintiff's No. | Title | Source | Page No. |
|---|---|---|---|
| 10. | Evidence For Limited Purpose | Ninth Circuit Model Jury Instruction 1.8 | 20 |
| 11. | Ruling On Objections | Ninth Circuit Model Jury Instruction 1.10 | 22 |
| 12. | Credibility Of Witnesses | Ninth Circuit Model Jury Instruction 1.11 | 24 |
| 13. | Conduct Of The Jury | Ninth Circuit Model Jury Instruction 1.12 | 26 |
| 14. | No Transcript Available To Jury | Ninth Circuit Model Jury Instruction 1.13 | 28 |
| 15. | Taking Notes | Ninth Circuit Model Jury Instruction 1.14 | 30 |
| 16. | Bench Conferences And Recesses | Ninth Circuit Model Jury Instruction 1.18 | 32 |
| 17. | Outline Of Trial | Ninth Circuit Model Jury Instruction 1.19 | 34 |

2

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

| Plaintiff's No. | Title | Source | Page No. |
|---|---|---|---|
| 18. | Stipulations Of Fact | Ninth Circuit Model Jury Instruction 2.2 | 36 |
| 19. | Deposition In Lieu Of Live Testimony | Ninth Circuit Model Jury Instruction 2.4 | 38 |
| 20. | Use Of Interrogatories Of A Party | Ninth Circuit Model Jury Instruction 2.10 | 40 |
| 21. | Charts And Summaries Not Received In Evidence | Ninth Circuit Model Jury Instruction 2.12 | 42 |
| 22. | Charts And Summaries In Evidence | Ninth Circuit Model Jury Instruction 2.13 | 44 |
| 23. | Evidence Admitted For Limited Purpose | CACI 206 | 46 |
| 24. | Misappropriation Of Trade Secrets—Essential Factual Elements | CACI 4401 | 48 |
| 25. | "Trade Secret" Defined | CACI 4402, 4412 | 50 |
| 26. | Secrecy Requirement | CACI 4403 | 53 |
| 27. | Reasonable Efforts To Protect Secrecy | CACI 4404 | 55 |
| 28. | Misappropriation By Acquisition | CACI 4405 | 58 |

3

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

| Plaintiff's No. | Title | Source | Page No. |
|---|---|---|---|
| 29. | Misappropriation By Disclosure | CACI 4406 | 60 |
| 30. | Misappropriation By Use | CACI 4407 | 62 |
| 31. | Improper Means Of Acquiring Trade Secret | CACI 4408 | 64 |
| 32. | Remedies For Misappropriation Of Trade Secret | CACI 4409 | 66 |
| 33. | Unjust Enrichment | CACI 4410 | 68 |
| 34. | Punitive Damages For Willful Or Malicious Misuse | CACI 4411 | 70 |
| 35. | Contract Formation—Essential Factual Elements | CACI 302 | 72 |
| 36. | Breach Of Contract—Essential Factual Elements (As To All Defendants) | CACI 303 | 74 |
| 37. | Nominal Damages | CACI 360 | 76 |
| 38. | Interference With Contractual Relation | CACI 2201 | 78 |
| 39. | Intentional Interference With Prospective Economic Advantage: Definition Of Intent | CACI 2203 | 81 |
| 40. | Lost Profits (Economic Damage) | CACI 3903N | 83 |
| 41. | Present Cash Value | CACI 3904 | 85 |
| 42. | Punitive Damages | CACI 3940 | 87 |

4

la-1033304

| Plaintiff's No. | Title | Source | Page No. |
|---|---|---|---|
| 43. | Intentional Interference With Prospective Economic Advantage - Definition Of Intent | CACI 2203 | 90 |
| 44. | Introduction To Tort Damages—Liability Contested | CACI 3900 | 92 |
| 45. | Measures Of Types Of Damages | Ninth Circuit Model Jury Instruction No. 5.2 | 94 |
| 46. | Lost Earning Capacity (Economic Damage) | CACI 3903D | 96 |
| 47. | Lost Profits (Economic Damage) | CACI 3903N | 98 |
| 48. | Punitive Damages | CACI 3943 | 100 |
| 49. | Duty To Deliberate | Ninth Circuit Model Jury Instruction 3.1 | 103 |
| 50. | Taking Notes During The Trial | CACI 5010 | 105 |
| 51. | Reading Back Of Trial Testimony In Jury Room | CACI 5011 | 107 |
| 52. | Judge's Commenting On Evidence | CACI 5016 | 109 |
| 53. | Communication With Court | Ninth Circuit Model Jury Instruction 3.2 | 111 |

5

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

| Plaintiff's No. | Title | Source | Page No. |
|---|---|---|---|
| 54. | Return Of Verdict | Ninth Circuit Model Jury Instruction 3.3 | 113 |
| 55. | Deadlocked Jury | Ninth Circuit Model Jury Instruction 3.5 | 115 |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 1
### OVERVIEW OF TRIAL

To assist you in your tasks as jurors, I will now explain how the trial will proceed.  Herbalife filed this lawsuit.  Herbalife is called a Plaintiff.  It seeks damages from Robert and Julia Ford, Bruce and Nancy Roth, Jeff and Kathy Orr, Jason Fisher and Dianna Thompson, who are called Defendants.  All the Defendants in this case have also brought counterclaims against Herbalife in this trial.  When addressing their counterclaims, these individuals are called Counterclaimants and Herbalife is called the Counterclaim Defendant.  Each plaintiff and each defendant is called a party to the case.

First, each side may make an opening statement, but neither side is required to do so.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  Also, because it is often difficult to give you the evidence in the order we would prefer, the opening statement allows you to keep an overview of the case in mind during the presentation of the evidence.

Next, the jury will start hearing the evidence.  Herbalife will present its evidence first.  When Herbalife is finished, Defendants Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff Orr, Kathy Orr, Jason Fisher and Dianna Thompson will have an opportunity to present their evidence.

Each witness will first be questioned by the side that asked the witness to testify.  This is called direct examination.  Then the other side is permitted to question the witness.  This is called cross-examination.

Documents or objects referred to during the trial are called exhibits.  Exhibits will be given a [number/letter] and marked so they may be clearly identified.  Exhibits are not evidence until I admit them into evidence.  You will be able to look at these exhibits during your deliberations.

1
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1    There are many rules that govern whether something will be considered

2  evidence in the trial.  As one side presents evidence, the other side has the right to

3  object and to ask me to decide if the evidence is permitted by the rules.  Usually, I

4  will decide immediately, but sometimes I may have to hear arguments outside of

5  your presence.

6    After the evidence has been presented, I will instruct you on the law that

7  applies to the case and the attorneys will make closing arguments.  What the parties

8  say in closing argument is not evidence.  The arguments are offered to help you

9  understand the evidence and how the law applies to it.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1    **Authority:** CACI 101.

2    **Modified**: Adds explanation of Defendants as Counterclaimants and Plaintiff

3    as Counterclaim Defendant.

4

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 2**
**DUTY OF JURY**

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1

2  **Authority:** Ninth Circuit Model Jury Instruction 1.1C.

3

4 | | GIVEN: _____ |
5 | | REFUSED: _____ |
6 | | MODIFIED: _____ |
7 | | WITHDRAWN: _____ |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

## PROPOSED JURY INSTRUCTION NO. 3
## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

3

When a party has the burden of proof on any claim or affirmative defense by

4

a preponderance of the evidence, it means you must be persuaded by the evidence

5

that the claim or affirmative defense is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which

7

party presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** Ninth Circuit Model Jury Instruction 1.3.

2

|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

7

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1

**PROPOSED JURY INSTRUCTION NO. 4**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

2

3       When a party has the burden of proving any claim or defense by clear and

4   convincing evidence, it means you must be persuaded by the evidence that the

5   claim or defense is highly probable.  This is a higher standard of proof than proof

6   by a preponderance of the evidence.

7       You should base your decision on all of the evidence, regardless of which

8   party presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1     **Authority:** Ninth Circuit Model Jury Instruction 1.4.

2

|  | GIVEN:  | _____ |
|--|---------|-------|
|  | REFUSED: | _____ |
|  | MODIFIED: | _____ |
|  | WITHDRAWN: | _____ |

9

la-1033304

**PROPOSED JURY INSTRUCTION NO. 5**
**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

There are eight defendants in this trial.  They are: Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff Orr, Kathy Orr, Jason Fisher and Dianna Thompson. All of these individuals are also Counterclaimants.

You should decide the case as to each Defendant and each Counterclaimant separately. Unless otherwise stated, the instructions apply to all parties.

10
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority**: Ninth Circuit Model Jury Instruction 1.5; CACI 103.

**Modified**: Identifies Defendants as Counterclaimants.

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

11

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 6**
**NON-PERSON PARTY**

A corporation, Herbalife, is a party in this lawsuit.  Herbalife is entitled to the same fair and impartial treatment that you would give to an individual.  You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Herbalife.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1     **Authority:** CACI 104.

2

3     | | GIVEN: _____ |
4     | | REFUSED: _____ |
5     | | MODIFIED: _____ |
6     | | WITHDRAWN: _____ |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 7**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 1.6.

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

15

la-1033304

**PROPOSED JURY INSTRUCTION NO. 8**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 1.7.

|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

17

la-1033304

1
2

**PROPOSED JURY INSTRUCTION NO. 9**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a

4   fact, such as testimony by a witness about what that witness personally saw or

5   heard or did.  Circumstantial evidence is proof of one or more facts from which you

6   could find another fact.  You should consider both kinds of evidence.  The law

7   makes no distinction between the weight to be given to either direct or

8   circumstantial evidence.  It is for you to decide how much weight to give to any

9   evidence.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 1.9.

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

19

**PROPOSED JURY INSTRUCTION NO. 10**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

20
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 1.8.

|  | GIVEN: _____ |
|--|--|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

21

1

## PROPOSED JURY INSTRUCTION NO. 11
## RULING ON OBJECTIONS

2

3    There are rules of evidence that control what can be received into evidence.

4 When a lawyer asks a question or offers an exhibit into evidence and a lawyer on

5 the other side thinks that it is not permitted by the rules of evidence, that lawyer

6 may object.  If I overrule the objection, the question may be answered or the exhibit

7 received.  If I sustain the objection, the question cannot be answered, and the

8 exhibit cannot be received.  Whenever I sustain an objection to a question, you

9 must ignore the question and must not guess what the answer might have been.

10    Sometimes I may order that evidence be stricken from the record and that

11 you disregard or ignore the evidence.  That means that when you are deciding the

12 case, you must not consider the evidence that I told you to disregard.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 1.10.

| | |
|---|---|
| | GIVEN: _____ |
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

23

la-1033304

1
2

## PROPOSED JURY INSTRUCTION NO. 12
## CREDIBILITY OF WITNESSES

3      In deciding the facts in this case, you may have to decide which testimony to

4   believe and which testimony not to believe. You may believe everything a witness

5   says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the

6   number of witnesses who testify about it.

7      In considering the testimony of any witness, you may take into account:

8   (1)    the opportunity and ability of the witness to see or hear or know the

9          things testified to;

10  (2)    the witness's memory;

11  (3)    the witness's manner while testifying;

12  (4)    the witness's interest in the outcome of the case and any bias or

13         prejudice;

14  (5)    whether other evidence contradicted the witness's testimony;

15  (6)    the reasonableness of the witness's testimony in light of all the

16         evidence; and

17  (7)    any other factors that bear on believability.

18      The weight of the evidence as to a fact does not necessarily depend on the

19   number of witnesses who testify about it.

20
21
22
23
24
25
26
27
28

24

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** Ninth Circuit Model Jury Instruction 1.11.

2

3    | | GIVEN: _____ |
     | --- | --- |
     | | REFUSED: _____ |
     | | MODIFIED: _____ |
     | | WITHDRAWN: _____ |

25

la-1033304

1
2

## PROPOSED JURY INSTRUCTION NO. 13
### CONDUCT OF THE JURY

3      I will now say a few words about your conduct as jurors.

4      First, you are not to discuss this case with anyone, including members of

5  your family, people involved in the trial, or anyone else; this includes discussing

6  the case in internet chat rooms or through internet "blogs," internet bulletin boards

7  or e-mails.  Nor are you allowed to permit others to discuss the case with you. If

8  anyone approaches you and tries to talk to you about the case, please let me know

9  about it immediately;

10      Second, do not read or listen to any news stories, articles, radio, television, or

11  online reports about the case or about anyone who has anything to do with it;

12      Third, do not do any research, such as consulting dictionaries, searching the

13  Internet or using other reference materials, and do not make any investigation about

14  the case on your own;

15      Fourth, if you need to communicate with me simply give a signed note to the

16  [bailiff] [clerk] [law clerk] to give to me; and

17      Fifth, do not make up your mind about what the verdict should be until after

18  you have gone to the jury room to decide the case and you and your fellow jurors

19  have discussed the evidence. Keep an open mind until then.

20      Finally, until this case is given to you for your deliberation and verdict, you

21  are not to discuss the case with your fellow jurors.

22
23
24
25
26
27
28

26

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1    **Authority:** Ninth Circuit Model Jury Instruction 1.12.

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

27

la-1033304

1
2

## PROPOSED JURY INSTRUCTION NO. 14
## NO TRANSCRIPT AVAILABLE TO JURY

3

4

5

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

6

7

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 1.13.

|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

29

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 15**
**TAKING NOTES**

3
4
5
6
7
8

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

9
10
11

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** Ninth Circuit Model Jury Instruction 1.14.

2

3 |                                                      | GIVEN:        \_\_\_\_\_ |
   | ---------------------------------------------------- | ------------------------ |
4  |                                                      | REFUSED:      \_\_\_\_\_ |
5  |                                                      | MODIFIED:     \_\_\_\_\_ |
6  |                                                      | WITHDRAWN:    \_\_\_\_\_ |

31

1
2

**PROPOSED JURY INSTRUCTION NO. 16**
**BENCH CONFERENCES AND RECESSES**

3        From time to time during the trial, it may become necessary for me to talk

4   with the attorneys out of the hearing of the jury, either by having a conference at the

5   bench when the jury is present in the courtroom, or by calling a recess.  Please

6   understand that while you are waiting, we are working.  The purpose of these

7   conferences is not to keep relevant information from you, but to decide how certain

8   evidence is to be treated under the rules of evidence and to avoid confusion and

9   error.

10       Of course, we will do what we can to keep the number and length of these

11  conferences to a minimum.  I may not always grant an attorney's request for a

12  conference.  Do not consider my granting or denying a request for a conference as

13  any indication of my opinion of the case or of what your verdict should be.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** Ninth Circuit Model Jury Instruction 1.18.

2

| | GIVEN: _____ |
| --- | --- |
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

33

la-1033304

1
2

**PROPOSED JURY INSTRUCTION NO. 17**
**OUTLINE OF TRIAL**

3
4
5
6

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

7
8
9

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

10
11

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

12

After that, you will go to the jury room to deliberate on your verdict.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1  **Authority:** Ninth Circuit Model Jury Instruction 1.19.

2

3  |  | GIVEN: _____ |
   |  | REFUSED: _____ |
   |  | MODIFIED: _____ |
   |  | WITHDRAWN: _____ |

35

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 18**
**STIPULATIONS OF FACT**

3

4

5

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

36

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

**Authority:** Ninth Circuit Model Jury Instruction 2.2.

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

37

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 19**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

3

4

5

6

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

7

8

9

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 2.4.

|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

39

**PROPOSED JURY INSTRUCTION NO. 20**
**USE OF INTERROGATORIES OF A PARTY**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority:** Ninth Circuit Model Jury Instruction 2.10.

|  | GIVEN: \_\_\_\_\_ |
|---|---|
|  | REFUSED: \_\_\_\_\_ |
|  | MODIFIED: \_\_\_\_\_ |
|  | WITHDRAWN: \_\_\_\_\_ |

41

1

2

**PROPOSED JURY INSTRUCTION NO. 21**
**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

3      Certain charts and summaries not received in evidence [may be] [have been]

4  shown to you in order to help explain the contents of books, records, documents, or

5  other evidence in the case.  They are not themselves evidence or proof of any facts.

6  If they do not correctly reflect the facts or figures shown by the evidence in the

7  case, you should disregard these charts and summaries and determine the facts from

8  the underlying evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** Ninth Circuit Model Jury Instruction 2.12.

2

3    | | GIVEN: _____ |
     |---|---|
     | | REFUSED: _____ |
     | | MODIFIED: _____ |
     | | WITHDRAWN: _____ |

43

la-1033304

1
2

## PROPOSED JURY INSTRUCTION NO. 22
## CHARTS AND SUMMARIES IN EVIDENCE

3

Certain charts and summaries [may be] [have been] received into evidence to

4

illustrate information brought out in the trial.  Charts and summaries are only as

5

good as the underlying evidence that supports them.  You should, therefore, give

6

them only such weight as you think the underlying evidence deserves.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 2.13.

| | |
|---|---|
| | GIVEN: _____ |
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

45

1

2

**PROPOSED JURY INSTRUCTION NO. 23**
**EVIDENCE ADMITTED FOR LIMITED PURPOSE**

3

4

5

During the trial, I explained to you that certain evidence was admitted for a limited purpose.  You may consider that evidence only for the limited purpose that I described, and not for any other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

46
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1  **<u>Authority:</u>** CACI 206.

2

3  |  | GIVEN: _____ |
4  |  | REFUSED: _____ |
5  |  | MODIFIED: _____ |
6  |  | WITHDRAWN: _____ |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 24**
**MISAPPROPRIATION OF TRADE SECRETS—**
**ESSENTIAL FACTUAL ELEMENTS**

3

4

5

Herbalife claims that Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff

Orr, Kathy Orr, Jason Fisher and Dianna Thompson have misappropriated its trade

secrets.  To succeed on this claim, Herbalife must prove all of the following:

6

7

     1.    That Herbalife owned Lineage Reports, Royalty Override Statements,

         and Production Bonus statements;

8

9

10

     2.    That these Lineage Reports, Royalty Override Statements, Production

         Bonus statements and the data contained within them were trade

         secrets at the time of the misappropriation;

11

12

     3.    That the Defendant improperly acquired, used, or disclosed the trade

         secrets;

13

14

     4.    That Herbalife was harmed or that the Defendant was unjustly

         enriched; and

15

16

17

     5.    That the Defendant's acquisition, use, and disclosure was a substantial

         factor in causing Herbalife's harm or in causing the Defendant to be

         unjustly enriched.

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** CACI 4401.

2

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

49

la-1033304

**PROPOSED JURY INSTRUCTION NO. 25**
**"TRADE SECRET" DEFINED**

To prove that the Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them are trade secrets, Herbalife must prove all of the following:

1.     That the Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them were secret;

2.     That the Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them had actual or potential independent economic value because they were secret; and

3.     That Herbalife made reasonable efforts to keep the Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them secret.

The Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them have independent economic value if they give the owner an actual or potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use.  In determining whether information had actual or potential independent economic value because it was secret, you may consider the following:

(a)     The extent to which Herbalife obtained or could obtain economic value from the Lineage Reports, Royalty Override Statements, Production Bonus statements in keeping them secret;

(b)     The extent to which others could obtain economic value from the Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them if they were not secret;

(c)     The amount of time, money or labor that Herbalife expended in developing the Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them;

50

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1

        (d)     The amount of time, money or labor that was saved by a competitor who used the Lineage Reports, Royalty Override Statements, Production Bonus statements and the data contained within them.

The presence or absence of any one or more of these factors is not necessarily determinative.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority**: CACI 4402, 4412.

|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1
2

**PROPOSED JURY INSTRUCTION NO. 26**
**SECRECY REQUIREMENT**

3
4
5
6
7
8
9

     The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in Herbalife's use of the trade secret as long as they are instructed to keep the information secret.  It may also be disclosed to nonemployees (such as Herbalife distributors) if they are obligated to keep the information secret.  However, it must not have been generally known to the public or to people who could obtain value from knowing it.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 4403.

**Modified**: Specifies Herbalife distributors as nonemployees.

|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

54

la-1033304

1

**PROPOSED JURY INSTRUCTION NO. 27**
**REASONABLE EFFORTS TO PROTECT SECRECY**

2

3        To establish that the Lineage Reports, Royalty Override Statements,

4   Production Bonus statements and the data contained within them are trade secrets,

5   Herbalife must prove that it made reasonable efforts under the circumstances to

6   keep this information secret.

7        "Reasonable efforts" are the efforts that would be made by a reasonable

8   business in the same situation and having the same knowledge and resources as

9   Herbalife, exercising due care to protect important information of the same kind.

10  This requirement applies separately to each item that Herbalife claims to be a trade

11  secret.

12       In determining whether or not Herbalife made reasonable efforts to keep its

13  information secret, you should consider all of the facts and circumstances.  Among

14  the factors you may consider are the following:

15       a.      Whether documents or computer files containing the Lineage Reports,

16               Royalty Override Statements, Production Bonus statements and the

17               data contained within them were marked with confidentiality

18               warnings;

19       b.      Whether Herbalife instructed its distributors to treat the information as

20               confidential information

21       c.      Whether Herbalife restricted access to the Lineage Reports, Royalty

22               Override Statements, Production Bonus statements and the data

23               contained within them to persons who had a business reason to know

24               the information;

25       d.      Whether Herbalife kept the Lineage Reports, Royalty Override

26               Statements, Production Bonus statements and the data contained

27               within them in a restricted or secured area;

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1       e.      Whether Herbalife required its Distributors and others with access to

2               the information to sign confidentiality or nondisclosure agreements;

3       f.      Whether Herbalife took any action to protect its Lineage Reports,

4               Royalty Override Statements, Production Bonus statements and the

5               data contained within them, or whether it relied on general measures

6               taken to protect its business information or assets;

7       g.      The extent to which any general measures taken by Herbalife would

8               prevent the unauthorized disclosure of its Lineage Reports, Royalty

9               Override Statements, Production Bonus statements and the data

10              contained within them.

11      h.      Whether there were other reasonable measures available to Herbalife

12              that it did not take.

13      The presence or absence of any one or more of these factors is not

14  necessarily determinative.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

56

1    **Authority**: CACI 4404.

2    **Modified**: Deletes factors not relevant to the specifics of the case.

3

4    | | GIVEN: \_\_\_\_\_ |
5    | | REFUSED: \_\_\_\_\_ |
6    | | MODIFIED: \_\_\_\_\_ |
7    | | WITHDRAWN: \_\_\_\_\_ |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    57

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 28**
**MISAPPROPRIATION BY ACQUISITION**

A defendant misappropriated Herbalife's trade secrets by acquisition if the

Defendant acquired the trade secrets and knew or had reason to know that he or she

used improper means to acquire them.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1      **Authority:** CACI 4405.

2

3                                                          GIVEN:        _____

4                                                          REFUSED:      _____

5                                                          MODIFIED:     _____

6                                                          WITHDRAWN:    _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

## PROPOSED JURY INSTRUCTION NO. 29
## MISAPPROPRIATION BY DISCLOSURE

A Defendant misappropriated Herbalife's trade secrets by disclosure if that Defendant:

1.      Disclosed them without Herbalife's consent; and

2.      Did any of the following:

        (a)      Acquired knowledge of the trade secrets by improper means; or

        (b)      At the time of disclosure, knew or had reason to know that his or knowledge of Herbalife's trade secrets came from or through another Defendant, and that that Defendant had previously acquired the trade secrets by improper means; or

        (c)      At the time of disclosure, knew or had reason to know that his or her knowledge of Herbalife's trade secrets was acquired subject to the terms of a legal contract, which created a duty to keep the information secret

        (d)      At the time of disclosure, knew or had reason to know that his or her knowledge of Herbalife's trade secrets came from or through another Defendant, and that Defendant had a duty to Herbalife to keep the information secret.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority**: CACI 4406.

**Modified**: Deletes factor not relevant to the specifics of the case

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1

2

## PROPOSED JURY INSTRUCTION NO. 30
## MISAPPROPRIATION BY USE

3      A Defendant misappropriated Herbalife's trade secrets by use if the

4  Defendant:

5      1.      Used them without Herbalife's consent; and

6      2.      Did any of the following:

7              (a)      Acquired knowledge of the trade secret[s] by improper means;

8              or

9              (b)      At the time of use, knew or had reason to know that his or her

10             knowledge of Herbalife's trade secrets came from or through another

11             Defendant, and that other Defendant had previously acquired the trade

12             secret[s] by improper means; or

13             (c)      At the time of use, knew or had reason to know that his or her

14             knowledge of Herbalife's trade secrets was acquired under

15             circumstances creating a legal obligation to limit use of the

16             information.

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority**: CACI 4407.

**Modified**: Deletes factors not relevant to the specifics of the case.

|  | GIVEN: _____ |
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 31**
**IMPROPER MEANS OF ACQUIRING TRADE SECRET**

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft/misrepresentation/breach or inducing a breach of a duty to maintain secrecy.

However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of the following:

l.     Independent efforts to invent or discover the information;

2.     Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product

3.     Obtaining the information as a result of a license agreement with the owner of the information;

4.     Observing the information in public use or on public display; or

5.     Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

64
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1   **Authority**: CACI 4408.

2   **Modified**: Deletes factors not relevant to the specifics of this case.

3

4   | | GIVEN: _____ |
    | | REFUSED: _____ |

5

6   | | MODIFIED: _____ |

7   | | WITHDRAWN: _____ |

65

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 32**
**REMEDIES FOR MISAPPROPRIATION OF TRADE SECRET**

3

4

5

6

     If Herbalife proves that any Defendant misappropriated its trade secrets, then Herbalife is entitled to recover damages from that Defendant if the misappropriation caused Herbalife to suffer an actual loss or any Defendant to be unjustly enriched.

7

8

9

10

     If any Defendant's misappropriation did not cause Herbalife to suffer an actual loss or any Defendant to be unjustly enriched, Herbalife may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited.  However, I will calculate the amount of any royalty.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:**  CACI 4409.

2    **Modified**: Identifies Defendant as the source of damage recovery.

3

| | GIVEN: _____ |
| --- | --- |
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

67

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

## PROPOSED JURY INSTRUCTION NO. 33
### UNJUST ENRICHMENT

Defendants Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff Orr, Kathy Orr, Jason Fisher and/or Dianna Thompson were unjustly enriched if their misappropriation of Herbalife's trade secrets caused any of them to receive a benefit that they otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of each Defendant's benefit that would not have been achieved except for his/her misappropriation.  Then subtract from that amount each Defendant's reasonable expenses.  In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for Herbalife's actual loss.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1      **Authority:**  CACI 4410.

2

3      |  | GIVEN:        _____ |
       |  | REFUSED:      _____ |
       |  | MODIFIED:     _____ |
       |  | WITHDRAWN:    _____ |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 34**
**PUNITIVE DAMAGES FOR WILLFUL OR MALICIOUS MISUSE**

If you decide that any Defendant's misappropriation caused Herbalife's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed Herbalife and to discourage similar conduct in the future.

In order to recover punitive damages, Herbalife must prove by clear and convincing evidence that a Defendant acted willfully and maliciously. You must determine whether that Defendant acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that the Defendant acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that the Defendant acted with an intent to cause injury, or that the Defendant's conduct was despicable and was done with a willful and knowing disregard for the rights of others. "Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people. The Defendant acted with knowing disregard if he or she was aware of the probable consequences of his or her conduct and deliberately failed to avoid those consequences.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 4411.

| | |
|---|---|
| | GIVEN: _____ |
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 35**
**CONTRACT FORMATION—ESSENTIAL FACTUAL ELEMENTS**

Herbalife claims that the parties entered into a contract. To prove that a contract was created, Herbalife must prove all of the following:

1.    That the contract terms were clear enough that the parties could understand what each was required to do;

2.    That the parties agreed to give each other something of value. A promise to do something or not to do something may have value; and

3.    That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Herbalife did not prove all of the above, then a contract was not created.

1    **Authority:** CACI 302.

2

3    | | GIVEN: _____ |
     | --- | --- |
     | | REFUSED: _____ |
     | | MODIFIED: _____ |
     | | WITHDRAWN: _____ |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 36**
**BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS**
**(AS TO ALL DEFENDANTS)**

To recover damages from Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff Orr, Kathy Orr, Jason Fisher and/or Dianna Thompson for breach of contract, Herbalife must prove all of the following:

1.     That Herbalife and the Defendant entered into a contract;

2.     That Herbalife did all, or substantially all, of the significant things that the contract required it to do;

3.     That all conditions required by the contract for the Defendant's performance had occurred;

4.     That the Defendant failed to do something that the contract required him or her to do; and

5.     That Herbalife was harmed by that failure.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **<u>Authority</u>:** CACI 303.

2

3    | | GIVEN: _____ |
     | --- | --- |
     | | REFUSED: _____ |
     | | MODIFIED: _____ |
     | | WITHDRAWN: _____ |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1
2

**PROPOSED JURY INSTRUCTION NO. 37**
**NOMINAL DAMAGES**

3

  If you decide that Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff Orr,

4

Kathy Orr, Jason Fisher and/or Dianna Thompson breached the contract but also

5

that Herbalife was not harmed by the breach, you may still award it nominal

6

damages such as one dollar.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 360.

| | GIVEN: \_\_\_\_\_ |
|---|---|
| | REFUSED: \_\_\_\_\_ |
| | MODIFIED: \_\_\_\_\_ |
| | WITHDRAWN: \_\_\_\_\_ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 38**
**INTERFERENCE WITH CONTRACTUAL RELATIONS**

Herbalife claims that Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff Orr, Kathy Orr, Jason Fisher and/or Dianna Thompson intentionally interfered with the contracts between Herbalife and its Distributors. To establish this claim, Herbalife must prove all of the following:

1.    That there was a contract between Herbalife and [See Attached List];

2.    That the Defendant knew of the contracts;

3.    That the Defendant intended to induce a breach or disrupt the performance of the contract;

4.    That the Defendant's conduct prevented performance or made performance more expensive or difficult;

5.    That Herbalife was harmed; and

6.    That the Defendant's conduct was a substantial factor in causing Herbalife's harm.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| Donna Annunziato | David D Lenz | Douglas F Bowers |
| Paul Anzalone | Joseph Letteri | Ronald J Brent |
| Anna Babbitt | Valerie A Lewis | Jacqueline Brown |
| Robert Baylor | Duane Lindahl | Kelly Caskey |
| Jordana Bogart | Katherine Love | Jacie Clark |
| Al J Bonvicino | Tammy J McGinty | Debra A Cowan |
| Michael Borelli | Libertad Melendez | Nichole Ernest |
| Masika Bryce | Linda Montonera | Linda Ertl |
| Anthony Calandra | Linda Robinson | April Esquerra |
| Rebecca Corbin | Bruce Roth | Sharon Farmer |
| Thomas Davidson | Nancy Roth | Lelaruth Greco |
| Luis DeJesus | Cindi Schofield | Eve Hannan |
| Masao Farina | Sandra Scott | Garry Harring |
| Robert Ford | Patrick H Sherman | Jackie M Hogue |
| Julia Ford | Kristi Sherman | Bill Humphreys |
| Rosemary Frombach | Linda Stewart | Jaylene R Jenkins |
| Jill L MacDonald | Lucille Wesley | April Jones |
| Anthony Melia | Ava White | Prateek Karkal |
| Vincent Milano | Katherine Alexander | David V Lengacher |
| Robert Miller | Donald Baer | James E Martin |
| Jeff Orr | Janet Baer | Faye E Meekhof |
| Kathy Orr | Tanya Davis | Debbi Meier |
| Judith Passiglia | Lauren Dennis | Stephen Miles |
| Annette Petrocelli | Betty Ehmer | Deborah Moniaci |
| Paula Romeo | Alma Gomez | Emma Morgan |
| Mary Simpson | Paul Graf | Kerry Murphy |
| Patsy Stembridse | Melinda Grogan | Loretta Pruski |
| Stan Tzouvelekas | Bonnie Gunn | Jack Reeder |
| Jennifer Wade | Janet Heekin | Dale Riedl |
| Vera Anderson | Pamela Hutchinson | Jason Rosselli |
| Glenna L Bowman | Melanie Kemper | Nicholas Rosselli |
| Maricarmen Ceron | Errin Linder | Preston Sipe |
| Lori A Coe | Linnea Northcutt | Frances Spawr |
| Amitabh Dey | Kim Pettegrew | Mary Tucker |
| Misty Dobbs | Barbara Redding | Ted Watson |
| Joel Foster | Carolyn Tenison | Karen Westerlind |
| Abraham George | Cristine Treptow | Margaret Williams |
| David M George | Oliver Vera | Nancy Willis |
| CJ Gillespie | Ty Allen | Sylvia Greene |
| Beverly Johnson | Melissa Allen | Tonia Johnson |
| Tabatha Kehoe | Chris G Andersen | Elizabeth Klucken |
| Jack Lackey | Lee R Andrus | Ron Nauta |
| Michelle Lalena | Laurel Bailey | Marion Tabor |
| Patricia Lawrence | Joyce A Barrett | |

79

la-1033304

1  **Authority:** CACI 2201.

2

3  | | GIVEN: \_\_\_\_\_ |
   |---|---|
   | | REFUSED: \_\_\_\_\_ |
   | | MODIFIED: \_\_\_\_\_ |
   | | WITHDRAWN: \_\_\_\_\_ |

80

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 39**
**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE: DEFINITION OF INTENT**

3

4

5

6

   In deciding whether Defendants acted intentionally, you may consider whether Defendants knew that a disruption was substantially certain to result from his or her conduct.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 2203.

|  | GIVEN: _____ |
| --- | --- |
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

82

1
2

**PROPOSED JURY INSTRUCTION NO. 40**
**LOST PROFITS (ECONOMIC DAMAGE)**

3
4
5
6

To recover damages for lost profits, Herbalife must prove it is reasonably certain it would have earned profits but for the conduct of Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jeff Orr, Kathy Orr, Jason Fisher and/or Dianna Thompson.

7
8
9
10

To decide the amount of damages for lost profits, you must determine the gross amount Herbalife would have received but for the Defendant's conduct and then subtract from that amount the expenses Herbalife would have had if the Defendant's conduct had not occurred.

11
12

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

83
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 3903N.

|  | GIVEN: _____ |
|--|--|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 41**
**PRESENT CASH VALUE**

If you decide that Herbalife's harm includes future economic damages for loss of earning, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Herbalife with the amount of its future damages.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 3904.

**Modified**: Deletes factors not relevant to the specifics of this case.

|  | GIVEN: _____ |
|--|--------------|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 42**
**PUNITIVE DAMAGES**

If you decide that any Defendant's conduct caused Herbalife harm by intentionally interfering with Herbalife's contracts with its Distributors, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Herbalife proves by clear and convincing evidence that the Defendant engaged in that conduct with malice, oppression, or fraud.

"Malice" means that the Defendant acted with intent to cause injury or that the Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that the Defendant's conduct was despicable and subjected Herbalife to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Herbalife.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)     How reprehensible was the Defendant's conduct? In deciding how reprehensible the Defendant's conduct was, you may consider, among other factors:

1.     Whether the conduct caused physical harm;

87

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1         2.     Whether the Defendant disregarded the health or safety of

2    others;

3         3.     Whether Herbalife was financially weak or vulnerable and

4    Defendant knew Herbalife was financially weak or vulnerable and

5    took advantage of it;

6         4.     Whether the Defendant's conduct involved a pattern or practice;

7    and

8         5.     Whether the Defendant acted with trickery or deceit.

9    (b)    Is there a reasonable relationship between the amount of punitive

10 damages and Herbalife's harm or between the amount of punitive damages and

11 potential harm that the Defendant knew was likely to occur because of his or her

12 conduct?

13    (c)    In view of the Defendant's financial condition, what amount is

14 necessary to punish him or her and discourage future wrongful conduct?  You may

15 not increase the punitive award above an amount that is otherwise appropriate

16 merely because the Defendant has substantial financial resources.

17      Punitive damages may not be used to punish a Defendant for the impact of

18 his or her alleged misconduct on persons other than Herbalife.

19

20

21

22

23

24

25

26

27

28

88

---

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** CACI 3940

2

3    |  | GIVEN: _____ |
     |  | REFUSED: _____ |
4    |  | MODIFIED: _____ |
5    |  | WITHDRAWN: _____ |
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      89

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 43**
**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**
**ADVANTAGE - DEFINITION OF INTENT**

3

4

5

In deciding whether Herbalife acted intentionally, you may consider whether Herbalife knew that a disruption was substantially certain to result from its conduct.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

90

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

**Authority:** CACI 2203.

|  | GIVEN: _____ |
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 44**
**INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED**

3      If you decide that Counterclaimants have proved their claims against

4  Herbalife, you also must decide how much money will reasonably compensate

5  Counterclaimants for the harm. This compensation is called "damages."  The

6  amount of damages must include an award for each item of harm that was caused

7  by Herbalife's wrongful conduct, even if the particular harm could not have been

8  anticipated.  Counterclaimants do not have to prove the exact amount of damages

9  that will provide reasonable compensation for the harm.  However, you must not

10  speculate or guess in awarding damages.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 3900.

| | GIVEN: _____ |
| --- | --- |
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

la-1033304

1

**PROPOSED JURY INSTRUCTION NO. 45**
**MEASURES OF TYPES OF DAMAGES**

2

3        In determining the measure of damages, you should consider:

4        The reasonable value of earnings, earning capacity, lost profits and business

5   opportunities lost to the present time; and

6        The reasonable value of earnings, earning capacity, lost profits and business

7   opportunities, which with reasonable probability will be lost in the future.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

94

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1    **Authority:** Ninth Circuit Model Jury Instruction No. 5.2

2

3    |  | GIVEN: _____ |
4    |  | REFUSED: _____ |
5    |  | MODIFIED: _____ |
6    |  | WITHDRAWN: _____ |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      95

la-1033304

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED JURY INSTRUCTION NO. 46**
**LOST EARNING CAPACITY (ECONOMIC DAMAGE)**

To recover damages for the loss of the ability to earn money as a result of the injury, Counterclaimants must prove the reasonable value of that loss to them. It is not necessary that they have a work history.

96
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 3903D.

|  | GIVEN: _____ |
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

97

1

2

**PROPOSED JURY INSTRUCTION NO. 47**
**LOST PROFITS (ECONOMIC DAMAGE)**

3

4

5

6

7

8

To recover damages for lost profits, Counterclaimants must prove it is reasonably certain they would have earned profits but for Herbalife's conduct.  To decide the amount of damages for lost profits, you must determine the gross amount Counterclaimants would have received but for Herbalife's conduct and then subtract from that amount the expenses Counterclaimants would have had if Herbalife's conduct had not occurred.

9

10

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:**  CACI 3903N.

|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

99

la-1033304

### PROPOSED JURY INSTRUCTION NO. 48
### PUNITIVE DAMAGES

If you decide that Herbalife's conduct caused a Counterclaimant harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if a Counterclaimant proves by clear and convincing evidence that Herbalife engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Herbalife acted with intent to cause injury or that Herbalife's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Herbalife's conduct was despicable and subjected a Counterclaimant to cruel and unjust hardship in knowing disregard of his or her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Herbalife intentionally misrepresented or concealed a material fact and did so intending to harm a Counterclaimant.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)     How reprehensible was Herbalife's conduct? In deciding how reprehensible Herbalife's conduct was, you may consider, among other factors:

1.     Whether the conduct caused physical harm;

100

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    2.    Whether Herbalife disregarded the health or safety of others;

2    3.    Whether a Counterclaimant was financially weak or vulnerable and

3    Herbalife knew a Counterclaimant was financially weak or vulnerable and took

4    advantage of him or her;

5    4.    Whether Herbalife's conduct involved a pattern or practice; and

6    5.    Whether Herbalife acted with trickery or deceit.

7    (b)    Is there a reasonable relationship between the amount of punitive

8    damages and a Counterclaimant's harm or between the amount of punitive damages

9    and potential harm that Herbalife knew was likely to occur because of its conduct?

10    (c)    In view of Herbalife's financial condition, what amount is necessary to

11    punish it and discourage future wrongful conduct?  You may not increase the

12    punitive award above an amount that is otherwise appropriate merely because

13    Herbalife has substantial financial resources.

14    Punitive damages may not be used to punish Herbalife for the impact of its

15    alleged misconduct on persons other than a Counterclaimant.

101

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:**  CACI 3943.

2
|  | GIVEN: _____ |
|---|---|
|  | REFUSED: _____ |
|  | MODIFIED: _____ |
|  | WITHDRAWN: _____ |

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 49**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

103
**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

1    **Authority:** Ninth Circuit Model Jury Instruction 3.1.

2

| | |
|---|---|
| 3 | GIVEN: _____ |
| 4 | REFUSED: _____ |
| 5 | MODIFIED: _____ |
| 6 | WITHDRAWN: _____ |

104

la-1033304

1

**PROPOSED JURY INSTRUCTION NO. 50**
**TAKING NOTES DURING THE TRIAL**

2

3       If you have taken notes during the trial you may take your notebooks with

4   you into the jury room.

5       You may use your notes only to help you remember what happened during

6   the trial.  Your independent recollection of the evidence should govern your verdict.

7   You should not allow yourself to be influenced by the notes of other jurors if those

8   notes differ from what you remember.

9       At the end of the trial, your notes will be collected and retained by the court

10  but not as a part of the case record.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 5010.

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

106

la-1033304

1
2

**PROPOSED JURY INSTRUCTION NO. 51**
**READING BACK OF TRIAL TESTIMONY IN JURY ROOM**

3      You may request in writing that trial testimony be read to you. I will have the

4    court reporter read the testimony to you. You may request that all or a part of a

5    witness's testimony be read.

6      Your request should be as specific as possible. It will be helpful if you can

7    state:

8           1.      The name of the witness;

9           2.      The subject of the testimony you would like to have read; and

10          3.      The name of the attorney or attorneys asking the questions when the

11                  testimony was given.

12     The court reporter is not permitted to talk with you when she or he is reading

13   the testimony you have requested.

14     While the court reporter is reading the testimony, you may not deliberate or

15   discuss the case.

16     You may not ask the court reporter to read testimony that was not

17   specifically mentioned in a written request. If your notes differ from the testimony,

18   you must accept the court reporter's record as accurate.

19
20
21
22
23
24
25
26
27
28

107

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** CACI 5011.

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

108

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 52**
**JUDGE'S COMMENTING ON EVIDENCE**

3

4

5

6

7

In this case, I have exercised my right to comment on the evidence. However, you the jury are the exclusive judges of all questions of fact and of the credibility of the witnesses. You are free to completely ignore my comments on the evidence and to reach whatever verdict you believe to be correct, even if it is contrary to any or all of those comments.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1    **Authority:** CACI 5016.

2

3    | | GIVEN: _____ |
4    | | REFUSED: _____ |
5    | | MODIFIED: _____ |
6    | | WITHDRAWN: _____ |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**PROPOSED JURY INSTRUCTION NO. 53**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1  **Authority:** Ninth Circuit Model Jury Instruction 3.2

2

3  | | GIVEN: _____ |
4  | | REFUSED: _____ |
5  | | MODIFIED: _____ |
6  | | WITHDRAWN: _____ |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

1

2

**PROPOSED JURY INSTRUCTION NO. 54**
**RETURN OF VERDICT**

3

4

5

6

7

    A verdict form has been prepared for you.  This form will lay out your verdict for the parties on each claim and counterclaim at issue here.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT DOCUMENT RE AGREED UPON JURY INSTRUCTIONS**

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 3.3

**Modified**: Includes explanation of verdict form (second sentence).

| | GIVEN: _____ |
|---|---|
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

114

### PROPOSED JURY INSTRUCTION NO. 55
### DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

115

la-1033304

**Authority:** Ninth Circuit Model Jury Instruction 3.5

| | |
|---|---|
| | GIVEN: _____ |
| | REFUSED: _____ |
| | MODIFIED: _____ |
| | WITHDRAWN: _____ |

117

la-1033304

1

2

3

4

Hon. Gary A. Feess
United States District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

la-1033304