CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
SEAN P. GATES (CA SBN 186247)
SGates@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff and Counterclaim Defendant
Herbalife International of America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Herbalife International of America, Inc., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher,<br><br>Defendants. | Case No. CV 07 2529 GAF (FMOx)<br><br>Hon. Gary A. Feess<br><br>**NOTICE OF MOTION AND MOTION BY HERBALIFE INTERNATIONAL OF AMERICA, INC. FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON THE ENDLESS CHAIN SCHEME COUNTERCLAIM**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 9, 2010<br>Time: 9:30 a.m.<br>Courtroom: 740-Roybal |

la-1059029

## Notice of Motion and Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on the Endless Chain Scheme Counterclaim

To Defendants/Counterclaimants and Their Counsel of Record:

PLEASE TAKE NOTICE that on March 9, 2010, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 740 - Roybal of the above Court, Plaintiff and Counterclaim Defendant Herbalife International of America, Inc. ("Herbalife"), will move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment as to all remaining counterclaims of the Amended Counterclaim filed by Defendants and Counterclaimants Robert Ford, Julia Ford, Bruce Roth, Nancy Roth, Jason Fisher, Dianna Thompson, Jeff Orr and Kathy Orr (collectively, "Defendants").  In the alternative, Herbalife seeks partial summary judgment ordering that Defendants cannot seek injunctive relief under their "endless chain scheme" counterclaim.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings and other files herein, and such other written and oral argument as may be presented to the Court.  This motion is made pursuant to the Court's December 21, 2009 minute order (Civil Minutes [Dkt. No. 389]) and following the conference of counsel pursuant to Local Rule 7-3, which took place over several dates in December 2009.

Dated:   February 1, 2010              MORRISON & FOERSTER LLP

                                       By:  /s/ Charles E. Patterson
                                            Charles E. Patterson
                                            Gregory B. Koltun
                                            Sean P. Gates

                                       Attorneys for Plaintiff and
                                       Counterclaim Defendant
                                       HERBALIFE INTERNATIONAL
                                       OF AMERICA, INC.

1

la-1059029

# TABLE OF CONTENTS

**Page**

I. TABLE OF AUTHORITIES ................................................................................ ii

II. INTRODUCTION ................................................................................................1

III. BACKGROUND ..................................................................................................2

IV. GOVERNING STANDARD ................................................................................3

V. ARGUMENT ........................................................................................................4

    A. Injunctive Relief and Damages are Not Available under Section 1689.2 ...........................................................................................................5

    B. Section 327 Does Not Create a Private Right of Action .........................6

    C. Defendants Cannot Obtain an Injunction to Enforce a Criminal Statute ...........................................................................................................8

    D. Defendants Already Failed to Proffer Sufficient Evidence of Causation ....................................................................................................10

VI. CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

## CASES

*Animal Legal Defense Fund v. Mendes*,
  160 Cal. App. 4th 136 (2008) ....................................................................................... 7

*Cal. v. Campbell*,
  138 F.3d 772 (9th Cir. 1998) ....................................................................................... 3

*Carter v. Chotiner*,
  210 Cal. 288 (1930) ................................................................................................... 10

*Cell Assocs. v. NIH*,
  579 F.2d 1155 (9th Cir. 1978) ................................................................................... 10

*Chern v. Bank of Am.*,
  15 Cal. 3d 866 (1976) .................................................................................................. 6

*Crippen v. Sup. Ct.*,
  159 Cal. App. 3d 254 (1984) ....................................................................................... 6

*Crusader Ins. Co. v. Scottsdale Ins. Co.*,
  54 Cal. App. 4th 121 (1997) ........................................................................................ 9

*Day v. City of Fontana*,
  25 Cal. 4th 268 (2001) ................................................................................................. 6

*Goehring v. Chapman Univ.*,
  121 Cal. App. 4th 353 (2004) ...................................................................................... 8

*Harris Technical Sales, Inc. v. Eagle Test Sys., Inc.*,
  No. 06-02471, 2008 WL 343260, at *9-10 (D. Ariz. Feb. 5, 2008) ............................ 4

*Int'l Ass'n of Cleaning and Dye House Workers v. Landowitz*,
  20 Cal. 2d 418 (1942) ................................................................................................ 11

*Little Oil Co. v. Atl. Richfield Co.*,
  852 F.2d 441 (9th Cir. 1988) ....................................................................................... 6

*McCormick v. Fund Am. Cos.*,
  26 F.3d 869 (9th Cir. 1994) ......................................................................................... 3

*Monterey Club v. Superior Court*,
  48 Cal. App. 2d 131 (1941) .................................................................................. 11, 12

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
  46 Cal. 3d 287 (1988) .................................................................................................. 7

*Myerchin v. Family Benefits, Inc.*,
   162 Cal. App. 4th 1526 (2008) ..................................................................................5

*Okura & Co. (Am.), Inc. v. Careau Group*,
   783 F. Supp. 482 (C.D. Cal. 1991) ............................................................................5

*Pac. Gas and Elec. Co. v. Shasta Dam Area Pub. Util. Dist.*,
   135 Cal. App. 2d 463 (1955) .....................................................................................6

*People v. Lim*,
   18 Cal. 2d 872 (1941) ..............................................................................................11

*People v. Narron*,
   192 Cal. App. 3d 724 (1987) ..................................................................................6, 9

*Perrin v. Mountain View Mausoleum Ass'n*,
   206 Cal. 669 (1929) ............................................................................................10, 11

*Schaefer v. Williams*,
   15 Cal. App. 4th 1243 (1993) ....................................................................................8

*Stegner v. Bahr & Ledoyen, Inc.*,
   126 Cal. App. 2d 220 (1954) ...................................................................................11

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
   17 Cal. 4th 553 (1998) ...............................................................................................7

*Syngenta Crop Protection, Inc. v. Helliker*,
   138 Cal. App. 4th 1135 (2006) .................................................................................12

*Watson Labs. v. Rhone-Poulenc Rorer, Inc.*,
   178 F. Supp. 2d 1099 (C.D. Cal. 2001) .....................................................................4

**STATUTES**

47 Cal. Jurisprudence 3d *Nuisance* § 12 (2001) .......................................................8

Cal. Civ. Code § 1689.2 ..........................................................................................5, 9

Cal. Civ. Code § 1691(b) ...........................................................................................4

Cal. Civ. Code § 3369 ................................................................................................8

Cal. Civ. Code § 3479 ................................................................................................8

Cal. Penal Code § 327 ................................................................................................7

Fed. R. Civ. Pro. 56(a) ...............................................................................................3

**OTHER AUTHORITIES**

Legislative Counsel's Digest,
   1989 Cal. A.L.S. 436, California Statutes 1989, c. 436 ............................................8

1  *Moore's Federal Practice* § 56.40[2] (3d ed. 2009) .................................................3
2  Witkin, *Summary of California Law, Torts*, § 1553, at 1027 ..................................10

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

One issue of law stands in the way of resolving this case. Defendants contend that they may pursue injunctive relief and damages under their sole remaining claim. As demonstrated below, however, injunctive relief and damages are not available under Defendants' claim. Defendants may only seek rescission – a remedy that Defendants do not pursue. The court should therefore enter summary judgment against Defendants' remaining claim, which will lead to the complete resolution of this case.

Defendants are former Herbalife distributors who have joined a competing company, Melaleuca. Herbalife brought suit to halt Defendants' use of Herbalife's trade secret information to recruit Herbalife distributors to Melaleuca. Defendants counterclaimed, alleging, among other things, that Herbalife operates an endless chain scheme in violation of California Penal Code section 327. According to Defendants, this alleged scheme caused them to lose "income that they would have earned as Melaleuca Marketing Executives" because it prevented Defendants from successfully recruiting Herbalife distributors.

On the basis of the alleged scheme, Defendants brought claims for intentional interference with prospective economic advantage and unfair competition. The Court entered summary judgment dismissing these two claims.

In addition, however, Defendants brought an "endless chain scheme" claim – their sole remaining claim. California Civil Code section 1689.2 allows participants in an endless chain scheme to obtain rescission and recovery of "all consideration paid pursuant to the scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme." But Defendants do not seek to recover pursuant to a claim for rescission because the consideration they received during their time with Herbalife was substantially greater than the amounts they

paid to Herbalife. Instead, Defendants seek injunctive relief and damages as competitors of (not participants in) the alleged scheme.

Given the relief they seek, Defendants' endless chain scheme claim fails. Section 1689.2 does not provide for injunctive relief or damages. It only affords a cause of action for rescission.

Nor can Defendants bring a claim directly under Penal Code section 327. First, section 327 does not provide for a private right of action; nothing in the statute or legislative history indicates any intent to create such a private right. Second, even if the alleged violation of section 327 harmed Defendants, they cannot seek an injunction. California law is crystal clear that, absent an enabling civil statute, civil plaintiffs cannot obtain an injunction to enforce criminal law. Third, the Court's prior summary judgment ruling vitiates Defendants' claim. The Court found that Defendants have failed to raise a genuine issue of material fact regarding causation for their intentional interference claim. That finding disposes of Defendant's endless chain scheme claim because Defendants' theory of harm under this claim is identical their theory of causation for their interference claim.

The Court should enter summary judgment dismissing Defendants' endless chain scheme claim. Alternatively, the Court should enter an order holding that Defendants cannot seek injunctive relief.

## BACKGROUND

The Court granted Herbalife summary judgment against all of Defendants' claims except their endless chain scheme claim. (Mem. & Order re Cross-Mtns for SJ [Dkt. No. 374].) As to that claim, the Court concluded that it need not address Herbalife's arguments for summary judgment, reasoning that Defendants could "raise their endless-chain-scheme claim as an affirmative defense" to Herbalife's remaining claims. (*Id.* at 17 n.4).

As Herbalife has explained, resolving the question of whether Defendants may pursue an affirmative endless chain scheme claim, or may only use the alleged

endless chain scheme as an affirmative defense, would lead to the expeditious resolution of this case. (Dec. 7, 2009 Jt. Status Report [Dkt. No. 386] at 1-4.)[1] If the Court holds that Defendants do not have an affirmative claim, the case will end because Herbalife will seek voluntary dismissal of its remaining claims. (*Id.*) If, on the other hand, the Court finds that Defendants do have an affirmative claim, the Court may still substantially limit the issues for trial if it finds that Defendants cannot seek injunctive relief. (*Id.*)

Defendants contend that rescission under section 1689.2 is not the exclusive civil remedy for violations of section 327. As Defendants' counsel explained, "I think that 1689.2, which is the Civil Code that gives standing under 327 of the Penal Code, I don't think that that's an exclusive remedy saying rescission and restitution. Nowhere in the statute does it say that." (SUF ¶ 1.) Accordingly, the issue of whether Defendants may seek injunctive relief and damages under an endless chain scheme claim is ripe for decision.

## GOVERNING STANDARD

The Court may grant summary judgment on "all or part of a claim." Fed. R. Civ. P. 56(a). Summary judgment or partial summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *See McCormick v. Fund Am. Cos.*, 26 F.3d 869, 875 (9th Cir. 1994); *Cal. v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998). Partial summary judgment is an appropriate vehicle to eliminate issues for trial and may be granted as to a particular legal theory that underlies a claim. *See* II James W. Moore et al., *Moore's Federal Practice* § 56.40[2] (3d ed. 2009); *Harris Technical*

---

[1] SUF stands for Statement of Uncontroverted Facts, which are in Herbalife's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion By Herbalife International of America, Inc. For Summary Judgment or, In The Alternative, Partial Summary Judgment on the Endless Chain Scheme Counterclaim.

3

*Sales, Inc. v. Eagle Test Sys., Inc.*, No. 06-02471, 2008 WL 343260, at *9-10 (D. Ariz. Feb. 5, 2008); *Watson Labs. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1123 (C.D. Cal. 2001).

## ARGUMENT

Defendants' endless chain scheme claim is based on the allegation that Herbalife violates California Penal Code section 327. The California legislature provided a civil remedy for violations of section 327 in Civil Code section 1689.2, which states:

> A participant in an endless chain scheme, as defined in Section 327 of the Penal Code, may rescind the contract upon which the scheme is based, and may recover all consideration paid pursuant to the scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme. In addition, the court may, upon motion, award reasonable attorney's fees to a prevailing plaintiff.

The only relief available under section 1689.2 is rescission (pursuant to which a participant can recover amounts paid to the scheme, less the amounts received).

Defendants, however, do not seek rescission. Defendants made substantial profits through their association with Herbalife (SUF ¶ 2), and rescission would require Defendants to return to Herbalife all monies paid to them by Herbalife. Cal. Civ. Code § 1691(b).[2] Instead, Defendants' endless chain scheme claim "seeks injunctive relief and damages they sustained because Herbalife is an endless chain

---

[2] Moreover, to obtain rescission, Defendants must demonstrate that they are willing and able to restore to Herbalife everything of value received under their contracts. *Okura & Co. (Am.), Inc. v. Careau Group*, 783 F. Supp. 482, 504-05 (C.D. Cal. 1991); *see also Myerchin v. Family Benefits, Inc.*, 162 Cal. App. 4th 1526, 1532-34 (2008) (affirming summary judgment where plaintiff admitted he never offered to restore consideration, no longer had the monies, and was unable to repay it). Defendants have not done so.

4

1  (pyramid) scheme." (SUF ¶ 3.)   Moreover, Defendants have explicitly stated that
2  they seek relief as *competitors* of Herbalife, not as *participants*. (SUF ¶ 4.)

3       This they cannot do. Section 1689.2 does not provide relief for competitors
4  or for injunctive relief or damages.  Section 327 does not give rise to a private right
5  of action.  Nor can Defendants' seek an injunction to enforce section 327; civil
6  plaintiffs cannot obtain injunctions based on criminal law violations unless
7  provided by other law.  What is more, the Court has already found that Defendants
8  have failed to raise a genuine issue of material fact regarding causation.   The Court
9  should therefore enter summary judgment dismissing Defendants' endless chain
10 scheme claim or, at a minimum, hold that Defendants cannot seek injunctive relief.

11 **A.    Injunctive Relief and Damages are Not Available under Section 1689.2**

12      Defendants cannot obtain injunctive relief or damages under section 1689.2.
13 The statute's plain language provides for rescission with the attendant recovery of
14 compensation paid into the scheme less amounts paid by the scheme. Cal. Civ.
15 Code § 1689.2.  It does not provide for injunctive relief and damages.  Nor does it
16 provide a remedy for competitors of (as opposed to participants in) an endless chain
17 scheme.

18      Because of the statutory language, Defendants can only argue that the statute
19 impliedly authorizes injunctive relief and damages for competitors.  But, under
20 California law, if the language of the statute is unambiguous, the plain meaning
21 governs. *Day v. City of Fontana*, 25 Cal. 4th 268, 272 (2001).  In other words,
22 courts must construe California statutes "in accordance with the ordinary meaning
23 of the language used and to assume that the Legislature knew what it was saying
24 and meant what it said." *Pac. Gas and Elec. Co. v. Shasta Dam Area Pub. Util.*
25 *Dist.*, 135 Cal. App. 2d 463, 468 (1955).  This means that "the expression of certain
26 things in a statute necessarily involves exclusion of other things not expressed."
27 *Crippen v. Sup. Ct.*, 159 Cal. App. 3d 254, 260 (1984).  The California legislature's
28 express provision of rescission as a remedy for participants of an endless chain

scheme precludes other remedies for other persons under the statute. *See People v. Narron*, 192 Cal. App. 3d 724, 738 (1987) ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." (internal quotations omitted)); *see also Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976) ("The applicable statutes do not authorize recovery of damages by private individuals. Private relief is limited to the filing of actions for an injunction …").

As defendants do not seek the relief afforded by section 1689.2, the Court should dismiss Defendants' claim. *See Little Oil Co. v. Atl. Richfield Co.*, 852 F.2d 441, 445 (9th Cir. 1988) (holding California statute did not provide for private damages and affirming dismissal of claims since claims for relief provide by statute were moot).

**B.     Section 327 Does Not Create a Private Right of Action**

By eschewing rescission under section 1689.2, Defendants are forced to argue that Penal Code section 327 impliedly creates a private right of action for injunctive relief and damages. It is clear, of course, that a civil plaintiff may use the violation of a criminal statute to establish an element of a tort cause of action. *See Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 141 (2008). Civil plaintiffs may also bring an action under the California unfair competition statute to address "unlawful" conduct, including violations of criminal statutes. *See Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 558, 566-67 (1998).[3] Other than these types of claims, however, a criminal statute does not give rise to a private cause of action absent clear legislative intent. *See Moradi-Shalal v.*

---

[3] Defendants attempted to rely on both of these principles; they brought claims for intentional interference with prospective economic advantage and unfair competition based on the alleged endless chain scheme. The court entered judgment against both of those claims. (Mem. & Order re Cross-Mtns for SJ [Dkt. No. 374].)

6

la-1059029

*Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 292, 304 (1988) (overruling prior case holding that insurance code provision defining unfair competition created private cause of action because the case had "incorrectly evaluated the legislative intent").

Penal Code section 327 evinces no such intent. The operative language of the statute states:

> Every person who contrives, prepares, sets up, proposes, or operates any endless chain is guilty of a public offense, and is punishable by imprisonment in the county jail not exceeding one year or in state prison for 16 months, two, or three years.

Cal. Penal Code § 327. There is nothing in the statutory language indicating any intent to create a private cause of action. *Compare Schaefer v. Williams*, 15 Cal. App. 4th 1243, 1248 (1993) ("Nowhere in chapter 6 of the Elections Codes is there any suggestion that a pledge to abide by the Code of Fair Campaign Practices is enforceable through a private action. Surely, if the Legislature had intended to create such a private action, it would have done so by clear and direct language.") *with Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 377-80 (2004) (finding private cause of action for university student where statute specifically required university failing to comply with certain requirements to "make a full refund of all fees paid by students").

Nor is there anything in the legislative history indicating an intent to create a private right of action for injunctive relief and damages. The history shows that section 327 was enacted to help law enforcement, not create private suits. The legislation leading to section 327 was introduced "at the request of the Office of the Attorney General …. to enable local law enforcement agencies to halt the operations of … fraudulent endless chain pyramid 'investment' schemes." (SUF ¶ 5.) Nothing in the legislative history leading to the enactment of section 327 even mentions private plaintiffs. "If the Legislature simply did not consider the possibility of creating a new private right to sue, then the Legislature cannot have

7

had an intent to create a new private right to sue." *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 127 (1997).

In fact, subsequent legislative history indicates that the legislature did not intend section 327 to create a private cause of action for injunctive relief and damages. In 1989, the legislature amended section 327 to increase the potential penalty for a violation. *See* Legislative Counsel's Digest, 1989 Cal. A.L.S. 436, Cal. Stats. 1989, c. 436. In the same bill, the legislature enacted Civil Code section 1689.2, which was intended to specify that participants in an endless chain scheme "may rescind the contract upon which the scheme is based and may recover all consideration paid to the operator of the scheme, less any amounts paid or consideration provided to the participant under the scheme," and to "authorize the court to award reasonable attorney's fees to a prevailing plaintiff." *Id.*

In enacting section 1689.2, the California legislature specified a private cause of action based on a violation of section 327. The legislature thus limited civil remedies to rescission, restitution, and the possibility of attorney's fees. This forecloses Defendants' argument that section 327 provides for an alternative private cause of action. *See Narron*, 192 Cal. App. 3d at 738.

**C.     Defendants Cannot Obtain an Injunction to Enforce a Criminal Statute**

What is more, by asking for an injunction, Defendants effectively seek to enforce a criminal statute. But California statutory law provides that "[n]either specific nor preventive relief can be granted … to enforce a penal law, except in a case of nuisance or as otherwise provided by law."[4] Cal. Civ. Code § 3369. As the

---

[4] An endless chain scheme is not a "nuisance"; it is not "injurious to health," "indecent or offensive to the senses," "an obstruction to the free use of property," nor an obstruction to "the free passage or use" of navigable waters or land. Cal. Civ. Code § 3479; *see also Carter v. Chotiner*, 210 Cal. 288, 291 (1930) ("violation of a penal ordinance does not of itself create a private nuisance"); 47 Cal. Jur. 3d *Nuisance* § 12 (2001) ("the violation of a penal statute … does not constitute a nuisance unless the doing of the prohibited act would constitute a nuisance in the absence of such statute"). Nor does the law otherwise provide a right to an

8

California Supreme Court has explained, "This statutory enactment is but the expression of the fundamental rule that courts of equity are not concerned with criminal matters and they cannot be resorted to for the prevention of criminal acts, except where property rights are involved." *Perrin v. Mountain View Mausoleum Ass'n*, 206 Cal. 669, 671 (1929).

According to the California Supreme Court, absent specific statutory authority, permitting a civil plaintiff to seek injunctive relief to enforce penal law raises due process issues:

> [I]t is apparent that the equitable remedy has the collateral effect of depriving a defendant of the jury trial to which he would be entitled in a criminal prosecution for violating exactly the same standards of public policy. The defendant also loses the protection of the higher burden of proof required in criminal prosecutions …

*People v. Lim*, 18 Cal. 2d 872, 880 (1941) (internal citations omitted). "For these reasons equity is loath to interfere where the standards of public policy can be enforced by resort to the criminal law, and in the absence of a legislative declaration to that effect, the courts should not broaden the field in which injunctions against criminal activity will be granted." *Id.*; *see also Monterey Club v. Superior Court*, 48 Cal. App. 2d 131, 146 (1941) ("an individual accused of crime by way of prohibition or injunction … would be deprived of the right of trial by jury, the protection of the presumption of innocence and the doctrine of reasonable doubt; and in the final analysis, upon an order to show cause would be forced to become a witness against himself").

---

injunction; the California legislature only provided for rescissionary relief. Cal. Civ. Code § 1689.2; *cf. Cell Assocs. v. NIH*, 579 F.2d 1155, 1159 (9th Cir. 1978) (injunctive relief not available where legislature provided only for damages).

9

1 Based on these principles, California courts have held that a plaintiff, even if injured by defendant's acts, cannot obtain injunctive relief for criminal conduct such as violations of a "code of fair competition," *Int'l Ass'n of Cleaning and Dye House Workers v. Landowitz*, 20 Cal. 2d 418, 420 (1942)[5]; illegal construction of a mausoleum on land adjacent to plaintiff's property, *Perrin*, 206 Cal. at 672; illegal operation of a quarry, *Stegner v. Bahr & Ledoyen, Inc.*, 126 Cal. App. 2d 220, 231 (1954); or illegal gambling operations, *Monterey Club*, 48 Cal. App. 2d at 146. Defendants' attempt to obtain an injunction based on a violation of section 327 is no exception.

**D.  Defendants Already Failed to Proffer Sufficient Evidence of Causation**

In any event, Defendants cannot seek injunctive relief or damages under section 327 because they cannot show causation. To obtain either form of relief, Defendants must demonstrate a causal connection between the alleged endless chain scheme and their supposed injury. *Syngenta Crop Protection, Inc. v. Helliker*, 138 Cal. App. 4th 1135, 1167 (2006) (injunctive relief requires showing wrongful acts threaten to cause irreparable injury); 6 Bernard E. Witkin, *Summary of California Law, Torts*, § 1553, at 1027 (10th ed. 2005) (for damages the "necessary causal connection between the tortious conduct and the injury must be shown"). The Court's ruling on Herbalife's prior motion for summary judgment is dispositive on this issue.

Defendants argued that the alleged endless chain scheme was a wrongful act supporting their claim for intentional interference with prospective economic advantage. (SUF ¶ 6.) Their theory of harm was that Herbalife's conduct

---

[5] As the court explained, "in view of the fact that this ordinance is clearly penal in nature, it follows that plaintiffs' action in equity to restrain its violation requires specific authorization, in the absence of which it must be held that the complaint fails to state a cause of action." 20 Cal. 2d at 421.

10

la-1059029

prevented them from successfully recruiting more Herbalife distributors to Melaleuca. (SUF ¶ 7.)

Defendants' endless chain scheme claim is based on the same theory of harm. (*Id.*) Defendants' counsel recently confirmed this to be the case:

> Well, Your Honor, my clients are competitors with Herbalife. Every distributor that goes to Herbalife … can't be working with my clients …. What I'm saying is right now my clients are, in fact, competing with Herbalife, and Herbalife is out there. And what Herbalife is doing is continuing to force people to buy products in order to receive their checks or to qualify to become supervisors, and they're hurting people. And while they're doing it, they are putting up a road block for my client and their ability to compete lawfully with a business that doesn't require these kinds of things.

(*Id.*)[6]

The Court, however, found that Defendants failed to produce evidence sufficient to raise a triable issue of material fact on causation:

> The evidence that Defendants have produced in support of their intentional interference claim, however, fails as a matter of law to establish a reasonable certainty of prospective economic advantage. Defendants's deposition testimony regarding their efforts to recruit and train downline distributors and to develop business relationships with those individuals does nothing more than show an attenuated *possibility* of future economic advantage.

---

[6] Defendants' position is particularly ironic given that, as Herbalife pointed out in a Joint Status Report, Defendants are using their endless chain scheme allegations, as well as the Court's summary judgment order, to recruit Herbalife distributors to Melalueca, going so far as to advise Herbalife distributors that Herbalife will be "out of business."

11

1  (Mem. & Order re Cross-Mtns for SJ [Dkt. No. 374] at 22).  Defendants' evidence
2  "fail[ed] to go beyond mere speculation" because it did not "account for the myriad
3  variables" that might affect their ability to "recruit additional distributors as a result
4  of Herbalife's conduct."  (*Id.*)
5      This finding precludes Defendants' from seeking injunctive relief or damages
6  based on a stand-alone endless chain scheme.

## CONCLUSION

8      The Court should enter summary judgment dismissing Defendants' endless
9  chain scheme claim or, at a minimum, hold that Defendants cannot seek injunctive
10  relief.

Dated:    February 1, 2010          MORRISON & FOERSTER LLP

/s/ Charles E. Patterson
Charles E. Patterson
Gregory B. Koltun
Sean P. Gates

Attorneys for Plaintiff and
Counterclaim Defendant
HERBALIFE INTERNATIONAL
OF AMERICA, INC.