CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
SEAN P. GATES (CA SBN 186247)
SGates@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California  90013-1024
Telephone:  213.892.5200
Facsimile:   213.892.5454

Attorneys for Plaintiff and Counterclaim Defendant
Herbalife International of America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Herbalife International of America, Inc., a Nevada Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher,<br><br>　　　　　Defendants. | Case No. CV 07 2529 GAF (FMOx)<br><br>Hon. Gary A. Feess<br><br>**DECLARATION OF SEAN P. GATES IN SUPPORT OF MOTION BY HERBALIFE INTERNATIONAL OF AMERICA, INC. FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON THE ENDLESS CHAIN SCHEME COUNTERCLAIM**<br><br>Date:　　　March 9, 2010<br>Time:　　　9:30 a.m.<br>Courtroom: 740-Roybal |

la-1061020

I, SEAN P. GATES, declare as follows:

1. I am an attorney licensed to practice in California and am a partner in the law firm of Morrison & Foerster LLP, counsel of record for Plaintiff Herbalife International of America, Inc. ("Herbalife") in this matter. I am familiar with the facts set forth herein, and if sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit A to this Declaration is a true and correct copy of the parties' Joint Status Report, filed November 30, 2009 (Dkt. No. 386).

3. Attached as Exhibit B to this Declaration is a true and correct copy of the transcript of the status conference hearing in this matter on December 7, 2009.

4. Attached as Exhibit C to this Declaration is a true and correct copy of Defendants Memorandum of Contentions of Facts and Law (Dkt. No. 316).

5. On April 8, 2009, I held a meet and confer with Defendants' counsel regarding Herbalife's intention to file a motion for summary judgment. During that meet and confer, Defendants' counsel informed me that Defendants do not base their endless chain scheme on any alleged harm that occurred while Defendants were with Herbalife. Defendants' counsel stated that Defendants endless chain scheme claim is based on alleged harm Defendants suffered as competitors of Herbalife while working as Melaleuca Marketing Executives. Attached as Exhibit D to this Declaration is a true and correct copy of an email I sent to Defendants' counsel confirming this understanding of Defendants' claim.

6. Attached as Exhibit E to this Declaration is a true and correct copy of Defendants Memorandum in Opposition to Motion by Herbalife for Partial Summary Judgment (Dkt. No. 250).

7. Attached as Exhibit F is a true and correct copy of Defendants' Responses to Plaintiff's Second Set of Special Interrogatories No. 17.

1

1     8.    Attached as Exhibit G are true and correct copies of relevant excerpts of deposition transcripts of Robert Ford, Julia Ford, Dianna Thompson, Jeff Orr, Kathy Orr, Jason Fisher, and Nancy Roth.

     9.    The consideration paid by Herbalife to each of the Defendants is set forth in the previously filed Declaration of Jennifer Hienrich in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment (Dkt. No. 221) along with Exhibit A to that declaration, which is lodged under seal and attached to the Confidential Declaration of Sean P. Gates in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment (Dkt. No. 269).

     10.   The consideration paid by the Defendants for Herbalife product is set forth in the exhibits to the concurrently filed Confidential Declaration of Yvette Oliver in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment on the Endless Chain Scheme.

     11.   To put the consideration identified in the Hienrich and Oliver declarations into context, Robert and Julia Ford had a single Herbalife distributorship.  (Ex. G (J. Ford Dep. Tr. at 24.))  While Jeff and Kathy Orr each had an Herbalife distributorship, they operated the distributorships jointly and considered themselves to have a single downline.  (Ex. G (J. Orr Dep. Tr. at 27, 53.))

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on February 1, 2010, at Los Angeles, California.

                                             /s/ Sean P. Gates
                                             Sean P. Gates

la-1061020