CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
SEAN P. GATES (CA SBN 186247)
SGates@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiff and Counterclaim Defendant
Herbalife International of America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Herbalife International of America, Inc., a Nevada Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher,<br><br>　　　　Defendants. | Case No. CV 07 2529 GAF (FMOx)<br><br>Hon. Gary A. Feess<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION BY HERBALIFE INTERNATIONAL OF AMERICA, INC. FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON THE ENDLESS CHAIN SCHEME COUNTERCLAIM**<br><br>Date:　　　March 9, 2010<br>Time:　　　9:30 a.m.<br>Courtroom: 740-Roybal |

la-1060957

Herbalife International of America, Inc. ("Herbalife") submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of Herbalife's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. This statement sets forth each of the material facts as to which Herbalife contends there is no genuine issue and which entitle Herbalife to summary judgment as a matter of law.

## UNCONTROVERTED MATERIAL FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Defendants contend that rescission under section 1689.2 is not the exclusive civil remedy for violations of section 327. As Defendants' counsel explained, "I think that 1689.2, which is the Civil Code that gives standing under 327 of the Penal Code, I don't think that that's an exclusive remedy saying rescission and restitution. Nowhere in the statute does it say that." | Gates Decl. Ex. B (12/7/09 Hearing Tr. at 7) |

1

la-1060957

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 2. Defendants made substantial profits through their association with Herbalife. | Declaration of Jennifer Hienrich in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment (Dkt. No. 221); Exhibit A to the Hienrich declaration, attached to the Confidential Declaration of Sean P. Gates in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment (Dkt. No. 269); Confidential Declaration of Yvette Oliver in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment on the Endless Chain Scheme; Gates Decl. ¶¶ 9-11. |

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 3. Defendants testified that they were successful in retailing Herbalife product. | Gates Decl. Ex. G (R. Ford Dep. Tr. at 46; J. Ford Dep. Tr. at 66, 118-19; D. Thompson Dep. Tr. at 27; J. Orr Dep. Tr. at 23-24, 71-72, 81-82, 123-24; K. Orr Dep. Tr. at 72; J. Fisher Dep. Tr. at 60; N. Roth Dep. Tr. at 51.) |
| 4. Defendants' endless chain scheme claim "seeks injunctive relief and damages they sustained because Herbalife is an endless chain (pyramid) scheme." | Gates Decl. Ex. C (Def. Mem. Contentions of Facts and Law [Dkt. No. 316] at 23). |

3

la-1060957

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 5. Defendants have explicitly stated that they seek relief as competitors of Herbalife, not as participants. Defendants' counsel stated to the Court, "Well, Your Honor, my clients are competitors with Herbalife.  Every distributor that goes to Herbalife … can't be working with my clients …. What I'm saying is right now my clients are, in fact, competing with Herbalife, and Herbalife is out there. And what Herbalife is doing is continuing to force people to buy products in order to receive their checks or to qualify to become supervisors, and they're hurting people.  And while they're doing it, they are putting up a road block for my client and their ability to compete lawfully with a business that doesn't require these kinds of things." | Gates Decl. ¶ 5, Ex. B (12/7/09 Hearing Tr. at 8-9.), D (email re meet and confer). |

4

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 6. The legislative history of Penal Code section 327 shows that the statute was enacted to help law enforcement, not create private suits.  The legislation leading to section 327 was introduced "at the request of the Office of the Attorney General …. to enable local law enforcement agencies to halt the operations of … fraudulent endless chain pyramid 'investment' schemes." | Request for Judicial Notice, Ex. A (Legislative History of California Penal Code § 327 as added by Statutes of 1968, Chapter 1468, § 1, at 13) |
| 7. Defendants argued that the alleged endless chain scheme was a wrongful act supporting their claim for intentional interference with prospective economic advantage. | Gates Decl. Ex. E (Def. Mem. in Opp. to Mtn. by Herbalife for Partial Summary Judgment [Dkt. No. 250] at 13), Ex. C (Def. Mem. Contentions of Facts and Law [Dkt. No. 316] at 23-24) |

5

la-1060957

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 8. Defendant's theory of harm for their intentional interference claim was that Herbalife's conduct prevented them from successfully recruiting more Herbalife distributors to Melaleuca. Defendants' endless chain scheme claim is based on the same theory of harm. As Defendants' counsel stated, "Well, Your Honor, my clients are competitors with Herbalife. Every distributor that goes to Herbalife … can't be working with my clients …. What I'm saying is right now my clients are, in fact, competing with Herbalife, and Herbalife is out there. And what Herbalife is doing is continuing to force people to buy products in order to receive their checks or to qualify to become supervisors, and they're hurting people. And while they're doing it, they are putting up a road block for my client and their ability to compete lawfully with a business that doesn't require these kinds of things." | Gates Decl. Ex. F (Defendants' Responses to Plaintiff's Second Set of Interrogatories No. 17), Ex. B (12/7/09 Hearing Tr. at 8-9.) |

6

**CONLUSIONS OF LAW**

1. Defendants cannot bring a claim for injunctive relief or damages under California Civil Code section 1689.2. That section states:

> A participant in an endless chain scheme, as defined in Section 327 of the Penal Code, may rescind the contract upon which the scheme is based, and may recover all consideration paid pursuant to the scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme. In addition, the court may, upon motion, award reasonable attorney's fees to a prevailing plaintiff.

The statute's plain language provides for rescission with the attendant recovery of compensation paid into the scheme less amounts paid by the scheme. Cal. Civ. Code § 1689.2. Nor does it provide a remedy for competitors of (as opposed to participants in) an endless chain scheme. The language is unambiguous and thus precludes alternative remedies for persons other than participants. *See People v. Narron*, 192 Cal. App. 3d 724, 738 (1987) ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." (internal quotations omitted)); *see also Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976) ("The applicable statutes do not authorize the recovery of damages by private individuals. Private relief is limited to the filing of actions for an injunction …"); *Crippen v. Sup. Ct.*, 159 Cal. App. 3d 254, 260 (1984) ("the expression of certain things in a statute necessarily involves exclusion of other things not expressed").

2. There is no implied right of action under California Penal Code section 327. *See Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 292, 304 (1988) (overruling prior case holding that insurance code provision defining

unfair competition created private cause of action because the case had "incorrectly evaluated the legislative intent"). The operative language of the statute states:

> Every person who contrives, prepares, sets up, proposes, or operates any endless chain is guilty of a public offense, and is punishable by imprisonment in the county jail not exceeding one year or in state prison for 16 months, two, or three years.

Cal. Penal Code § 327. There is nothing in the statutory language indicating any intent to create a private cause of action. *See Schaefer v. Williams*, 15 Cal. App. 4th 1243, 1248 (1993) ("Nowhere in chapter 6 of the Elections Codes is there any suggestion that a pledge to abide by the Code of Fair Campaign Practices is enforceable through a private action. Surely, if the Legislature had intended to create such a private action, it would have done so by clear and direct language."). Nor is there anything in the legislative history indicating an intent to create a private right of action for injunctive relief and damages. "If the Legislature simply did not consider the possibility of creating a new private right to sue, then the Legislature cannot have an intent to create a new private right to sue." *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 127 (1997).

       3.     Defendants cannot seek injunctive relief to enforce Penal Code section 327. Cal. Civ. Code § 3369; *Perrin v. Mountain View Mausoleum Ass'n*, 206 Cal. 669, 671 (1929). According to the California Supreme Court, absent specific statutory authority, permitting a civil plaintiff to seek injunctive relief to enforce penal law raises due process issues. *People v. Lim*, 18 Cal. 2d 872, 880 (1941). "For these reasons equity is loath to interfere where the standards of public policy can be enforced by resort to the criminal law, and in the absence of a legislative declaration to that effect, the courts should not broaden the field in which injunctions against criminal activity will be granted." *Id.*; *see also Monterey Club v. Sup. Ct.*, 48 Cal. App. 2d 131, 146 (1941) ("an individual accused of crime by way of prohibition or injunction … would be deprived of the right of trial by

1  jury, the protection of the presumption of innocence and the doctrine of reasonable
2  doubt; and in the final analysis, upon an order to show cause would be forced to
3  become a witness against himself"); *Int'l Ass'n of Cleaning and Dye House*
4  *Workers v. Landowitz*, 20 Cal. 2d 418, 421 (1942) ("in view of the fact that this
5  ordinance is clearly penal in nature, it follows that plaintiffs' action in equity to
6  restrain its violation requires specific authorization, in the absence of which it must
7  be held that the complaint fails to state a cause of action."); *Perrin*, 206 Cal. at 672.
8      4.    Defendants cannot seek injunctive relief or damages for the alleged
9  violation of section 327 because they cannot show causation. To obtain either
10  injunctive relief or damages, Defendants must demonstrate a causal connection
11  between the alleged endless chain scheme and their supposed injury. *Syngenta*
12  *Crop Protection, Inc. v. Helliker*, 138 Cal. App. 4th 1135, 1167 (2006) (injunctive
13  relief requires showing wrongful acts threaten to cause irreparable injury); 6
14  Bernard E. Witkin, *Summary of California Law, Torts*, § 1553, at 1027 (10th ed.
15  2005) (for damages the "necessary causal connection between the tortious conduct
16  and the injury must be shown"). The Court previous ruling on Defendant's
17  intentional interference claim is dispositive.
18      Defendants argued that the alleged endless chain scheme was a wrongful act
19  supporting their claim for intentional interference with prospective economic
20  advantage. (Def. Mem. in Opp. to Mtn. by Herbalife for Partial Summary
21  Judgment [Dkt. No. 250] at 13; Def. Mem. Contentions of Facts and Law [Dkt. No.
22  316] at 23-24.) The Court found that Defendants failed to produce evidence
23  sufficient to raise a triable issue of material fact on causation. (Mem. & Order re
24  Cross-Mtns for SJ [Dkt. No. 374] at 22). Defendants' evidence "fail[ed] to go
25  beyond mere speculation" because it did not "account for the myriad variables" that
26  might affect their ability to "recruit additional distributors as a result of Herbalife's
27  conduct." (*Id.*)  This finding precludes injunctive relief or damages based on the
28  alleged endless chain scheme.

1       5.     Defendants profited from their relationship with Herbalife, and they do not seek rescission under Civil Code section 1689.2. In any event, Defendants cannot do so; they have not demonstrated that they are willing and able to restore to Herbalife everything of value received under their contracts. *Okura & Co. (Am.), Inc. v. Careau Group*, 783 F. Supp. 482, 504-05 (C.D. Cal. 1991).

      6.     There being no genuine issue of material fact, Herbalife is entitled to summary judgment on Defendant's endless chain scheme claim, which is Defendant's sole remaining claim in this action.

Dated: February 1, 2010            MORRISON & FOERSTER LLP

By: /s/ Sean P. Gates
    Charles E. Patterson
    Gregory B. Koltun
    Sean P. Gates

Attorneys for Plaintiff and Counterclaim Defendant
HERBALIFE INTERNATIONAL OF AMERICA, INC.

la-1060957