1   STEPHENS FRIEDLAND LLP
    John B. Stephens, Bar No. 142718
2   4695 MacArthur Court, Suite 310
    Newport Beach, CA  92660
3   Telephone: (949) 468-3200 / Facsimile (949) 468-3201
    Email:  john@sf-lawyers.com

4   Attorney for Defendants and Counterclaimants
5   ROBERT E. FORD, JULIA A. FORD,
    BRUCE H. ROTH, NANCY A. ROTH,
6   DIANNA N. THOMPSON AND JASON FISHER

7   MIXON JOLLY LLP
    Cameron M. Jolly, Bar No. 132541
8   575 Anton Boulevard, Suite 670
    Costa Mesa, CA  92626
9   Telephone: (714) 885-7000 / Facsimile (714) 885-7001
    Email:  CJolly@mixonjollylaw.com

10  Attorney for Defendants and Counterclaimants
    JEFF ORR AND KATHY ORR
11

12              UNITED STATE DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

14

15  HERBALIFE INTERNATIONAL OF          CASE NO.: CV 07-2529 GAF (FMOx)
    AMERICA, INC., a Nevada
16  Corporation,                        **DEFENDANTS AND
                                        COUNTERCLAIMANTS
17              Plaintiff,              OPPOSITION TO HERBALIFE
                                        INTERNATIONAL OF AMERICA,
18      vs.                             INC.'S MOTION FOR SUMMARY
                                        JUDGMENT, OR IN THE
19  ROBERT E. FORD and JULIA A.         ALTERNATIVE, PARTIAL
    FORD,  husband and wife; BRUCE H.   SUMMARY JUDGMENT ON THE
20  ROTH and NANCY A. ROTH, husband     ENDLESS CHAIN SCHEME
    and wife; JEFF ORR and KATHY        COUNTERCLAIM**
21  ORR, husband and wife; DIANNA N.
    THOMPSON; and JASON FISHER,         **Assigned to: Honorable Gary A. Feess**
22
                Defendants.             Hearing Date:  March 9, 2010
23                                      Time:          9:30 a.m.
24                                      Courtroom:     740 – Roybal Courthouse
25  AND RELATED CROSS-CLAIM.
26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................... 1

II.   SUMMARY OF RELEVANT FACTS ......................................... 1

III.  THE COURT SHOULD DENY HERBALIFE'S MOTION
      BECAUSE IT IS NOT SUPPORTED BY THE EVIDENCE OR
      THE LAW ..................................................................................... 4

      A.   Herbalife's Motion Is An Improper Motion For
           Reconsideration.................................................................... 4

      B.   Counterclaimants Have The Right To Rescission and All
           Related Remedies.................................................................. 6

           1.   Counterclaimants are entitled to rescission,
                restitution, and attorneys' fees under Civil Code
                Section 1689.2 ............................................................. 6

                a.   Dianna Thompson and Jeff Orr are entitled to
                     a monetary remedy of restitution under Civil
                     Code § 1689.2............................................................ 7

                b.   All Counterclaimants are entitled to an order
                     of rescission, attorneys' fees, and any other
                     relief that is applicable following rescission ............... 8

           2.   Herbalife's motion should be denied because
                Herbalife has not sustained its burden of proof ................... 10

           3.   Under Civil Code Section 1692, Counterclaimants
                are entitled to "complete relief," including
                rescission, restitution, consequential damages,
                injunctive relief, and attorneys' fees .................................... 11

           4.   Counterclaimants are not only entitled to rescission,
                restitution, and attorney's fees, they are also entitled
                to seek an injunction preventing Herbalife from
                continuing its endless chain scheme...................................... 16

IV.   CONCLUSION .............................................................................. 19

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*In re Amica*, 135 B.R. 534 (N.D. Ill. Bankr. 1992) ................................................. 12

*Bank of America v. Greenbach*, 98 Cal.App.2d 220 (1950) ................................. 13

*Bounds v. Figuerettes, Inc.,* 135 Cal.App.3d 1 (1982) ..................................... 8, 16

*Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252 (9th Cir. 2001) ........... 11

*Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*,
    673 F.Supp. 1493 (C.D. Cal. 1987) ............................................................. 9

*Gentry v. Kelley Kar Co.*, 193 Cal.App.2d 324 (1961).......................................... 10

*Grimmway Enterprises, Inc. v. PIC Fresh Global, Inc.*,
    548 F.Supp.2d 840 (E.D. Cal. 2008).......................................................... 11

*In re Hathaway Ranch Partnership*, 127 B.R. 859 (C.D. Cal. Bankr. 1990)...9-10

*Khan v. Fasano,* 194 F.Supp. 2d 1134 (S.D. Cal. 2001)  ...................................... 5

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) ................... 5

*LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*,
    156 Cal.App.4th 1259 (2007)....................................................................... 14

*Leaf v. Phil Rauch, Inc.*, 47 Cal.App.3d 371 (1975)........................................... 12

*Lobdell v. Miller*, 114 Cal.App.2d 328 (1952)........................................................ 15

*In re Lloyd*, 369 B.R. 549 (N.D. Cal. Bankr. 2007)............................................. 15

*McCoy v. West*, 70 Cal.App.3d 295 (1977)........................................................... 10

*NMSBPCSLDHB v. County of Fresno*, 152 Cal.App.4th 954 (2007).............. 9, 14

*Ogden Martin Systems, Inc. v. San Bernardino County*,
    Cal., 932 F.2d 1284 (9th Cir. 1991)....................................................... 8, 14

*People v. Bestline*, 61 Cal.App.3d 879 (1976) ........................................................ 8

*Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.,*
    970 F.2d 552 (9th Cir. 1992) ...............................................................17-18

*Runyan v. Pacific Air Industries, Inc.*, 2 Cal.3d 304 (1970) ...........................13-14

*Self-Realization Fellowship Church v. Ananda Church of Self-Realization,*
    206 F.3d 1322 (9th Cir. 2000) ................................................................. 11

*Sharabianlou v. Karp*, __ Cal.Rptr.3d __ 2010 WL 396319
    *13 (Cal.App. 1 Dist. 2/5/10) ................................................................. 9

*T.W. Elec. Svc., Inc. v. Pacific Elec. Contractors Ass'n*,
    809 F.2d 626 (9th Cir. 1987) ................................................................. 11

*Walsh v. Majors*, 4 Cal.2d 384 (1935) ............................................................ 13

*In re Washington Mut. Overdraft Protection Litigation*,
    539 F.Supp.2d 1136 (C.D. Cal. 2008) ..................................................... 11

*Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776 (9th Cir. 1996)........................ 3, 8

*Wesley v. Davis*, 333 F.Supp.2d 888 (C.D. Cal. 2004) ....................................... 11

## **Statutes**                                          **Page(s)**

Civil Code Sections 1689 ...................................................................*passim*

Civil Code Sections 1692 ...................................................................*passim*

Business & Professions Code §17203 ...............................................3-4

Business & Professions Code §17535 ...............................................3-4

## I.     __INTRODUCTION.__

Herbalife knows it is a pyramid scheme, but wants to avoid a trial on the last issue necessary to adjudicate it as such.  Thus, Herbalife has offered the Court an unholy bargain – dismiss the Endless Chain Scheme counterclaim and Herbalife will dismiss its remaining claims.  There is no basis in fact or law for the Court to accept this improper invitation.

If Counterclaimants prove Herbalife is a pyramid scheme at trial – and they will – then they are entitled to a broad array of remedies.  Dianna Thompson and Jeff Orr are entitled to monetary relief under Civil Code Section 1689.2 because they paid more to Herbalife than they received from Herbalife.  All Counterclaimants are entitled to an order of rescission, freeing them from the constraints of their contracts with Herbalife for all time.  All Counterclaimants are also entitled to restitution for products they were saddled with upon termination. Other Counterclaimants are entitled to accrued royalties that Herbalife improperly withheld.  All Counterclaimants are entitled to an attorneys' fees award under Civil Code Section 1689.2.  Finally, Counterclaimants are entitled to an injunction prohibiting further use of Herbalife's pyramid scheme.  The law does not permit the Court to deprive Counterclaimants of these substantial rights and remedies without a trial on the merits.  Counterclaimants are entitled to their day in court. They are entitled to a trial.

## II.    __SUMMARY OF RELEVANT FACTS.__

Plaintiff Herbalife is multi-level marketing company that sells weight-loss and nutritional products.  [SGI 9]  Herbalife's business model compensates its participants (known as "independent distributors") with royalties and bonuses based on *purchases* from Herbalife.  [SGI 10] Herbalife's compensation to its independent distributors is completely unrelated to retail sales. [SGI 10]  As the Court noted, "Although Herbalife purports to emphasize the importance of retail sales, the company does not

1  maintain records of retail customers or transactions or keep track of the

2  cumulative amount of retail transactions into which its distributors enter."

3  [SGI 11]

4      The "Counterclaimants" are seven individuals: Robert and Julia Ford,

5  Bruce and Nancy Roth, Jeff and Kathy Orr, Jason Fisher, and Dianna

6  Thompson.  All of the Counterclaimants used to be Herbalife independent

7  distributors for many years – i.e., they were "participants" in Herbalife's

8  pyramid scheme. [SGI 12]

9      Based upon Herbalife's own records, Dianna Thompson and Jeff Orr

10  are entitled to a positive monetary remedy of restitution, rescission, and any

11  relief under Civil Code Section 1689.2 or other statutes and common law.

12  [SGI 27-31]  Moreover, upon termination from Herbalife, other

13  Counterclaimants were saddled with thousands of dollars of Herbalife

14  products that could not be returned due to Herbalife's punitive return

15  policies.  [SGI 36-49]   Herbalife also refused to release fully-earned

16  royalties to some Counterclaimants, including $10,000 to Bruce and Nancy

17  Roth.  [SGI 32-35]

18      Counterclaimants have asserted Counterclaims based on Herbalife's illegal

19  restraints of trade, false advertising, and for rescission under California's "endless

20  chain scheme" laws.  The Ninth Circuit ruled that Counterclaimants are entitled to

21  use their own business and contact information, and this Court ruled that

22  Herbalife's restraints of trade are unlawful and violate California's Business and

23  Professions Code Section 16600. [SGI 14-16]

24      When this Court denied Herbalife's motion for summary judgment on

25  Counterclaimants' pyramid scheme claims, it properly recognized that "the central

26  question in this case [is] whether Herbalife constitutes an illegal pyramid scheme."

27  [SGI 17]  In denying Herbalife's motion, the Court stated that Herbalife's business

28  model appeared to be "completely indistinguishable" from the unlawful pyramid

business model in *Webster v. Omnitrition Int'l, Inc.,* 79 F.3d 776 (9th Cir. 1996) "a case with very similar facts in issue here . . . ." [SGI 18]  This Court concluded that the sole issue to be tried is whether "in reality" distributors become supervisors without purchasing anything from Herbalife? [SGI 19]  As Herbalife well knows, the answer to this Court's inquiry is "no."

It comes as no surprise, therefore, that Herbalife does not want this "central question" answered through a trial on the merits.  On the eve of a trial, Herbalife has launched a desperate tactic to have this Court reconsider its summary judgment ruling so Herbalife can evade a trial on the merits and continue to operate an illegal pyramid scheme with impunity.  Through its motion, Herbalife improperly seeks to bargain with the Court by agreeing to dismiss its remaining breach-of-contract and trade-secrets claims if the Court rules that the Counterclaimants do not have "standing" to assert their Endless Chain Scheme counterclaims.  There is no legal precedent for this improper stratagem.

As will be shown below, Counterclaimants have standing and, if Herbalife is held to be a pyramid scheme, then Counterclaimants are entitled to remedies under Civil Code Sections 1689.2 and 1692, and Bus. & Prof. Code Sections 17535 and 17203 because:

> (1)  based on Herbalife's own record and their testimony, Dianna Thompson and Jeff Orr are entitled to a positive restitutionary remedy under Civil Code Section 1689.2 because they paid more to Herbalife than they received from Herbalife; [SGI 24-31]

> (2)  all Counterclaimants are entitled to an order of rescission and attorneys' fees under Civil Code Section 1689.2, which, among other things, would liberate Counterclaimants from further contractual entanglements with Herbalife and prevent Herbalife from attempting to enforce its illegal contracts now and in the future; [SGI 24]

1    (3)    all Counterclaimants are entitled to any appropriate equitable remedy

2    under Civil Code Section 1692, which codifies the broad remedies

3    permitted when there are grounds for rescission;

4    (4)    despite the Court's prior ruling, inasmuch as Herbalife has opened the

5    door for reconsideration, it is now clear that Dianna Thompson and Jeff Orr,

6    at a minimum, have standing under Bus. & Prof. Code Sections 17203 and

7    17535 to obtain an injunction prohibiting further use of Herbalife's

8    unlawful business model because they are entitled to restitution under Civil

9    Code § 1689.2;

10   (5)    as a general proposition, injunctive relief is always available to stop a

11   continuing wrong such as an ongoing pyramid scheme.

12   For these reasons, Herbalife's motion should be denied.

13   **III.   THE COURT SHOULD DENY HERBALIFE'S MOTION BECAUSE**

14   **IT IS NOT SUPPORTED BY THE EVIDENCE OR THE LAW.**

15   **A.    Herbalife's Motion Is An Improper Motion For Reconsideration.**

16   The instant Motion is simply a disguised attempt to have the Court

17   reconsider portions of its prior ruling and to dismiss Counterclaimants' Endless

18   Chain Scheme counterclaim – despite the prior ruling that, "Herbalife's standing

19   argument is unpersuasive; Section 1689.2 provides litigants with standing to

20   enforce Section 327 even though the latter is a criminal statute." [SGI 20]  Local

21   Rule 7-18 precludes reconsideration unless one of three conditions exist, none of

22   which is present here:

23   A motion for reconsideration of the decision on any motion may be

24   made only on the grounds of (a) a material difference in fact or law

25   from that presented to the Court before such decision that in the

26   exercise of reasonable diligence could not have been known to the

27   party moving for reconsideration at the time of such decision, or

28   (b) the emergence of new material facts or a change of law occurring

after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.  C.D. Cal. L.R. 7-18.

Herbalife's motion does not establish any of these grounds.  Indeed, the only "new fact" or "material difference" between Herbalife's prior and instant motion is Herbalife's improper attempt to "bargain" with the Court:  "If the Court holds that Defendants do not have an affirmative claim, the case will end because Herbalife will seek voluntary dismissal of its remaining claims."  (Mot. at 3:2-4.) Herbalife cites no case to support reconsideration under these circumstances and no such case exists.[1]  *See Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration is improper where arguments or evidence could reasonably have been received earlier); *Khan v. Fasano,* 194 F.Supp. 2d 1134, 1136 (S.D. Cal. 2001) (a party cannot obtain reconsideration of a decision merely because he or she is unhappy with it).

Herbalife's motion is an improper attempt to end-run the Court's prior order.  It is also a transparent effort to evade a determination on the merits of the "central question" in the case – *i.e.*, whether Herbalife is a pyramid scheme.  An adverse finding on that issue would void all Herbalife's distributorship agreements and allow former distributors to engage in legally-protected free competition with Herbalife.  If Herbalife is a pyramid scheme, Counterclaimants have rights and remedies.  Counterclaimants are entitled to a determination on the merits, including rescission.  Otherwise, they face the specter of future lawsuits attempting to enforce Herbalife's illegal contracts.  The Court should reject

---

[1] Although Counterclaimants agreed to a briefing schedule for the convenience of counsel and the Court, Counterclaimants have stated their objection to Herbalife's Motion and reiterate that objection here.  [SGI 21]

1   Herbalife's invitation to commit reversible error by reconsidering its prior ruling

2   and depriving Counterclaimants of their right to a trial on the merits.

3       **B.   Counterclaimants Have The Right To Rescission and All Related**

4           **Remedies.**

5           **1.   Counterclaimants are entitled to rescission, restitution, and**

6               **attorneys' fees under Civil Code Section 1689.2.**

7       It is beyond dispute that Counterclaimants were each "participants" in

8   Herbalife's pyramid scheme.  But for that fact, this lawsuit never would have

9   commenced.  As participants, if Counterclaimants prove Herbalife is a pyramid

10  scheme, then they are entitled to rescission of their agreements with Herbalife

11  along with all other available remedies.  The agreements Counterclaimants seek to

12  rescind are the very agreements that Herbalife used to obtain a preliminary

13  injunction and cause Counterclaimants to incur substantial attorneys' fees.

14  Herbalife's proposed bargain with the Court sets up Counterclaimants for further

15  litigation based upon these illegal contracts because Herbalife may subsequently

16  allege violations of these contracts provided they are not rescinded.

17      Civil Code Section 1689.2 provides:

18      A participant in an endless chain scheme, as defined in Section 327 of

19      the Penal Code, *may rescind the contract* upon which the scheme is

20      based, *and may recover all consideration paid* pursuant to the

21      scheme, less any amounts paid or consideration provided to the

22      participant pursuant to the scheme.  In addition, the court may, upon

23      motion, award reasonable attorney's fees to a prevailing plaintiff.

24      Cal.Civ.Code § 1689.2 (emphasis added).

25  As participants in Herbalife's endless chain scheme, Counterclaimants are

26  therefore entitled to (a) rescind the contract *and* (b) recover restitution calculated

27  as consideration paid to Herbalife in connection with the scheme (less

28  consideration received) *and* (c) recover their attorneys' fees.

Anticipating this argument, Herbalife contends that restitution is unavailable to Counterclaimants, since Counterclaimants "made substantial profits through their association with Herbalife . . . and rescission would require [Counterclaimants] to return to Herbalife all monies paid to them by Herbalife." (Mot. at 4:17-19.)  Again, Herbalife is wrong for several reasons.

### a.   Dianna Thompson and Jeff Orr are entitled to a monetary remedy of restitution under Civil Code § 1689.2.

One of the remedies expressly permitted by Civil Code Section 1689.2 is recovery of "all consideration paid pursuant to the scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme."  The evidence shows that Dianna Thompson and Jeff Orr each are entitled to a positive monetary remedy under this section.  Thompson paid $474,000 more to Herbalife than she received in consideration, and Jeff Orr paid $69,000 more than what he received [SGI 27-31].[2]  (Herbalife disingenuously omits Thompson's product purchases between 1984 to 1996 from its Exhibit attached to the Oliver Declaration.  In fact, Thompson has been an Herbalife distributor since 1984, and has purchased substantially more products than the amount set forth in Herbalife's dubious schedule.  [SGI at 29-31]  Thompson's testimony, at the very least, gives rise to a genuine issue of fact, precluding summary judgment.

In addition, based upon their entitlement to a monetary remedy, Thompson and Jeff Orr are also entitled to injunctive relief under Business and Professions Code § 17203.  [SGI 26-31]  Counterclaimants understand that the Court has ruled that they lack standing to pursue a Section 17200 claim based upon Herbalife's Section 16600 violation and other illegal acts, but the Court specifically ruled that

---

[2] Jeff Orr is married to Kathy Orr, but he has his own separate contract with Herbalife and Herbalife provided specific and separate statistics for Jeff Orr independent of Kathy.  There is no basis to lump them together for the purpose of this motion or trial.

"Herbalife's [pyramid scheme] standing argument is unpersuasive; Section 1689.2 provides litigants with standing to enforce section 327 even though the latter is a criminal statute." [SGI 20]  Obviously, a violation of Penal Code Section 327 would qualify as an unlawful act under Section 17200,[3] and Thompson and Jeff Orr's right to restitution confers standing to seek, among other relief, an injunction.  *See* Bus. & Prof. Code §§ 17203, 17204, and 17535; *People v. Bestline*, 61 Cal.App.3d 879 (1976).  Because Herbalife has opened up the summary judgment record by requesting reconsideration, it is in no position to argue that this standing issue has been decided previously.  Plainly, it has not.  Moreover, as stated above, standing under Civil Code Section 1689.2 was expressly decided by the Court's summary judgment order in Counterclaimants' favor.  [SGI 20]

> ### b.    All Counterclaimants are entitled to an order of rescission, attorneys' fees, and any other relief that is applicable following rescission.

An order of "rescission" does not require Counterclaimants to "restore" any monies to Herbalife.  Counterclaimants are entitled to ***an order of rescission*** upon proving that Herbalife is an "endless chain scheme" as defined in Penal Code Section 327.  This right exists independently of any right to restitution or other relief.  *See Ogden Martin Systems, Inc. v. San Bernardino County*, Cal., 932 F.2d 1284, 1287 (9th Cir. 1991) (restitution is at discretion of court and is not required even if rescission is ordered).  Thus, at a minimum, Counterclaimants are entitled to (1) prove their rescission claim based upon Penal Code Section 327 and Civil Code Section 1689.2, (2) obtain an order of rescission, and (3) recover their attorneys' fees.

---

[3] *See People v. Bestline,* 61 Cal.App.3d 879, 915-19 (1976); *Webster v. Omnitrition*, 79 F.3d at 781; *Bounds v. Figuerettes, Inc.,* 135 Cal.App.3d 1, 19 (1982).

Section 1689.2 does not require participants to "restore" to Herbalife everything of value they received as Herbalife contends.  To do so would render the statute useless because pyramid scheme operators like Herbalife would simply use the "restoration" defense any time a participant sought to rescind an illegal contract.  (How could participants return product they disposed of, for instance?)  Instead, Section 1689.2 simply sets forth a mathematical calculation for a monetary award of restitution:  the participant is entitled to recover as restitution "all consideration paid" less any "amounts paid or consideration provided" to the participant.  Even in cases where the calculation yields a negative number, however, under Section 1689.2, the participant may obtain an order of rescission and an award of attorney's fees.  Herbalife cites no case, and Counterclaimants have found no case, standing for the proposition that a positive restitutionary recovery is required to invoke standing under California Penal Code Section 327 or to obtain any of the other remedies available under Civil Code Sections 1689.2 and 1692, or other statutory or common law.

Rescission of Herbalife's contracts with Counterclaimants is necessary to provide them complete relief.  Otherwise, Herbalife could dismiss its current case only to file a subsequent lawsuit alleging a future breach by Counterclaimants.  If that is allowed to happen, the last three years of litigation will have gone for naught.  Counterclaimants have suffered enough in this litigation.  They are entitled to an order of rescission – which would positively extinguish their contractual relationship with Herbalife once and for all.  *See Sharabianlou v. Karp*, _____ Cal.Rptr.3d ___ 2010 WL 396319, *13 (Cal.App. 1 Dist. 2/5/10) (Rescission extinguishes the contract and terminates further liability thereunder.); *NMSBPCSLDHB v. County of Fresno*, 152 Cal.App.4th 954, 959-960 (2007); *see also Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 673 F.Supp. 1493, 1503 (C.D. Cal. 1987) (rescission of license agreement required dismissal of all claims arising under that agreement); *In re Hathaway Ranch Partnership*, 127 B.R. 859,

1    863 (C.D. Cal. Bankr. 1990) (if successful, party seeking rescission is freed of

2    obligations under the contract).  Counterclaimants are entitled to be freed from the

3    shackles of their contracts with Herbalife.

4                    **2.     Herbalife's motion should be denied because Herbalife has**

5                            **not sustained its burden of proof.**

6            Herbalife has not sustained its burden of proof.  In a rescission action, the

7    non-rescinding party bears the burden of proving any offsets claimed against the

8    amount of restitution owed to the rescinding party.  *See McCoy v. West*, 70

9    Cal.App.3d 295, 302 (1977) (non-rescinding vendor had burden to prove value of

10   rescinding purchaser's use of property in order to obtain offset against purchaser's

11   restitution claim); *Gentry v. Kelley Kar Co.*, 193 Cal.App.2d 324 (1961) (in action

12   to rescind auto purchase agreement based on fraud, where there was no evidence

13   as to value of plaintiff's use of the vehicle, defendant was not entitled to a setoff of

14   alleged damages due to depreciation of vehicle use during plaintiff's possession).

15   Notwithstanding Herbalife's passing reference to the "substantial profits"

16   Counterclaimants purportedly received, and the voluminous exhibits Herbalife

17   submits to show payments made by Counterclaimants, Herbalife has not satisfied

18   its burden of proof to show that each of the Counterclaimants received

19   consideration in excess of the amount he or she paid over the course of each of

20   their distributorships.  [SGI 28, 31]

21           To satisfy this burden, Herbalife would have to prove—by admissible

22   evidence—(1) what each counterclaimant paid during the entire time he or she was

23   a participant and (2) what each counterclaimant received during the entire time he

24   or she was a participant.  Herbalife ignores this requirement entirely, and with

25   good reason.  As stated above, Herbalife's showing proves that Thompson and Jeff

26   Orr are each entitled to the monetary remedy of restitution.

27           Where the movant's papers are insufficient to support summary judgment or

28   on their face reveal a genuine issue of material fact, a district court abuses its

1 discretion by granting a motion for summary judgment.  *See* Fed.R.Civ.Proc.

2 56(e)(2); *Grimmway Enterprises, Inc. v. PIC Fresh Global, Inc.*, 548 F.Supp.2d

3 840, 845 (E.D. Cal. 2008).  At the summary judgment stage, the judge's function is

4 not to weigh the evidence and determine the truth of the matter, but to determine

5 whether there is a genuine issue for trial.  *See* Fed.R.Civ.Proc. 56(c); *Wesley v.*

6 *Davis*, 333 F.Supp.2d 888, 891-92 (C.D. Cal. 2004); *see also Clicks Billiards, Inc.*

7 *v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (on summary judgment,

8 district court is prohibited from weighing evidence and deciding issues of

9 contested fact, because it is not the role of the district court at such stage to decide

10 which party has the more compelling argument; rather, it is simply to determine

11 whether a triable issue of fact exists); *Self-Realization Fellowship Church v.*

12 *Ananda Church of Self-Realization*, 206 F.3d 1322, 1328 (9th Cir. 2000) (district

13 court is entitled neither to assess weight of conflicting evidence nor to make

14 credibility determinations at summary judgment stage); *In re Washington Mut.*

15 *Overdraft Protection Litigation*, 539 F.Supp.2d 1136, 1145 (C.D. Cal. 2008) (on

16 summary judgment motion, district court is not entitled to weigh the evidence and

17 resolve disputed underlying factual issues).  Rather, the court must draw all

18 inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Svc.,*

19 *Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

20 Here, Herbalife's failure to meet its evidentiary burden precludes summary

21 judgment.

22         **3.**        **Under Civil Code Section 1692, Counterclaimants are**

23                   **entitled to "complete relief," including rescission,**

24                   **restitution, consequential damages, injunctive relief, and**

25                   **attorneys' fees.**

26       In addition to relief under Section 1689.2 (including rescission and

27 attorney's fees), Counterclaimants are entitled to related relief under Civil Code

28 Section 1692.  As discussed above, Herbalife is a pyramid scheme under the

provisions of Penal Code Section 327, which renders its contracts with Counterclaimants unlawful and void.

Once the grounds for rescission have been established (including the grounds set forth in Penal Code Section 327), then a party to the contract may recover money owed to him as a consequence of the rescission "or for any other relief to which he may be entitled under the circumstances." Cal. Civ. Code § 1692. Indeed, Section 1692 goes on to provide:

> The aggrieved party shall be awarded **complete relief**, including **restitution** of benefits, **if any**, conferred by him as a result of the transaction **and any consequential damages** to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery. *Id.* (emphasis added).

These remedies are cumulative: the "complete relief" to which Counterclaimants are entitled may comprise restitution and/or consequential damages, plus attorneys' fees. [SGI 26-39] *See Leaf v. Phil Rauch, Inc.*, 47 Cal.App.3d 371, 377 (1975) (in action to enforce rescission, plaintiff is entitled to recover not only consideration given under contract, but also consequential damages).[4]

The California Supreme Court explained that the various remedies provided by Section 1692 are designed to ensure the non-rescinding party does not benefit from its misconduct:

---

[4] Indeed, where a party seeks relief based on rescission and the court determines the contract has *not* been rescinded, "the court may grant any party to the action any other relief to which he may be entitled under the circumstances." Cal. Civ. Code § 1692; *In re Amica*, 135 B.R. 534, 553-54 (N.D. Ill. Bankr. 1992) (decided under Calif. law) (in action for rescission, even if no rescission or cancellation has taken place, court "can and should" order restitution of any rights and benefits deemed obtained from party who was in clear default of its obligations). *Cf. Ogden Martin*, 932 F.2d at 1287 (restitution is at discretion of court and is not required even if rescission is ordered).

1
2
3
4
5
6
7

> California courts applying general principles of equity have
> recognized that the restoration to the rescinding party of the
> consideration with which he originally parted does not necessarily in
> all instances restore him to his former position and bring about
> substantial justice . . . In instances such an adjustment may be
> compelled so as to forestall unjust enrichment of the nonrescinding
> party through whose fault the grounds of rescission have arisen.

*Runyan v. Pacific Air Industries, Inc.*, 2 Cal.3d 304, 316-17 (1970).  The
fundamental principle underlying California courts' treatment of rescission claims
is that "in such actions the court should do complete equity between the parties
and to that end may grant any monetary relief necessary to do so."  *Id.* at 316
(inner quotations and citations omitted).  Thus, "concurrent with the award of
rescission, the trial court may award money damages *or order such other relief* as
justice may require."  *Id.* (emphasis added; quoting *Bank of America v.
Greenbach*, 98 Cal.App.2d 220, 238 (1950)); *see also Walsh v. Majors*, 4 Cal.2d
384, 398 (1935) (in equitable action for rescission based on fraud, plaintiff may
"pray for any and every kind of relief to which under facts he may show himself
entitled," and court has duty "to adjust all the differences arising from the cause of
action presented and to leave nothing for further litigation").

The Legislature's intent to provide the Court with broad discretion to
fashion an appropriate and equitable remedy is explained in the Law Revision
Commission's recommendation and report in connection with the 1961 changes to
California's rescission law:

> The rescission statutes should make plain that, after rescinding a
> contract, a party may seek any form of relief warranted under the
> circumstances . . . The statute should also make plain that the court
> may grant any other relief that is appropriate under the circumstances

- 13 -

1    if it develops at trial that the plaintiff has mistaken his remedy and the

2    purported rescission was not effective.

3    3 California Law Revision Commission Report (Sept. 1961) at p. D-7, *quoted in*

4    *NMSBPCSLDHB v. County of Fresno*, 152 Cal.App.4th at 962-63.

5    Herbalife's contention that injunctive relief and damages are somehow

6    beyond the purview of this Court thus flies in the face of the broad discretion

7    given the Court as well as the inherently equitable and flexible nature of the

8    rescission remedy. Indeed, numerous courts have recognized that the hallmark of

9    a claim for rescission is its flexibility to accommodate the need to adjust the

10   equities among the parties. *See, e.g., Runyan*, 2 Cal.3d at 316-17; *McCoy*, 70

11   Cal.App.3d at 302; *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156

12   Cal.App.4th 1259, 1273 (2007) ("It is the purpose of rescission . . . to bring about

13   substantial justice by adjusting the equities between the parties," citing *Runyan*,

14   *supra*).

15   For example, in *Ogden Martin*, 932 F.2d at 1287, the Ninth Circuit rejected

16   defendant's contention that rescission of a contract to prepare an environmental

17   impact report was unavailable, where the goal of the EIR was to "make known"

18   the environmental impact and it was impossible to unwind the transaction and

19   make the impact "unknown." The court found that this "overly restrictive view of

20   rescission ignores the equitable and flexible nature of the remedy." *Id.* at 1288

21   n.3. Finding a triable issue of fact existed on the issue of whether a benefit had

22   been conferred on the non-rescinding party, the Ninth Circuit reversed the district

23   court's summary judgment denying rescission. *Id.* at 1287.

24   Likewise, here, in attempting to impose artificial limitations on the scope of

25   a rescission remedy, Herbalife advances an "overly restrictive" view of rescission.

26   Not only does Herbalife cite no authority for the proposition that injunctive relief

27   is not part of the "complete relief" allowed a rescinding party, Herbalife also

28

- 14 -

ignores the flexibility with which California courts and the Ninth Circuit have issued remedies in cases involving rescission.

Contrary to Herbalife's claim that rescission is unavailable to Counterclaimants because they cannot restore everything of value, such a claim (even if true) does not preclude their claim for rescission: "The Civil Code instructs the courts to prevent unjust enrichment of the rescinding party whenever possible, but does not require that the party against whom rescission is invoked be restored to the *status quo ante*." *In re Lloyd*, 369 B.R. 549, 561 (N.D. Cal. Bankr. 2007), *affirmed* 572 F.3d 999. Thus, "[w]here it is possible to bring about substantial justice by adjusting the equities between the parties, the fact that the *status quo* cannot be exactly reproduced will not preclude the plaintiffs from equitable relief. No matter what may be the complications or complexities, the powers of a court of equity are so broad as to adequately meet the exigencies of the case and render a decree which will justly determine the rights of the respective parties." *Lobdell v. Miller*, 114 Cal.App.2d 328, 344 (1952); *see also Lloyd*, 369 B.R. at 561 ("Case law confirms that the primary goal is to avoid unjust enrichment when possible, and the court enjoys broad discretion in setting appropriate conditions upon rescission").

Finally, despite Herbalife's misguided arguments to the contrary, the central issue of the case is not whether Counterclaimants can obtain an injunction. It is whether Herbalife is a pyramid scheme so as to entitle Counterclaimants to rescind their participant agreements and obtain relief based on the rescission. [SGI 17] As discussed above, once the facts are presented at trial, the Court can exercise its broad discretion and flexibility to fashion an appropriate remedy. It cannot be determined at the summary-judgment stage that Counterclaimants have no ground to rescind their agreements with Herbalife and that the equities cannot be adjusted to provide complete relief – whether it be restitution, consequential damages,

1  injunctive relief, or attorneys' fees, as the Court deems appropriate under the facts

2  ultimately presented at trial on the merits.

3         In addition to Dianna Thompson's and Jeff Orr's right to monetary relief

4  under Section 1689.2, the other Counterclaimants are entitled to a monetary

5  remedy due to Herbalife's refusal to repurchase product upon termination and

6  withheld royalties and bonuses that Counterclaimants had earned.  [SGI 32-37]

7  These are precisely the types of harm that were addressed in *Bounds v. Figurettes,*

8  135 Cal.App.3d at 4 in which the plaintiffs were "saddled with" inventory they

9  could not sell due to an illegal pyramid scheme.  In *Figurettes,* the court held that

10  the defendant was a *per se* pyramid scheme and remanded the case for proceedings

11  on "damages" only.  *Id.* at 22.  As in *People v. Bestline,* the *Figurettes* court ruled

12  that a pyramid scheme is an inherent fraud in violation of Bus. & Prof. Code

13  Section 17500.  *Id.* at 22.  *Omnitrition* is in accord.  *Omnitrition* at 79 F.2d at 788.

14  Herbalife fails to address these bases for monetary relief in its motion.

15         In sum, Herbalife's motion fails to show that summary judgment is

16  appropriate on Counterclaimants' claim for rescission and related relief.  Indeed,

17  on the record presented, Herbalife's motion invites the Court to commit reversible

18  error by foreclosing Counterclaimants from the opportunity to present their claim

19  and have this case tried on its merits.  The Court is not in a position to evaluate the

20  appropriate equitable remedy until a complete record has been developed at trial.

21      **3.**    **Counterclaimants are not only entitled to rescission,**

22          **restitution, and attorney's fees, they are also entitled to seek**

23          **an injunction preventing Herbalife from continuing its**

24          **endless chain scheme.**

25         Herbalife argues (again) that this Court cannot issue an injunction

26  prohibiting conduct that violates Penal Code Section 327 – California's unlawful

27  pyramid scheme law.  Herbalife overlooks the fact that this argument was flatly

28  rejected by the Court in *People v. Bestline Prods., Inc.,* 61 Cal. App. 3d 879, 914

(1976), a case expressly adopted by this Court in its Summary Judgment Order. *Bestline* involved a pyramid scheme that, like Herbalife, paid distributors based on purchases by other distributors.

The *Bestline* defendants argued that civil proceedings based on Penal Code Section 327 were criminal in nature and therefore the defendants had a Constitutional right to a jury. The Court of Appeals affirmed a permanent injunction that prohibited the defendants from operating an illegal pyramid scheme in violation of Penal Code Section 327, and held that the matter was not criminal because the relief sought was essentially equitable and civil in nature, not penal. *Id.* at 916.

Counterclaimants are not seeking to criminally prosecute Herbalife; they are simply enforcing Civil Code Section 1689.2 that expressly allows equitable and civil relief based upon rescission, restitution and related equitable relief. The injunction in *Bestline* was based on Business and Professions Code Section 17500, but there is nothing in Civil Code Section 1689.2 that prohibits this Court from enjoining Herbalife's unlawful conduct.[5] *Bestline* is authority for the proposition that the remedies in Civil Code Section 1689.2 are not exclusive remedies and are supplemented by other statutes such as Civil Code Section 1692, and Business and Professions Code Sections 17203 and 17535. This creates a "strong presumption" that an injunction may be granted to secure complete justice from a statutory violation unless the legislature expressly excluded the remedy. *See Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.,* 970 F.2d 552, 562 (9th Cir. 1992).

In *Reebok,* the defendants argued that an injunction freezing assets was improper because the remedy was not contained within the Lanham

---

[5] As in *Bestline,* Counterclaimants alleged that Herbalife's pyramid scheme also violated Business & Profession Code Section 17500 (False Advertising).

1   Act.  The Ninth Circuit disagreed and upheld the injunction although the

2   remedy was not included in the Lanham Act, based on the inherent authority

3   of the Federal courts to provide final equitable relief:

> Despite the presence of such inherent power to issue provisional
>
> remedies ancillary to its authority to provide final equitable relief,
>
> Congress may deprive the federal courts of that power by establishing
>
> a comprehensive enforcement scheme containing the exclusive
>
> remedies for a given statutory violation. [Citation omitted].  However,
>
> Congress's intent to adopt such an exclusive regime must be clear: a
>
> strong presumption militates against any such finding. As the
>
> Supreme Court stated almost a half-century ago:
>
>> 'Unless otherwise provided by statute, all the inherent
>>
>> equitable powers of the District Court are available for the
>>
>> proper and complete exercise of that jurisdiction. . . .
>>
>> Moreover, the comprehensiveness of this equitable
>>
>> jurisdiction is not to be denied or limited in the absence of a
>>
>> clear and valid legislative command. Unless a statute in so
>>
>> many words, or by a necessary and inescapable inference,
>>
>> restricts the court's jurisdiction in equity, the full scope of
>>
>> that jurisdiction is to be recognized and applied. 'The great
>>
>> principles of equity, securing complete justice, should not
>>
>> be yielded to light inferences, or doubtful construction.'

23   *Reebok,* 970 F.2d at 562.  Nothing in Civil Code Section 1689.2 prohibits the

24   granting of injunctive relief.  Nowhere has the California Legislature stated that

25   injunctive relief should not be afforded to prohibit the operation of an illegal

26   pyramid.  Instead, the legislature *see, e.g.,* mandated that an aggrieved party

27   seeking rescission be awarded **complete relief**.  *See, e.g.,* Cal. Civ. Code § 1692.

28   This Court should not ignore the great principles of equity and yield to Herbalife's

- 18 -

1  unsupported argument that this Court lacks the power to do complete justice in

2  this case.

3  **V.     <u>CONCLUSION</u>.**

4          The Court should not reconsider its prior ruling.  Counterclaimants have

5  standing to vindicate their rights and remedies as participants in Herbalife's

6  pyramid scheme.  They are entitled to a trial on the merits.  To deprive them of a

7  trial on this record would be reversible error.

8

9  Dated:  February 22, 2010

10

11  STEPHENS FRIEDLAND LLP                    MIXON JOLLY LLP

12

13  By: /s/<u>John B. Stephens</u>                      By: /s/<u>Cameron M. Jolly</u>
       Todd G. Friedland                            Cameron M. Jolly
14     J. Gregory Dyer                              Attorney for Defendants and
       Attorneys for Defendants and                Defendants Jeff Orr and Nancy Orr
15     Defendants Robert E. Ford,
       Julia A. Ford, Bruce H. Roth,
16     Nancy A. Roth, Dianna N. Thompson
       and Jason Fisher

17

18

19

20

21

22

23

24

25

26

27

28