1  CHARLES E. PATTERSON (CA SBN 120081)
   CPatterson@mofo.com
2  GREGORY B. KOLTUN (CA SBN 130454)
   GKoltun@mofo.com
3  SEAN P. GATES (CA SBN 186247)
   SGates@mofo.com
4  MORRISON & FOERSTER LLP
   555 West Fifth Street
5  Los Angeles, California  90013-1024
   Telephone:  213.892.5200
6  Facsimile:   213.892.5454

7  Attorneys for Plaintiff and Counterclaim Defendant
   Herbalife International of America, Inc.
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION
12

13 | Herbalife International of America, Inc., a Nevada Corporation, | Case No. CV 07 2529 GAF (FMOx)
14 | Plaintiff, | Hon. Gary A. Feess
15 | v. | **REPLY BRIEF OF HERBALIFE INTERNATIONAL OF AMERICA, INC. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON THE ENDLESS CHAIN SCHEME COUNTERCLAIM**
16 | Robert E. Ford and Julia A. Ford, husband and wife; Bruce H. Roth and Nancy A. Roth, husband and wife; Jeff Orr and Kathy Orr, husband and wife; Dianna N. Thompson; and Jason Fisher, |
17 | |
18 | |
19 | Defendants. |
20 | | Date:    March 9, 2010
   | | Time:    9:30 a.m.
   | | Courtroom: 740-Roybal

la-1065002

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION .................................................................................................1

ARGUMENT .........................................................................................................2

    A.    Herbalife's Motion Is Clearly Proper; It Is Not Seeking Reconsideration ................................................................................2

    B.    Defendants Cannot Seek Rescission ......................................................3

        1.    Rescission Requires Return to the Status Quo Ante; Rescission Under Section 1689.2 Is No Different .....................3

        2.    Defendants Have Not Met the Requirements to Seek Rescission ...................................................................................5

    C.    Defendants Cannot Seek Damages Under Section 1692 .......................7

    D.    Defendants Cannot Seek Injunctive Relief ............................................8

    E.    Defendants Cannot Seek Attorney's Fees ...........................................10

CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

## CASES

*Akin v. Certain Underwriters at Lloyd's London*
   140 Cal. App. 4th 291 (2006) ....................................................................... 3, 6

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*
   890 F.2d 165 (9th Cir. 1989) .............................................................................. 6

*Green v. Duvergey*
   146 Cal. 379 (1905) ........................................................................................ 5, 6

*Hailey v. Cal. Physicians' Serv.*
   158 Cal. App. 4th 452 (2007) .............................................................................. 4

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*
   41 Cal. App. 4th 1410 (1996) .............................................................................. 9

*Hoffman v. Tonnemacher*
   593 F.3d 908 (9th Cir. 2010) .............................................................................. 2

*Hsu v. Abbara*
   9 Cal. 4th 863 (1995) ......................................................................................... 4

*Imperial Cas. & Indem. Co. v. Sogomonian*
   198 Cal. App. 3d 169 (1988) .............................................................................. 3

*Int'l Ass'n of Cleaning and Dye House Workers v. Landowitz*
   20 Cal. 2d 418 (1942) ....................................................................................... 10

*Kraus v. Trinity Mgmt. Servs., Inc.*
   23 Cal. 4th 116 (2000) ...................................................................................... 10

*Kuhn v. Gottfried*
   103 Cal. App. 2d 80 (1951) ................................................................................ 5

*McCoy v. West*
   70 Cal. App. 3d 295 (1977) ................................................................................ 6

*Monterey Club v. Super. Ct.,*
   48 Cal. App. 2d 131 (1941) ................................................................................ 9

*Myerchin v. Family Benefits, Inc.*
   162 Cal. App. 4th 1526 (2008) ........................................................................... 5

*Neet v. Holmes*
   25 Cal. 2d 447 (1944) ......................................................................................... 7

*NMSBPCSLDHB v. County of Fresno*
  152 Cal. App. 4th 954 (2007) ...................................................................................3

*Okura & Co. (Am.) v. Careau Group*
  783 F. Supp. 482 (C.D. Cal. 1991) ...........................................................................5

*Paxson v. Margulis-Stulman Co.*
  127 Cal. App. 94 (1932) ...........................................................................................5

*People v. Bestline Products, Inc.*
  61 Cal. App. 3d 879 (1976) ....................................................................................10

*People v. Lim*
  18 Cal. 2d 872 (1941) ...............................................................................................9

*Perrin v. Mountain View Mausoleum Ass'n*
  206 Cal. 669 (1929) ..................................................................................................9

*Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*
  970 F.2d 552 (9th Cir. 1992) ..................................................................................10

*Runyan v. Pac. Air Indus.*
  2 Cal. 3d 304 (1970) .............................................................................................6, 7

*Sharabianlou v. Karp*
  2010 WL 396319 (Cal. Ct. App. Feb. 5, 2010) .....................................................7, 9

*Stegner v. Bahr & Ledoyen, Inc.*
  126 Cal. App. 2d 220 (1954) ..................................................................................10

*Young v. Flickinger*
  75 Cal. App. 171 (1925) .......................................................................................3, 6

## STATUTES

Cal. Bus. & Prof. Code § 17500 ..................................................................................10

Cal. Civ. Code § 1689.2 .............................................................................1, 2, 3, 9, 10

Cal. Civ. Code § 1691 ..............................................................................................4, 7

Cal. Civ. Code § 1692 ..........................................................................................passim

Cal. Civ. Code § 3369 ............................................................................................9, 10

Cal. Civ. Proc. Code § 337 ............................................................................................7

Cal. Penal Code § 327 ...................................................................................................9

## OTHER AUTHORITIES

*Legislative History of California Civil Code § 1689.2 (Added) & Penal Code § 327 (Amended)*, 2007 ........................................................................... 4, 5

*Summary of California Law, Contracts* § 926
   1 Bernard E. Witkin  (10th ed. 2005) ................................................................. 6

la-1065002

# INTRODUCTION

Defendants' opposition makes one thing clear. Their endless chain scheme claim depends entirely on Civil Code section 1689.2, which allows participants in an endless chain scheme to seek rescission. Realizing that all other avenues are foreclosed, Defendants now insist that they are in fact seeking rescission. But they want to obtain this relief without having to restore to Herbalife the millions of dollars in consideration Herbalife conferred on them. To put it another way, Defendants want a seat at the table but they refuse to ante up.

That is not how rescission works. Rescission seeks to restore the parties to their respective positions prior to entering into their contract. This means that both parties to the contract must restore to the other all consideration received. Rescission authorized by section 1689.2 is no different. Nothing in the statute divorces rescission from restoration. In fact, the statute's language, its context within the statutory scheme, and the legislative history all confirm that Defendants cannot rescind without returning all of the monies they were paid by Herbalife. The Court should therefore enter summary judgment because Defendants have failed to show, as required by California law, that they are able and willing to restore the millions in compensation to Herbalife.

Defendants also attempt to read into section 1689.2 the right to seek damages, citing Civil Code section 1692. But that statute allows only consequential damages needed to effect rescission, restoring the parties to the status quo ante. Nothing in the statute allows for the type of damages Defendants seek – damages for supposed injury as Herbalife competitors, untethered to rescission. Moreover, Defendants do not contest that they cannot show a causal connection between the alleged endless chain scheme and their injuries. Defendants cannot seek damages under their endless chain scheme claim.

Finally, Defendants try to create a right to injunctive relief from language in section 1692 that provides for "complete relief" to a rescinding party. According to

1

1  Defendants, this language gives them the right as competitors (rather than
2  participants in an endless chain scheme) to an injunction.  But nothing in the statute
3  contemplates injunctive relief, let alone the type of injunctive relief Defendants
4  seek (unrelated to rescission).  Moreover, California law is crystal clear that where
5  a statute specifies an equitable remedy – in this case rescission under section
6  1689.2 – no other equitable remedies are available.  Nothing gives Defendants a
7  right to seek an injunction in this case.
8       California law precludes Defendants from seeking rescission without
9  restoration, damages, or injunctive relief.  The Court should grant Herbalife
10 summary judgment.

## ARGUMENT

**A.  Herbalife's Motion Is Clearly Proper; It Is Not Seeking Reconsideration**

Defendants argue at the outset that Herbalife's motion improperly seeks reconsideration of the Court's order on the parties' cross-motions for summary judgment. Not so.  The Court's order denied Herbalife's motion for summary judgment.  As the Ninth Circuit has explained, such a denial does not preclude a subsequent motion for summary judgment:

> [W]e have held that, in effect, the possibility of summary judgment remains on the table even after a district court has denied a summary judgment motion because that order is "subject to reconsideration by the court at any time." Thus, the denial of summary judgment does not preclude a contrary later grant of summary judgment. Consequently, allowing a party to file a second motion for summary judgment is logical, and it fosters the "just, speedy, and inexpensive" resolution of suits.

*Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (internal citations omitted) ("In holding that district courts have discretion to permit successive

2

1  motions for summary judgment, we join at least five of our sister circuits."). The
2  Court is clearly within its discretion to hear and rule upon Herbalife's motion.

**B.     Defendants Cannot Seek Rescission**

   **1.     Rescission Requires Return to the Status Quo Ante; Rescission Under Section 1689.2 Is No Different**

Defendants argue that they may obtain rescission of their distributor contracts without restoring to Herbalife the millions of dollars in compensation Herbalife gave to Defendants. This argument turns rescission on its head. The purpose of rescission is to restore the parties to the position they would have been in had they not entered the contract. *Akin v. Certain Underwriters at Lloyd's London*, 140 Cal. App. 4th 291, 298 (2006); *see also Young v. Flickinger*, 75 Cal. App. 171, 174 (1925) (rescission "restore[s] the parties to their former position"). Rescission thus necessitates restoration of benefits conferred: "'The consequence of rescission is not only the termination of further liability, but also the restoration of the parties to their former positions by *requiring each to return whatever consideration has been received.*'" *NMSBPCSLDHB v. County of Fresno*, 152 Cal. App. 4th 954, 959-60 (2007) (quoting *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 184 (1988)) (emphasis added).

Defendants seem to believe that they can obtain "rescission" under section 1689.2 divorced from the restoration requirement. In other words, Defendants contend that "rescission" in section 1689.2 is completely different from common law "rescission" as codified in the Civil Code. But nothing in the statute redefines "rescission." The statute itself contemplates restoration; it states that a participant may rescind "and may recover all consideration paid pursuant to the scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme." Cal. Civ. Code § 1689.2. The statute is also part of chapter 2 of Title 5 of the Civil Code, which deals with rescission in various contexts and explicitly requires a party seeking rescission to "[r]estore to the other party everything of

value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise." Cal. Civ. Code § 1691(b); *see also Hsu v. Abbara*, 9 Cal. 4th 863, 871 (1995) (statutes construed to "harmonize the statute internally and with related statutes").

Moreover, the legislative history shows that the statute was intended to only "reiterate" and "make explicit" the existing right of participants in an endless chain scheme to rescind their contracts.  (Request for Judicial Notice in Support of Reply Brief, Ex. A (Legislative Research Inc., *Legislative History of California Civil Code § 1689.2 (Added) & Penal Code § 327 (Amended)*, 2007, at 18, 32, 45-46, 69, 88).)  The law was not intended to create a new remedy.  For instance, the bill analysis sent to the governor recognized that rescission "is generally available under existing statutory and case law" and made clear that the statute would only "make the availability of the remedy clear and explicit."  (*Id.*, Ex. A at 88.)

Nothing indicates that the legislature intended, as Defendants would have it, to give those who profited from participation in an endless chain scheme a windfall by obtaining rescission without restoration.  *See Hailey v. Cal. Physicians' Serv.*, 158 Cal. App. 4th 452, 468 (2007) (rejecting attempt at one-sided restoration; "rescission seeks to restore the status quo to *both parties*" (emphasis in original)).  To the contrary, the legislative history shows that those who profited in an endless chain scheme were intended targets of the statute, not its beneficiaries.  The statute was intended for "victims," *i.e.*, participants who lost money in the scheme.  (Request for Judicial Notice in Support of Reply Brief, Ex. A at 34 (bill intended to "help victims in obtaining restitution"), 37 ("Victims are usually left with a lot of products and little money."), 45 (in contrast to early recruits who "may actually make money," later recruits "find themselves with unsalable products and losses often in the thousands of dollars"), 88 (discussing victims losses).)   The statute was intended to allow such victims to "sue the person who recruited them," *i.e.*, those

4

higher in the chain, such as Defendants, who profited from participation. (*Id.*, Ex. A at 46.)

### 2. Defendants Have Not Met the Requirements to Seek Rescission

It is thus clear that Defendants cannot avoid summary judgment unless they demonstrate they are willing and able to restore to Herbalife all compensation paid to them by Herbalife. *See Myerchin v. Family Benefits, Inc.*, 162 Cal. App. 4th 1526, 1532-34 (2008) (affirming summary judgment where plaintiff no longer had the money given by non-rescinding party and was unable to repay it); *Okura & Co. (Am.) v. Careau Group*, 783 F. Supp. 482, 504-05 (C.D. Cal. 1991) (entering judgment against claim for rescission where party did not indicate willingness to make restoration). This is Defendants' burden, not Herbalife's. *See Green v. Duvergey*, 146 Cal. 379, 391 (1905) (rescinding party required "to be able to restore [consideration] or its equivalent"); *Paxson v. Margulis-Stulman Co.*, 127 Cal. App. 94, 97 (1932) (reversing judgment because plaintiff sought rescission but failed to prove restoration or offer to restore "everything of value").

Defendants have not met this burden. Though now pressed twice (once in Herbalife's first motion for summary judgment and now again), Defendants remain strikingly silent on this issue. They have not presented a shred of evidence that they are able (let alone willing) to restore to Herbalife the millions they were paid in royalties and bonuses. Instead, they duck the issue, hoping to "get to trial" in an attempt to extort money out of Herbalife. But their failure to proffer evidence of their willingness and ability to make restoration defeats their claim entirely. *Compare Myerchin*, 162 Cal. App. 4th at 1532-34 (summary judgment proper where plaintiff could not show ability to restore) *with Kuhn v. Gottfried*, 103 Cal. App. 2d 80, 86-87 (1951) (rescission allowed because "evidence supports the conclusion that there was nothing more to be restored to the appellant").

Dianna Thompson and Jeff Orr are in no different position, despite their protests that they supposedly paid more into Herbalife than they were paid in

5

la-1065002

royalties and bonuses. Ms. Thompson points to purchases she made between 14 and 26 years ago. (D. Thomson Decl. ¶ 4.) Mr. Orr relies on purchases he made under his distributor number, ignoring his own sworn testimony that he and his wife operated a joint business, which Herbalife paid handsomely. (SUF ¶ 2.) Both these Defendants fail to mention is that they received products for every dollar they paid to Herbalife. More important, both of them testified that they were successful in retailing those products. (SUF ¶ 3.) Ms. Thompson, for instance, testified that she was netting between $1500 and $2000 per month during the period at issue. (Response to SGI ¶ 29 (Thompson dep. 44).)

Defendants' success at retailing the product ends their protest. Rescission puts the parties back into the position they would be had they never entered into the contract. *Akin*, 140 Cal. App. 4th at 298; *Young*, 75 Cal. App. at 174. While rescission may be proper even if "the status quo cannot be exactly reproduced," *Runyan v. Pac. Air Indus.*, 2 Cal. 3d 304, 316 (1970), Defendants must still make restoration to Herbalife. Defendants must therefore restore to Herbalife the value of the products, which their retailing success shows exceeded the amounts paid to Herbalife. *See* 1 Bernard E. Witkin, *Summary of California Law, Contracts* § 926 (10th ed. 2005) (rescission "restores the parties to their former position by requiring each to return whatever he or she received as consideration under the contract, *or, where specific restoration cannot be had, its value*" (emphasis added)); *see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 169 (9th Cir. 1989) (using value of items as benefit conferred in a rescinded contract). Herbalife is therefore entitled to receive from Defendants the proceeds from the sales. *See McCoy v. West*, 70 Cal. App. 3d 295, 302-03 (1977) (holding that non-rescinding party entitled to profits made on operation of business by rescinding party). Defendants' failure to proffer any evidence of their resale proceeds therefore precludes them from seeking rescission. *Green*, 146 Cal. at 391.

What is more, Jason Fisher, Robert Ford, Jeff Orr, and Kathy Orr are also barred from seeking rescission by the statute of limitations and have waived any right to rescission. A party seeking rescission must do so promptly upon discovering facts allowing for rescission. Cal. Civ. Code § 1691. Each of these Defendants knew the facts underlying their alleged endless chain scheme claim long before the statute of limitations period. (Statement of Uncontroverted Facts [Dkt. No. 220] ¶ 47.) Cal. Civ. Proc. Code § 337(2). Yet each continued in Herbalife, reaping significant benefits for themselves. "[A] party to a contract who wishes to rescind cannot play fast and loose. He cannot conduct himself so as to derive all possible benefit from the transaction and then claim the right to rescind." *Neet v. Holmes*, 25 Cal. 2d 447, 457 (1944). Defendants have waived any right to seek rescission. *Id.* at 458.

## C. Defendants Cannot Seek Damages Under Section 1692

Conceding that section 1689.2 does not authorize the award of damages, Defendants claim that they are entitled to consequential damages under Civil Code section 1692. In making this claim, Defendants sorely misapprehend the scope the statute. The consequential damages authorized by the statute are only those necessary to restore the parties to their positions before they entered into the contract. *See Sharabianlou v. Karp*, 2010 WL 396319, at *13 (Cal. Ct. App. Feb. 5, 2010) (consequential damages allowed only to achieve "objective" of restoring "parties as nearly as possible to their former positions"). In other words, the "[r]elief given in rescission cases – restitution and in some cases consequential damages – puts the rescinding party in the *status quo ante*, returning him to his economic position before he entered the contract." *Runyan*, 2 Cal. 3d at 316 n.15.

Section 1682 cannot help Defendants. First, the consequential damages provided for by the statute come into play only if there is a rescission, and Defendants have not satisfied the prerequisites to pursue rescission. Second, Defendants have never sought damages based on their participation in Herbalife.

7

la-1065002

1  They did not plead for damages as part of their endless chain scheme claim.  (Amd.
2  Counterclaim [Dkt. No. 98] ¶¶ 51-54.)  They never identified such damages in
3  responses to interrogatories.  (SUF ¶ 8 (Gates Decl. Ex. F).)  They affirmatively
4  disclaimed such damages in a meet and confer with Herbalife's counsel.  (SUF ¶ 5
5  (Gates Decl. Ex. D).)  Instead, Defendants' theory of harm has always been "that
6  Herbalife's alleged wrongdoing hindered Defendants' ability to recruit additional
7  Herbalife distributors in Defendants' downlines to join them at Melaleuca, thereby
8  causing Defendants to earn fewer profits than they otherwise would have
9  achieved."  (Mem. & Order re Cross-Mtns for SJ [Dkt. No. 374] at 19-20.)
10 Defendants cannot shoehorn their claim for damages as purported Herbalife
11 competitors into the rubric of consequential damages necessary to restore the status
12 quo ante.
13      In any event, the Court has already determined that Defendants failed to
14 proffer evidence of any causal connection between any Herbalife conduct and their
15 alleged injury.  (Herbalife Br. at 10-12.)  Defendants ignore this fact, effectively
16 conceding the issue.  In short, Defendants cannot seek damages under their endless
17 chain scheme claim.¶

**D.   Defendants Cannot Seek Injunctive Relief**

19      Defendants also claim they are entitled to injunctive relief under their endless
20 chain scheme claim.  As they admitted to the Court, Defendants seek an injunction
21 as Herbalife's competitors, not to remedy any alleged injury as participants in
22 Herbalife.  (SUF ¶ 5.)  According to Defendants, they want an injunction because
23 they "are competitors with Herbalife" and the alleged endless chain scheme is
24 "putting up a road block for [them] and their ability to compete."  (*Id.*)  Defendants
25 argue that they are entitled to injunctive relief under section 1692 or the Court's
26 inherent equitable powers.  They are mistaken.
27      Defendants cannot obtain injunctive relief under section 1692.  Although
28 they insist that injunctive relief is encompassed in the statute's language that the

"aggrieved party shall be awarded complete relief" (Def. Br. at 11-16), they read this language out of context. The statute contemplates "complete relief" as restitution and consequential damages:

> *A claim for damages is not inconsistent with a claim for relief based upon rescission*. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery.

Cal. Civ. Code § 1692 (emphasis added). As the courts have explained, the statute "essentially restates the equity jurisprudence applicable in the rescission context," which allows the award of consequential damages needed to restore the parties to the status quo ante. *Sharabianlou*, 2010 WL 396319, at *13. It does not give license to issue an injunction, especially one to enjoin conduct unrelated to restoring the parties to their original positions. *Id.*; *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1422 (1996) (section 1692 does not give court license to rewrite parties' contract).

     Nor can Defendants obtain injunctive relief to prohibit conduct that would violate Penal Code section 327 under the Court's inherent equitable powers. Defendants argue that the Court may do so because section 1689.2 does not provide the exclusive civil remedy for a violation of section 327. (Def. Br. at 16-17.) But this argument misses the point. California law is explicit: "Neither specific nor preventive relief can be granted … to enforce a penal law, except in a case of nuisance or as otherwise provided by law." Cal. Civ. Code § 3369. Absent statutory authority, courts cannot use their equitable powers to enjoin conduct that would violate section 327. *See People v. Lim*, 18 Cal. 2d 872, 880 (1941); *Monterey Club v. Super. Ct.*, 48 Cal. App. 2d 131, 146 (1941); *Perrin v. Mountain View Mausoleum Ass'n*, 206 Cal. 669, 671 (1929); *Int'l Ass'n of Cleaning and Dye

*House Workers v. Landowitz*, 20 Cal. 2d 418, 420 (1942); *Stegner v. Bahr & Ledoyen, Inc.*, 126 Cal. App. 2d 220, 231 (1954).

*People v. Bestline Products, Inc.*, 61 Cal. App. 3d 879 (1976), is therefore inapposite.  As Defendants are forced to admit, the court in *Bestline* had statutory authority to issue an injunction pursuant to Business & Professions Code section 17500.  *Id.* at 884.  This Court already entered summary judgment against Defendants' section 17500 claim.  (Mem. & Order re Cross-Mtns for SJ [Dkt. No. 374] at 20.)  *Bestline* does not support the proposition that the Court may use its inherent equitable power to issue an injunction.

Nor is there any support for Defendants' argument that injunctive relief is available under the Court's inherent powers unless section 1689.2 expressly excluded such relief.  For this proposition, Defendants rely only on *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552 (9th Cir. 1992), which interprets the scope of federal courts' equitable power with respect to federal statutes.  This case involves state, not federal law.  Under California law, where the legislature has specified certain equitable relief in a statute, courts cannot use their inherent powers to grant additional equitable relief.  *See Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 131-32 & n.14 (2000) (holding that the court was barred from applying equitable remedy of fluid recovery because legislature had specified available equitable relief in statute).  Moreover, unlike in *Reebok*, the California legislature has in fact prohibited the courts from exercising their inherent power to enjoin conduct that would violate a penal statute: California Civil Code section 3369.

### E.     Defendants Cannot Seek Attorney's Fees

Finally, Defendants cannot seek attorney's fees.  First, contrary to Defendants' argument, section 1689.2 does not authorize an award of attorney's fees absent rescission; the statute gives the court discretion to grant attorney's fees only to a "prevailing plaintiff."  Cal. Civ. Code § 1689.2.  Second, it is clear that Melaleuca, Herbalife's competitor, is financing this litigation; Defendants have

10

consistently refused to answer the most basic question – who is paying your attorney fees? – maintaining that the information is irrelevant.  (Jt. Stip. re Mtn. to Compel [Dkt. No. 212] at 39-40.)  Defendants cannot now claim they can seek attorney's fees.

## CONCLUSION

The Court should enter summary judgment dismissing Defendants' endless chain scheme claim or, at a minimum, hold that Defendants cannot seek injunctive relief.

Dated: March 1, 2010

MORRISON & FOERSTER LLP

/s/ Charles E. Patterson
Charles E. Patterson
Gregory B. Koltun
Sean P. Gates

Attorneys for Plaintiff and Counterclaim Defendant
HERBALIFE INTERNATIONAL OF AMERICA, INC.

11

la-1065002