CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
SEAN P. GATES (CA SBN 186247)
SGates@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California  90013-1024
Telephone:  213.892.5200
Facsimile:   213.892.5454

Attorneys for Plaintiff and Counterclaim Defendant
Herbalife International of America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HERBALIFE INTERNATIONAL OF AMERICA, INC., a Nevada Corporation,<br><br>               Plaintiff,<br><br>      v.<br><br>ROBERT E. FORD and JULIA A. FORD, husband and wife; BRUCE H. ROTH and NANCY A. ROTH, husband and wife; JEFF ORR and KATHY ORR, husband and wife; DIANNA N. THOMPSON; and JASON FISHER,<br><br>               Defendants. | Case No. CV 07 2529 GAF (FMOx)<br><br>Hon. Gary A. Feess<br><br>**RESPONSE TO DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT OF GENUINE ISSUES IN SUPPORT OF DEFENDANTS' AND COUNTERCLAIMANTS' OPPOSITION TO MOTION BY HERBALIFE INTERNATIONAL OF AMERICA, INC. FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT ON THE ENDLESS CHAIN SCHEME COUNTERCLAIM**<br><br>Date:      March 9, 2010<br>Time:      9:30 a.m.<br>Courtroom: 740-Roybal |

Plaintiff and Counterdefendant Herbalife International of America, Inc. ("Herbalife") submits this response to Defendants' and Counterclaimants' statement of genuine issues, filed by Defendants and Counterclaimants in opposition to Herbalife International of America, Inc.'s Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on the Endless Chain Scheme Counterclaim.

Facts 1 through 8 below correspond to Herbalife's undisputed facts and supporting evidence in support of Herbalife's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on the Endless Chain Scheme Counterclaim.  Herbalife states any evidentiary objections to Defendants' opposing evidence and any response to Defendants' objections.  The bases for those objections are set forth in a separate, concurrently filed document.

Facts 9 through 54 below correspond to Defendants' and Counterclaimants' Additional Material Facts and supporting evidence in support of Defendants' and Counterclaimants' Opposition to Herbalife's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on the Endless Chain Scheme Counterclaim.  For disputed facts, Herbalife cites to opposing evidence and states any evidentiary objections. The bases for those objections are set forth in a separate, concurrently filed document.

Where Herbalife responds that a statement of fact submitted by Counterclaimants is "undisputed," "disputed," or "disputed on evidentiary grounds," the response is limited for purposes of this motion only.

la-1065291

## RESPONSE TO DEFENDANTS' AND COUNTERCLAIMANTS' STATEMENT OF GENUINE ISSUES

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Defendants contend that rescission under section 1689.2 is not the exclusive civil remedy for violations of section 327. As Defendants' counsel explained, "I think that 1689.2, which is the Civil Code that gives standing under 327 of the Penal Code, I don't think that that's an exclusive remedy saying rescission and restitution. Nowhere in the statute does it say that." | 1. Disputed based on evidentiary objections.<br><br>Herbalife's Evidence:<br><br>Declaration of Sean P. Gates in support of Motion by Herbalife International of America, Inc.'s for Summary Judgment or, in the Alternative, Partial Summary Judgment on the Endless Chain Scheme Counterclaim ("Gates Decl.") Ex. B (12/7/09 Hearing Tr. at 7)<br><br>Objections:<br><br>California Civil Code section 1689.2 speaks for itself and Counterclaimants object to Plaintiff's characterization of the statute.<br><br>"A participant in an endless chain scheme, as defined in Section 327 of the Penal Code, may rescind the contract upon which the scheme is based, and may recover all consideration paid pursuant to the |

2

la-1065291

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme. In addition, the court may, upon motion, award reasonable attorney's fees to a prevailing plaintiff." (Emphasis added.)

Furthermore, counsel's arguments are not evidence.

la-1065291

2.  Defendants made substantial profits through their association with Herbalife.

2.  Disputed.

Herbalife's Evidence:

Declaration of Jennifer Hienrich in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment (Dkt. No. 221); Exhibit A to the Hienrich Declaration, attached to the Confidential Declaration of Sean P. Gates in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment (Dkt. No. 269); Confidential Declaration of Yvette Oliver in Support of Motion By Herbalife International of America, Inc. for Summary Judgment or, in the Alternative Partial Summary Judgment on the Endless Chain Scheme; Gates Decl. ¶¶ 9-11.

Opposing Evidence:

Declaration of Dianna Thompson ["D. Thompson Decl."], ¶¶ 2-9; Declaration of Jeffrey Allen Orr ["J.

4

la-1065291

Orr Decl."], ¶¶ 2-7.

Declaration of Bruce Roth, ¶ 6 [Dkt. No. 251]; Declaration of Jeff Orr, ¶ 6 [Dkt. No. 252]; Declaration of Kathy Orr, ¶ 6 [Dkt. No. 253]; Declaration of Robert Ford, ¶ 6 [Dkt. No. 255].

**Objections to Opposing Evidence**

Lack of Foundation (FRE 602)

D. Thompson Decl., ¶¶ 2, 4-8; J. Orr Decl., ¶¶ 2, 4-6; B. Roth Decl. [Dkt. No. 251], ¶ 6; J. Orr Decl. [Dkt No. 252], ¶ 6; K. Orr Decl. [Dkt. No. 253], ¶ 6 [sic]; R. Ford Decl. [Dkt. No. 255], ¶ 6

Speculation (FRE 701)

D. Thompson Decl., ¶¶ 2, 4-8;  J. Orr Decl., ¶¶ 2, 4-6

 Legal Conclusion (FRE 103(c))

D. Thompson Decl., ¶ 6; J. Orr Decl., ¶ 5

3.  Defendants testified that they were successful in retailing Herbalife product.

3.  Disputed.

Herbalife's Evidence:

Gates Decl. Ex. G (R. Ford Dep. Tr. at 46; J. Ford Dep. Tr. at 66, 115-19; D. Thompson Dep. Tr. at 23-24, 71-72, 81-82, 123-24; K. Orr Dep. Tr.

la-1065291

at 72; J. Fisher Dep. Tr. at 60; N.
Roth Dep. Tr. at 51.)

Opposing Evidence:

Declaration of Bruce Roth, ¶ 6 [Dkt.
No. 251]; Declaration of Jeff Orr, ¶
6 [Dkt. No. 252]; Declaration of
Kathy Orr, ¶ 6 [Dkt. No. 253];
Declaration of Robert Ford, ¶ 6
[Dkt. No. 255]; Declaration of Jason
Fisher ¶ 6 [Dkt. No. 256];
Declaration of Dianna Thompson ¶
6 [Dkt. No. 257].

D. Thompson Decl., ¶¶ 2-9; J. Orr
Decl., ¶¶ 2-7.

**Objections to Opposing Evidence**

Lack of Foundation (FRE 602)
Roth Decl. [Dkt. No. 251], ¶ 6; J.
Orr Decl. [Dkt. No. 252], ¶ 6; K. Orr
Decl. [Dkt. No. 253], ¶ 6 [sic]; Ford
Decl. [Dkt. No. 255], ¶ 6; Fisher
Decl. [Dkt. No. 256], ¶ 6; D.
Thompson Decl. [Dkt. No. 257], ¶ 6;
D. Thompson Decl., ¶¶ 2, 4-8; J. Orr
Decl., ¶¶ 2, 4-6

Speculation (FRE 701)
D. Thompson Decl., ¶¶ 2, 4-8; J. Orr
Decl., ¶¶ 2, 4-6

6

Legal Conclusion (FRE 103(c))

D. Thompson Decl., ¶ 6; J. Orr Decl. ¶ 5

4. Defendants' endless chain scheme claim "seeks injunctive relief and damages they sustained because Herbalife is an endless chain (pyramid) scheme."

4. Disputed in part. Counterclaimants' endless chain scheme claim seeks relief under California Civil Code section 1689.2, which provides for rescission and restitution and attorneys' fees.

Herbalife's Evidence:

Gates Decl. Ex. C (Def. Mem. Contentions of Facts and Law [Dkt. No. 316] at 23).

Opposing Evidence:

Amended Counterclaim, ¶¶ 53-54, at 20-21 [Dkt. No. 98].

5. Defendants have explicitly stated that they seek relief as competitors of Herbalife, not as participants. Defendants' counsel stated to the Court, "Well, Your Honor, my clients are competitors with Herbalife. Every distributor that goes to Herbalife . . . can't be working with my clients . . . What I'm saying is right now my clients are, in fact, competing with

5. Disputed based on evidentiary objections.

Herbalife's Evidence:

Gates Decl. ¶ 5, Ex. B (12/7/09 Hearing Tr. at 8-9.), D (email re meet and confer).

Opposing Evidence:

Amended Counterclaim, ¶¶ 53-54, at 20-21 [Dkt. No. 98].

Objections:

7

Herbalife, and Herbalife is out there. And what Herbalife is doing is continuing to force people to buy products in order to receive their checks or to qualify to become supervisors, and they're hurting people. And while they're doing it, they are putting up a road block for my client and their ability to compete lawfully with a business that doesn't require these kinds of things."

Gates Decl. ¶ 5, Ex. B (12/7/09 Hearing Tr. at 8-9.), D (email re meet and confer): irrelevant; misstates statements of counsel; and counsel's arguments are not evidence.

6. The legislative history of Penal Code section 327 shows that the statute was enacted to help law enforcement, not create private suits. The legislation leading to section 327 was introduced "at the request of the Office of the Attorney General . . . to enable local law enforcement agencies to halt the operations of . . . fraudulent endless chain pyramid 'investment' schemes."

6. Disputed in that the California Legislature intended to create a private right of action under Section 327.

Herbalife's Evidence:

Request for Judicial Notice, Ex. A (Legislative History of California Penal Code § 327 as added by Statutes of 1968, Chapter 1468.

Opposing Evidence:

California Civil Code section 1689.2; *People v. Bestline Prods., Inc.,* 61 Cal. App. 3d 879, 914 (1976).

Objections:

8

|   |   |   |   |
|---|---|---|---|
| | | | Lacks foundation; hearsay. The quoted citation comes from a letter to Governor Reagan sent by the Office of the Attorney General. It does not come from a California legislator. (Ex. A at 23.) |
| 7. | Defendants argued that the alleged endless chain scheme was a wrongful act supporting their claim for intentional interference with prospective economic advantage. | 7. | Undisputed. Herbalife's Evidence: Gates Decl. Ex. E (Def. Mem. In Opp. To Mtn. by Herbalife for Partial Summary Judgment [Dkt. No. 250] at 13), Ex. C (Def. Mem. Contentions of Facts and Law [Dkt. No. 316 at 23-24). |
| 8. | Defendant's theory of harm for their intentional interference claim was that Herbalife's conduct prevented them from successfully recruiting more Herbalife distributors to Melaleuca. Defendants' endless chain scheme claim is based on the same theory of harm. As Defendants' counsel stated, "Well, Your Honor, my clients are competitors with Herbalife. Every distributor that goes to Herbalife . . . can't be working with my clients . . . | 8. | Disputed based on evidentiary objections. Disputed in that Counterclaimants seek rescission and attorneys' fees and restitution for the following: (1) consideration paid in excess of consideration received under Herbalife's scheme; (2) unreturned Herbalife products; and (3) fully earned royalties withheld by Herbalife. Herbalife's Evidence: Gates Decl. Ex. F (Defendants' Responses to Plaintiff's Second Set |

9

What I'm saying is right now my clients are, in fact, competing with Herbalife, and Herbalife is out there. And what Herbalife is doing is continuing to force people to buy products in order to receive their checks or to qualify to become supervisors, and they're hurting people. And while they're doing it, they are putting up a road block for my client and their ability to compete lawfully with a business that doesn't require these kinds of things."

of Interrogatories No. 17), Ex. B (12/7/09 Hearing Tr. at 8-9.)

Opposing Evidence:

Amended Counterclaim, ¶¶ 31-38 [Dkt. No. 98]; D. Thompson Decl., ¶¶ 2-9; J. Orr Decl., ¶¶ 2-7; K. Orr Decl. [Dkt. No. 253], ¶ 17; J. Orr Decl. [Dkt. No. 252], ¶ 17; J. Fisher Decl. [Dkt. No. 256], ¶ 16; R. Ford Decl. [Dkt. No. 255] ¶ 16; D. Thompson Decl. [Dkt. No. 257], ¶ 14; B. Roth Decl. [Dkt. No. 251], ¶ 16.

Objections:

Gates Decl. ¶ 5, Ex. B (12/7/09 Hearing Tr. at 8-9.): irrelevant; misstates statements of counsel; and counsel's arguments are not evidence.

**Objections to Opposing Evidence**

Lack of Foundation (FRE 602) D. Thompson Decl., ¶¶ 2, 4-8; J. Orr Decl. ¶¶ 2, 4-6; K. Orr Decl. [Dkt. No. 253], ¶ 17 [sic]; J. Orr Decl. [Dkt. No. 252], ¶ 17 [sic]; J. Fisher Decl. [Dkt. No. 256], ¶ 16; R. Ford Decl. [Dkt. 255], ¶ 16;  D.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thompson Decl. [Dkt No. 257], ¶ 14; B. Roth Decl. [Dkt. No. 251], ¶ 16.

Speculation (FRE 701)

D. Thompson Decl., ¶¶ 2, 4-8; J. Orr Decl., ¶¶ 2, 4-6; K. Orr Decl. [Dkt. No. 253], ¶ 17 [sic]; J. Orr Decl. [Dkt. No. 252], ¶ 17 [sic]; J. Fisher Decl. [Dkt. No. 256], ¶ 16; R. Ford Decl. [Dkt. 255], ¶ 16;  D. Thompson Decl. [Dkt No. 257], ¶ 14; B. Roth Decl. [Dkt. No. 251], ¶ 16.

Legal Conclusion (FRE 103(c))

D. Thompson Decl., ¶ 6; J. Orr Decl., ¶ 5; K. Orr Decl. [Dkt. No. 253], ¶ 17 [sic]; J. Orr Decl. [Dkt. No. 252], ¶ 17 [sic]; J. Fisher Decl. [Dkt. No. 256], ¶ 16; R. Ford Decl. [Dkt. 255], ¶ 16;  D. Thompson Decl. [Dkt No. 257], ¶ 14; B. Roth Decl. [Dkt. No. 251], ¶ 16.

11

## RESPONSE TO DEFENDANTS' AND COUNTERCLAIMANTS' ADDITIONAL MATERIAL FACTS

9. Herbalife is a multi-level marketing company that sells nutritional supplements, vitamins, and skin care products.

9. Undisputed.

10. According to Herbalife's Marketing Plan, royalties, bonuses, and advancement at Herbalife are based exclusively on purchases from Herbalife.

10. **Disputed.**

Royalties, bonuses and advancement at Herbalife cannot be earned without actual and substantial retail sales.

Counterclaimants' Evidence

"Live the Good Life with Herbalife," p. 22 (Dyer Decl., Ex. C at 60).

"Sales & Marketing Plan and Business Rules," at 4 (Dyer Decl. [Dkt. No. 230], Ex. D at 63). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep Tr. at 225:23-226:1 (Dyer Decl. [Dkt. No. 230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Public Declaration of Sean P. Gates in Support of Herbalife International of America, Inc.'s Opposition to Defendants' and Counterclaimants'

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Motion for Partial Summary Judgment
("Gates Opp. Decl.") [Dkt. No. 261],
Ex. B at 41, 42, 94, & 97 (Sales &
Marketing Plan at 6, 7, 59 & 62 –
citing to Rules 20-C, 20-D, & 24-B),
Ex. C, (McKee Dep. Tr. at 12:2-23,
17:11-25, 51:13-24, 104:21-105:9,
133:1-9, 190:2-21), Ex. D (N. Roth
Dep. Tr. at 94:16-21, 95:8-11), Ex. E
(L. Nix Dep. Tr. at 168:23-169:14,
237:23-238:12), Ex. F (J. Orr Dep. Tr.
at 23:16-24:12, 71:8-72:7, 81:21-82:10,
123:22-124:11), Ex. G (K. Orr Dep. Tr.
at 72:2-10), Ex. H (Johnson Dep. Tr. at
80:25-81:23), Ex. I (J. Ford Dep. Tr. at
30:9-12; 33:3-34:11; 34:25-35:21;
50:22-51:14; 79:15-80:4), Ex. J (J.
Fisher Dep. Tr. at 9:16-10:12; 39:24-
40:3; 55:6-56:5), Ex. K (R. Ford Dep.
Tr. at 20:3-10; 46:3-7; 46:14-47:3), Ex.
L (D. Schmaman Dep. Tr. 36:10-18;
53:2-12), Ex. M (S. Gratziani Dep. Tr.
at 40:1-20; 66:12-67:8; 96:1-9; 144:13-
22), Ex. N (D. Thompson Dep. Tr. at
26:15-27:21; 50:4-10); Confidential
Declaration of Sean P. Gates in
Support of Opposition By Herbalife

13

International of America, Inc. to Defendants' Motion for Partial Summary Judgment ("Gates Confid. Opp. Decl.") [Dkt. No. 303], Ex. F (Johnson Dep. Tr. at 133:8-25); Declaration of Mike McKee in Support of Plaintiff Herbalife International of America, Inc.'s Opposition to Defendants' Motion for Partial Summary Judgment ("McKee Opp. Decl.") [Dkt. No. 249] ¶¶ 14, 15, 17, 18, 20-23; Declaration of Jennifer Hienrich in Support of Plaintiff Herbalife International of America, Inc.'s Opposition to Defendants' Motion for Partial Summary Judgment ("Hienrich Opp. Decl.") [Dkt. No. 247] ¶¶ 5, 7.

11. In its Memorandum & Order Regarding Cross-Motions for Summary Judgment, the Court noted that: "Although Herbalife purports to emphasize the importance of retail sales, the company does not maintain records of retail customers or transactions or keep track of the

11. Undisputed.

la-1065291

cumulative amount of retail
transactions into which its
distributors enter."

12. The Counterclaimants were
Herbalife independent
distributors for many years - *i.e.*,
they were "participants" in
Herbalife's pyramid scheme.

12. **Disputed** to the extent that it is alleged
that Herbalife operates a pyramid
scheme or that Counterclaimants are
presently entitled to relief as
"participants" in a pyramid scheme.
The statement is also a legal
conclusion.  Otherwise, Undisputed.

13. Counterclaimants have asserted
Counterclaims based on
Herbalife's illegal restraints of
trade, false advertising, and for
rescission under California's
"endless chain scheme" laws and
are seeking rescission,
restitution, and attorneys' fees.

13. Undisputed.

14. The Ninth Circuit ruled that the
portion of the preliminary
injunction that prohibited the
Counterclaimants from "Using or
disclosing for business related
purpose . . . contacts or business
information acquired during
[Counterclaimants'] work with
Herbalife" was "overbroad."

14. Undisputed

15

la-1065291

1

2    15. The Ninth Circuit narrowed the          15. Undisputed.

3         preliminary injunction to

4         "exempt from its coverage only

5         customer contact or business

6         information that the defendants

7         developed of their own accord."

8    16. This Court ruled that Herbalife's       16. **Disputed.**

9         restraints of trade are unlawful            The Court ruled that Rule 8-A, alone,

10        and violate California's *Business*         was in violation of *California Business*

11        *and Professions Code § 16600.*              *and Professions Code* § 16600.

12                                                 Counterclaimants' Evidence

13                                                      Prior Summary Judgment Order [Dkt.

14                                                      No. 374] at 27:9-28:2.

15                                                 **<u>Evidence Controverting the Fact</u>**

16                                                      Cited evidence does not support

17                                                      assertion: Prior Summary Judgment

18                                                      Order [Dkt. No. 374] at 27:9-28:2.

19   17. When this Court denied               17. Undisputed.

20        Herbalife's motion for summary

21        judgment on Counterclaimants'

22        pyramid scheme claims, it

23        recognized that "the central

24        question in this case [is] whether

25        Herbalife constitutes an illegal

26        pyramid scheme."

27

28

la-1065291

1

2   18. In denying Herbalife's motion,

3       this Court stated that Herbalife's

4       business model appeared to be

5       "completely indistinguishable"

6       from the unlawful pyramid

7       business model in *Webster v.*

8       *Omnitrition Intl, Inc.,* 79 F.3d

9       776 *(9*th Cir. *1996),* which the

10      Court found to be "a case with

11      very similar facts in issue here

12      ...."

13

14

15

16

17

18

19

20  19. This Court concluded that the

21      sole issue to be tried is whether

22      "in reality" distributors become

23      supervisors without purchasing

24      anything from Herbalife.

25

26

27

28

18. **Disputed.**

    At the June 2, 2009 hearing on the
    parties' cross-motions for summary
    judgment, the Court drew comparisons
    between the instant action and
    *Omnitrition*, but did not state that the
    business models were
    indistinguishable.

Counterclaimants' Evidence

    Prior Summary Judgment Order [Dkt.
    No. 374] at 15:4-9.

    Reporter's Transcript of Proceedings,
    June 2, 2009 [Dkt. No. 300] at 6:5-7.

**Evidence Controverting the Fact**

    Cited evidence does not support
    assertion: Reporter's Transcript of
    Proceedings, June 2, 2009 [Dkt. No.
    300] at 6:3-7.

19. **Disputed.**

    Whether distributors become
    supervisors without purchasing
    anything from Herbalife is not the
    "sole issue" to be tried.

Counterclaimants' Evidence

    Prior Summary Judgment Order [Dkt
    No. 374] at 16:1-17:5.

**Evidence Controverting the Fact**

Cited evidence does not support assertion: Prior Summary Judgment Order [Dkt. No. 374] at 16:1-17:5.

20. This Court previously ruled on summary judgment that "Herbalife's standing argument is unpersuasive; Section 1689.2 provides litigants with standing to enforce Section 327 even though the latter is a criminal statute."

20. **Disputed** to the extent that it is asserted that the Court previously ruled on the issue of standing as raised in Herbalife's instant motion for summary judgment. In its order, the Court specifically stated that it "need not address" whether Defendants are entitled to injunctive relief under section 1689.2.

Counterclaimants' Evidence

Prior Summary Judgment Order [Dkt. No. 374] at 17 n.4.

21. Counterclaimants have previously stated their objection to Herbalife's second Motion for Summary Judgment (on the Endless Chain Scheme Counterclaim).

21. Undisputed.

22. Advancement at Herbalife "is not based on retail. It's based on volume purchased from the company."

22. **Disputed.**

Retail sales are required for advancement.

18

la-1065291

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Counterclaimants' Evidence</u>

McKee Depo. 90:22-91:15 (Dyer Decl. [Dkt. No. 230], Ex. F at 109-110).

**<u>Evidence Controverting the Fact</u>**

Cited evidence does not support assertion: McKee Depo. 90:22-91:15 (Dyer Decl. [Dkt. No. 230], Ex. F at 109-110).

Gates Opp. Decl. [Dkt. No. 261], Ex. B, at 41, 42, 94, & 97 (Sales & Marketing Plan, at 6, 7, 59 & 62 – citing to Rules 20-C, 20-D, & 24-B), Ex. C, (McKee Dep. Tr. at 12:2-23, 17:11-25, 51:13-24, 104:21-105:9, 133:1-9, 190:2-21), Ex. D (N. Roth Dep. Tr. at 94:16-21, 95:8-11), Ex. E (L. Nix Dep. Tr. at 168:23-169:14, 237:23-238:12), Ex. F (J. Orr Dep. Tr. at 23:16-24:12, 71:8-72:7, 81:21-82:10, 123:22-124:11), Ex. G (K. Orr Dep. Tr. at 72:2-10), Ex. H (Johnson Dep. Tr. at 80:25-81:23), Ex. I (J. Ford Dep. Tr. at 30:9-12; 33:3-34:11; 34:25-35:21; 50:22-51:14; 79:15-80:4), Ex. J (J. Fisher Dep. Tr. at 9:16-10:12; 39:24-40:3; 55:6-56:5), Ex. K (R. Ford Dep. Tr. at 20:3-10; 46:3-7; 46:14-47:3), Ex.

L (D. Schmaman Dep. Tr. at 36:10-18;
53:2-12), Ex. M (S. Gratziani Dep. Tr.
at 40:1-20; 66:12-67:8; 96:1-9; 144:13-
22), Ex. N (D. Thompson Dep. Tr. at
26:15-27:21; 50:4-10); Gates Confid.
Opp. Decl. [Dkt. No. 303], Ex. F
(Johnson Dep. Tr. at 133:8-25); McKee
Opp. Decl. [Dkt. No. 249] ¶¶ 14, 15,
17, 18, 20-23; Hienrich Opp. Decl.
[Dkt. No. 247] ¶¶ 5, 7.

| | |
|---|---|
| 23.  Herbalife does not keep track of retail sales. | 23.  Undisputed that Herbalife cannot and does not keep records of actual retail sales by distributors. |

**Disputed** in that (1) Herbalife does
calculate retail sales figures as that
phrase is commonly used in sales
reporting and (2) Herbalife does know
the names of many of its retail
customers which include, among
others, Herbalife distributors.

Counterclaimants' Evidence

Greenberg Depo. 117:3-5 (Dyer Decl.
[Docket No. 230], ¶ 6, Ex. "E," p. 80).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex.
B. at 77, 94 (Sales and Marketing Plan,
at 42 & 59 – citing to Rules 20-C &

la-1065291

20-D), Ex. H (Johnson Dep. Tr. at 175:6-176:9, 188:2-9), Ex. F (J. Orr Dep. Tr. at 31:20-32:4, 95:17-96:3), Ex. G (K. Orr Dep. Tr. at 67:17-68:22), Ex. I (J. Ford Dep. Tr. at 74:8-11), Ex. E (L. Nix Dep. Tr. at 247:3-15)

24. A participant in an endless chain scheme may rescind the contract and Counterclaimants have asked this Court to rescind their contracts with Herbalife.

24. **Disputed in part**. Civil Code § 1689.2 allows participants in a endless chain scheme to seek rescission; Counterclaimants have not met the prerequisites to seek rescission of their contracts with Herbalife.

25. A participant in an endless chain scheme may recover attorneys' fees and Counterclaimants have incurred attorneys' fees and asked this Court to award same.

25. **Disputed in part**. Civil Code § 1689.2 allows the court discretion to award attorneys' fees to a prevailing plaintiff, Counterclaimants have not demonstrated that they have met the prerequisites to seek rescission nor that they have incurred attorneys' fees; the evidence indicates that Melaleuca, Herbalife's competitor, is financing Counterclaimants' litigation.

26. A participant in an endless chain scheme may recover all consideration paid pursuant to the scheme, less amounts paid or consideration provided to the

26. **Disputed** as incomplete. Civil Code § 1689.2 allows participants in an endless chain scheme to seek rescission and for those who did not profit from their participation, it allows

la-1065291

participant pursuant to the scheme.

a prevailing plaintiff to recover paid pursuant to the scheme, less amounts paid or consideration provided to the participant pursuant to the scheme.

27. Jeff Orr paid Herbalife $129,376.59 for its products and Herbalife paid Jeff Orr approximately $60,000, thus the consideration paid by Jeff Orr ($129,376.59) less the amounts paid by Herbalife ($60,000) leaves Herbalife owing Jeff Orr over $69,000 in restitution.

27. **Disputed** as misleading. Mr. Orr testified that he successfully retailed products purchased from Herbalife, demonstrating that the value of those products exceeded the consideration paid to Herbalife, Mr. Orr also testified that he and his wife eventually merged their distributorship activities and the statement fails to take account compensation paid to Mr. Orr pursuant to that merger.

Counterclaimants Evidence

J. Orr Decl., ¶¶ 2-7; "Jeff Orr10722077 Gross Earnings Summary," Exhibit A to the Declaration of Jennifer Heinrich [Dkt. No. 221]; Exhibit C to Declaration of Yvette Oliver at 50-54.

**Evidence Controverting the Fact**

Declaration of Sean P. Gates in Support of Reply of Herbalife International of America, Inc. in Support of Motion for Summary Judgment or, in the Alternative, Partial

Summary Judgment on the Endless Chain Scheme Counterclaim ("Gates Reply Decl."), Ex. A (J. Orr Dep. Tr. at 27:13-28:1, 52:25-53:17, 58:18-59:7, 60:1-4, 68:24-69:3, 71:8-21, 98:1-21)

**Evidentiary Objections**

Lack of Foundation (FRE 602)

J. Orr Decl., ¶¶ 2, 4-6

Speculation (FRE 701)

J. Orr Decl., ¶¶ 2, 4-6

Legal Conclusion (FRE 103(c))

J. Orr Decl., ¶ 5

28. Counterclaimant Jeff Orr paid Herbalife $69,000 more than Herbalife paid to Jeff Orr and Counterclaimant Jeff Orr seeks restitution of the $69,000.

28. **Disputed** as misleading.

Mr. Orr testified that he successfully retailed products purchased from Herbalife, demonstrating that the value of those products exceeded the consideration paid to Herbalife, Mr. Orr also testified that he and his wife eventually merged their distributorship activities and the statement fails to take account compensation paid to Mr. Orr pursuant to that merger.

Counterclaimants' Evidence

Amended Counterclaim, ¶¶ 53-54 at 20-21 [Dkt. No. 98]; J. Orr Decl., ¶¶ 2-7.

23

la-1065291

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Evidence Controverting the Fact**

Gates Reply Decl., Ex. A (J. Orr Dep. Tr. at 27:13-28:1, 52:25-53:17, 58:18-59:7, 60:1-4, 68:24-69:3, 71:8-21, 98:1-21)

**Evidentiary Objections**

Lack of Foundation (FRE 602)

J. Orr Decl., ¶¶ 2-6

Speculation (FRE 701)

J. Orr Decl., ¶¶ 2, 4-6

Legal Conclusion (FRE 103(c))

J. Orr Decl., ¶ 5

29.  Dianna Thompson joined Herbalife in 1984 and has paid Herbalife at least $689,250.87 for its products between 1984 and 2006; Herbalife paid Dianna Thompson approximately $215,000, thus the consideration paid by Dianna Thompson ($689,250.87) less the amounts paid by Herbalife ($215,000) leaves Herbalife owing Dianna Thompson $474,250.87 in restitution.

29.  **Disputed** as misleading Ms. Thompson testified that she successfully retailed products purchased from Herbalife, netting a profit of $1500 to $2000 per month, demonstrating that the value of those products exceeded the consideration paid to Herbalife.

Counterclaimants' Evidence

D. Thompson Decl., ¶¶ 2-9; "Dianna Thompson ID#271540491 Gross Earnings Summary," Exhibit A to the Declaration of Jennifer Heinrich [Dkt. No. 221]; Exhibit F to Declaration of Yvette Oliver at 87-105.

24

**Evidence Controverting the Fact**

Gates Reply Decl., Ex. B (D. Thompson Dep. Tr. at 44:14-20)

**Evidentiary Objections**

Lack of Foundation (FRE 602)

D. Thompson Decl., ¶¶ 2, 4-8

Speculation (FRE 701)

D. Thompson Decl., ¶¶ 2, 4-8

Legal Conclusion (FRE 103(c))

D. Thompson Decl., ¶ 6

30.  Dianna Thompson received an award from Herbalife called the Million Dollar Award due to her purchase of one million volume points from Herbalife. This equates to purchases from Herbalife of $500,000 in product.

30.  **Disputed** as misleading. The Million Dollar Award did not require the distributor purchase $500,000 in Herbalife product; a distributors' volume points for the award included purchases by the distributor's downline.

Counterclaimants' Evidence

D. Thompson Decl., ¶ 4.

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 40-42, (Sales & Marketing Plan at 5-7).

**Evidentiary Objections** - Lack of Foundation (FRE 602), Speculation (FRE 701)

D. Thompson Decl., ¶ 4.

25

31.  Counterclaimant Dianna
     Thompson paid Herbalife
     $474,250.87 more than Herbalife
     paid to Dianna Thompson and
     Counterclaimant Dianna
     Thompson seeks restitution of
     the $474,250.87.

31.  **Disputed** as misleading.

     Ms. Thompson testified that she
     successfully retailed products
     purchased from Herbalife, netting a
     profit of $1500 to $2000 per month,
     demonstrating that the value of those
     products exceeded the consideration
     paid to Herbalife.

Counterclaimants' Evidence

     Amended Counterclaim, IN 53-54 at
     20-21 [Dkt. No. 98]; D. Thompson
     Decl., ¶¶ 2-9.

**<u>Evidence Controverting the Fact</u>**

     Gates Reply Decl., Ex. B (D.
     Thompson Dep. Tr. at 44:14-20)

**<u>Evidentiary Objections</u>**

     <u>Lack of Foundation</u> (FRE 602)
     D. Thompson Decl., ¶¶ 2, 4-8
     <u>Speculation</u> (FRE 701)
     D. Thompson Decl., ¶¶ 2, 4-8
     <u>Legal Conclusion</u> (FRE 103(c))
     D. Thompson Decl., ¶ 6

32.  Counterclaimants are entitled to
     restitution for royalties fully
     earned but withheld by
     Herbalife.

32.  **Disputed**.

     The statement is a legal conclusion and
     rescission requires restoration of
     consideration by both parties.

Counterclaimants' Evidence

26

la-1065291

| | |
|---|---|
| 1 | California Civil Code §§ 1689.2, 1692; |
| 2 | B. Roth Decl. [Dkt. No. 251], ¶ 16; J. |
| 3 | Fisher Decl. [Dkt. No. 256], ¶ 16; D. |
| 4 | Thompson Decl., ¶ 8. |
| 5 | **Evidentiary Objections** |
| 6 | Lack of Foundation (FRE 602) |
| 7 |     D. Thompson Decl., ¶ 8. |
| 8 |     B. Roth Decl. [Docket No. 251], ¶ 16 |
| 9 |     J. Fisher Decl. [Docket No. 256], ¶ 16 |
| 10 | Speculation (FRE 701) |
| 11 |     D. Thompson Decl., ¶ 8. |
| 12 |     B. Roth Decl. [Dkt. No. 251], ¶ 16 |
| 13 |     J. Fisher Decl. [Dkt. No. 256], ¶ 16 |
| 14 | Legal Conclusion (FRE 103(c)) |
| 15 |     B. Roth Decl. [Dkt. No. 251], ¶ 16 |
| 16 |     J. Fisher Decl. [Dkt. No. 256], ¶ 16 |
| 17 | 33. Herbalife wrongly withheld    33. **Disputed.** |
| 18 |     fully-earned royalties of      The statement is a legal conclusion and |
| 19 |     approximately $10,000 from the    rescission requires restoration of |
| 20 |     Roths.                    consideration by both parties. |
| 21 | Counterclaimants' Evidence |
| 22 |     B. Roth Decl. [Dkt. No. 251], ¶ 16. |
| 23 | **Evidentiary Objections** – Lack of |
| 24 | Foundation (FRE 602), Speculation (FRE |
| 25 | 701), Legal Conclusion (FRE 103(c)) |
| 26 |     B. Roth Decl. [Dkt. No. 251], ¶ 16 |
| 27 | 34. Herbalife failed to pay Jason    34. **Disputed**. |
| 28 | |

27

| | |
|---|---|
| Fisher fully-earned royalties and bonuses of approximately $1,000 that Jason Fisher earned prior to leaving Herbalife. | The statement is a legal conclusion and rescission requires restoration of consideration by both parties. |
| | **Counterclaimants' Evidence** |
| | J. Fisher Decl. [Docket No. 256], ¶ 16. |
| | **Evidentiary Objections** – Lack of Foundation (FRE 602), Speculation (FRE 701), Legal Conclusion (FRE 103(c)) |
| | J. Fisher Decl. [Dkt. No. 256], ¶ 16 |
| 35. Herbalife wrongly withheld fully-earned royalties of approximately $3,000 to $4,000 from Dianna Thompson. | 35. **Disputed**. |
| | The statement is a legal conclusion and rescission requires restoration of consideration by both parties. |
| | **Counterclaimants' Evidence** |
| | D. Thompson Decl., ¶ 8. |
| | **Evidentiary Objections** – Lack of Foundation (FRE 602), Speculation (FRE 701) |
| | D. Thompson Decl., ¶ 8. |
| 36. Counterclaimants are entitled to restitution for product that they were unable to return to Herbalife when they left Herbalife's business scheme. | 36. **Disputed**. |
| | The statement is a legal conclusion and rescission requires restoration of consideration by both parties. |
| | **Counterclaimants' Evidence** |
| | K. Orr Decl. [Dkt. No. 253], ¶ 17; J. Orr Decl. [Dkt. No. 252], ¶ 17; J. Fisher Decl. [Dkt. No. 256], ¶ 16; R. |

28

la-1065291

Ford Decl. ¶ 16; D. Thompson Decl.
[Dkt. No. 257], ¶ 14; B. Roth Decl.
[Dkt. No. 251], ¶ 16; California Civil
Code §§ 1689.2, 1692.

**Evidentiary Objections** – Lack of
Foundation (FRE 602), Speculation (FRE
701), Legal Conclusion (FRE 103(c))

K. Orr Decl. [Dkt. No. 253], ¶ 17 [sic];
J. Orr Decl. [Dkt. No. 252], ¶ 17 [sic];
J. Fisher Decl. [Dkt. No. 256], ¶ 16; R.
Ford Decl. ¶ 16; D. Thompson Decl.
[Dkt. No. 257], ¶ 14; B. Roth Decl.
[Dkt. No. 251], ¶ 16

37. Counterclaimants paid Herbalife to purchase products in order to obtain their paychecks from Herbalife. Counterclaimants were stuck with thousands of dollars in products at the time they left Herbalife and Herbalife must pay restitution to Counterclaimants for same.

37. **Disputed.**

The statement is a legal conclusion and rescission requires restoration of consideration by both parties.

Counterclaimants' Evidence

K. Orr Decl. [Dkt. No. 253], ¶ 17; J.
Orr Decl. [Dkt. No. 252], ¶ 17; J.
Fisher Decl. [Dkt. No. 256], ¶ 16; R.
Ford Decl. [Dkt. No. 255], ¶ 16; D.
Thompson Decl. [Dkt. No. 257], ¶ 14;
B. Roth Decl. [Dkt. No. 251], ¶ 16; D.
Thompson Decl., ¶ 7; California Civil
Code §§ 1689.2, 1692.

**Evidence Controverting the Fact**

29

la-1065291

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 78-80, 88, & 97 (Sales and Marketing Plan at 43-45 – citing to buyback policy; at 53, 62 – citing to Rules 9-D and 24-E).

**Evidentiary Objections** – Legal Conclusion (FRE 103(c)), Lack of Foundation (FRE 602), Speculation (FRE 701)

K. Orr Decl. [Dkt. No. 253], ¶ 17 [sic]; J. Orr Decl. [Dkt. No. 252], ¶ 17 [sic]; J. Fisher Decl. [Dkt. No. 256], ¶ 16; R. Ford Decl. [Dkt. No. 255], ¶ 16; D. Thompson Decl. [Dkt. No. 257], ¶ 14; B. Roth Decl. [Dkt. No. 251], ¶ 16; D. Thompson Decl., ¶ 7

38. Current Herbalife distributors are not eligible for any buyback.

38. **Disputed.**

Current Herbalife distributors are eligible for buybacks, but must resign their distributorship in connection with the repurchase.

Counterclaimants' Evidence

"Sales & Marketing Plan and Business Rules," at 44 (Dyer Decl. [Dkt. No. 230] Ex D at 66) This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President,

Counsel. Greenberg Dep. Tr. at
225:23-226:1 (Dyer Decl. [Dkt. No.
230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B
at 79 & 88 (Sales & Marketing Plan, at
44 & 53 – citing Rule 9-D); Hienrich
Opp. Decl. [Dkt. No. 247] ¶¶ 24-26.

39. Herbalife distributors who request a buyback suffer a permanent loss of their distributorships.

39. Undisputed that buyback policy is for distributors who no longer want to be Herbalife distributors.

**Disputed** that distributors who choose to take advantage of the buyback policy "suffer" as a result of the rights given to them under the buyback policy.

Counterclaimants' Evidence

"Sales & Marketing Plan and Business Rules," at 44 (Dyer Decl. [Docket No. 230], Ex. D at 66). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep. Tr. at 225:23-226:1 (Dyer Decl. [Dkt. No. 230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B

31

la-1065291

at 79 & 88 (Sales & Marketing Plan, at 44 & 53 – citing Rule 9-D); Hienrich Opp. Decl. [Dkt. No. 247] ¶¶ 24-26.

40. Herbalife will not buy back product from an active distributor or even an inactive distributor who has not "permanently" resigned.

40. **Disputed.**

Current Herbalife distributors are eligible for buybacks, but must resign their distributorship in connection with the repurchase.

Counterclaimants' Evidence

"Sales & Marketing Plan and Business Rules," at 44 (Dyer Decl. [Docket No. 230], Ex. D at 66). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep. Tr. at 225:23-226:1 (Dyer Decl. [Dkt. No. 230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 79 & 88 (Sales & Marketing Plan, at 44 & 53 – citing Rule 9-D); Hienrich Opp. Decl. [Dkt. No. 247] ¶¶ 24-26.

41. A distributor requesting a buyback must first permanently resign his/her distributorship in writing.

41. **Disputed.**

Current Herbalife distributors are eligible for buybacks, but must resign their distributorship in connection with the repurchase.

Counterclaimants' Evidence

"Sales & Marketing Plan and Business Rules," at 44 (Dyer Decl. [Docket No. 230], Ex. D at 66). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep. Tr. at 225:23-226:1 (Dyer Decl. [Docket No. 230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 79 & 88 (Sales & Marketing Plan, at 44 & 53 – citing Rule 9-D); Hienrich Opp. Decl. [Dkt. No. 247] ¶¶ 24-26.

42. A distributor that requests a buyback loses all royalties, commissions, bonuses, and discounts from Herbalife.

42. **Disputed.**

Counterclaimants' Evidence

Greenberg Depo. 264:11-21 (Dyer Decl. [Dkt. No. 230], ¶ 6, Ex. E at 92).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 88 (Sales & Marketing Plan at 53 – citing Rule 9-D)

33

la-1065291

43.  If a distributor asks for a buyback the distributor and the distributor upline are retroactively charged back on their royalty bonus check

43.  **Disputed.**

Counterclaimants' Evidence

"Sales & Marketing Plan and Business Rules," at 43 (Dyer Decl. [Docket No. 230], Ex. D at 65-66). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep. Tr. at 225:23-226:1 (Dyer Decl. [Docket No. 230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 88 (Sales & Marketing Plan at 53 – citing Rule 9-D)

44.  To obtain a buyback, the former Herbalife distributor must sign an agreement that states that the former distributor agrees to Herbalife's various buyback terms and rules.

44.  **Disputed.**

No separate agreement is required; rather, a distributor must submit an Inventory Repurchase Request Form.

Counterclaimants' Evidence

"Sales & Marketing Plan and Business Rules," at 44 (Dyer Decl. [Docket No. 230] Ex. D at 66). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep. Tr. at 225:23-226:1 (Dyer Decl. [Docket No. 230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 79-80 (Sales & Marketing Plan at 44-45); Hienrich Opp. Decl. [Dkt. No. 247] ¶¶ 24,26.

45. To obtain a buyback, the former Herbalife distributor must also provide a complete, detailed written inventory of product to be returned.

45. **Disputed.**

Counterclaimants' Evidence

"Sales & Marketing Plan and Business Rules," at 45 (Dyer Decl. [Docket No. 230], Ex. D at 67). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep. Tr. at 225:23-226:1 (Dyer Decl. [Dkt. No. 230], Ex. E at 86-87).

**Evidence Controverting the Fact**

Gates Opp. Decl. [Dkt. No. 261], Ex. B at 79-80 (Sales & Marketing Plan at 44-45); Hienrich Opp. Decl. [Dkt. No. 247] ¶¶ 24,26.

46. To obtain a buyback, the former Herbalife distributor must also provide cancelled checks and credit card statements proving the purchase of each item on the inventory.

46. Undisputed, but subject to exception. *See* Hienrich Opp. Decl. [Dkt. No. 247] ¶¶ 24, 26.

47. To obtain a buyback, the former

47. Undisputed, but subject to exception.

la-1065291

| | |
|---|---|
| Herbalife distributor must also provide two years of records of sales to his/her retail customers and downline. | *See* Hienrich Opp. Decl. [Dkt. No. 247] ¶¶ 24, 26. |
| 48. Herbalife's buyback offer is discretionary based on Herbalife's determinations of condition of the product and other factors. | 48. **Disputed.** <br> Counterclaimants' Evidence <br> "Sales & Marketing Plan and Business Rules," at 44 (Dyer Decl. [Docket No. 230], Ex. D at 66). This document was authenticated by Paul Greenberg, Herbalife's Senior Vice President, Counsel. Greenberg Dep. Tr. at 225:23-226:1 (Dyer Decl. [Dkt. No. 230], Ex. E at 86-87). <br> **Evidence Controverting the Fact** <br> Gates Opp. Decl. [Dkt. No. 261], Ex. B at 79-80, 88 (Sales & Marketing Plan, at 44-45, 53 – citing Rule 9-D) |
| 49. When it provides its buyback refund, Herbalife does not return its 10-11% handling charges that were originally paid on the product and the former distributor must pay the shipping charges to return the product to Herbalife. | 49. Undisputed that Herbalife does not return shipping or handling costs on purchase, or return shipping. |
| 50. As independent Herbalife | 50. Undisputed. |

36

la-1065291

distributors, Counterclaimants had their own independent business and paid for their own rent, utilities, computer equipment, office supplies, customer and distributor leads, phone equipment and service, and office supplies.

51. As independent distributors, Counterclaimants were responsible for developing their distributor and customer base through their own effort and expense.

51. Undisputed.

52. As Herbalife independent distributors, Counterclaimants invested considerable time and considerable financial resources to develop business relationships with customers, prospective customers, and their Herbalife downline distributors.

52. **Disputed** on the grounds that Counterclaimants were only in an economic relationship with Herbalife and benefited from others' economic relationships with Herbalife.

Counterclaimants' Evidence

K. Orr Decl. [Dkt. No. 253], ¶ 3; J. Orr Decl. [Dkt. No. 252], ¶ 3; J. Fisher Decl. [Dkt. No. 256], ¶ 3; R. Ford Decl. [Dkt. No. 255], ¶ 3; D. Thompson Decl. [Dkt. No. 257], ¶ 3; B. Roth Decl. [Dkt. No. 251], ¶ 3.

**Evidentiary Objections** – <u>Irrelevant</u> (FRE

401)

K. Orr Decl. [Dkt. No. 253], ¶ 3; J. Orr Decl. [Dkt. No. 252], ¶ 3; J. Fisher Decl. [Dkt. No. 256], ¶ 3; R. Ford Decl. [Dkt. No. 255], ¶ 3; D. Thompson Decl. [Dkt. No. 257], ¶ 3; B. Roth Decl. [Dkt. No. 251], ¶ 3.

53. Counterclaimants expended thousands of hours and thousands of dollars, locating, grooming, training, sponsoring, and recruiting their potential customers, actual customers, and "downline" independent distributors. Counterclaimants networked and developed business relationships with persons who were in their independent sales organizations.

53. **Disputed** on the grounds that Counterclaimants were only in an economic relationship with Herbalife and benefited from others' economic relationships with Herbalife.

Counterclaimants' Evidence

K. Orr Decl. [Dkt. No. 253], ¶ 3; J. Orr Decl. [Dkt. No. 252], ¶ 3; J. Fisher Decl. [Dkt. No. 256], ¶ 3; R. Ford Decl. [Dkt. No. 255], ¶ 3; D. Thompson Decl. [Dkt. No. 257], ¶ 3; B. Roth Decl. [Dkt. No. 251], ¶ 3.

**Evidentiary Objections** – Irrelevant (FRE 401)

K. Orr Decl. [Dkt. No. 253], ¶ 3; J. Orr Decl. [Dkt. No. 252], ¶ 3; J. Fisher Decl. [Dkt. No. 256], ¶ 3; R. Ford Decl. [Dkt. No. 255], ¶ 3; D. Thompson Decl. [Dkt. No. 257], ¶ 3; B. Roth Decl. [Dkt. No. 251], ¶ 3.

la-1065291

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

54. Herbalife charged admission to the Herbalife classes taught by Counterclaimants but Herbalife did not pay Counterclaimants any wages. Counterclaimants were led to believe that teaching the classes was networking and growing their independent distributorship businesses. Herbalife owes Counterclaimants wages for these classes.

54. **Disputed on Evidentiary Grounds.**

Counterclaimants' Evidence

    K. Orr Decl. [Dkt. No. 253], ¶ 15; J. Fisher Decl. [Dkt. No. 256], ¶ 14; R. Ford Decl. [Dkt. No. 255], ¶ 14; B. Roth Decl. [Dkt.t No. 251], ¶ 14.

**Evidentiary Objections** – Hearsay (FRE 802), Legal Conclusion (FRE 103(c)), Lack of Foundation (FRE 602), Irrelevant (FRE 401)

    K. Orr Decl. [Dkt. No. 253], ¶ 15 [sic]; J. Fisher Decl. [Dkt. No. 256], ¶ 14; R. Ford Decl. [Dkt. No. 255], ¶ 14; B. Roth Decl. [Dkt. No. 251], ¶ 14.

Dated:    March 1, 2010

MORRISON & FOERSTER LLP

/s/ Charles E. Patterson
Charles E. Patterson
Gregory B. Koltun
Sean P. Gates

Attorneys for Plaintiff and
Counterclaim Defendant
HERBALIFE INTERNATIONAL
OF AMERICA, INC.

39

la-1065291